UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
18-CR-150 (DWF/TNL)

UNITED STATES OF AMERICA,

        Plaintiff,

v.

MICHAEL HARI,

        Defendant.

**EMERGENCY MOTION TO QUASH OR STAY WRIT OF HABEAS CORPUS AD PROSEQUENDUM**

Michael Hari, by and through counsel, hereby moves the Court to quash or stay the federal writ of habeas corpus *ad prosequendum* and estop the United States Marshals from bringing Mr. Hari to the District of Minnesota on the following grounds:

1.    Defendant Michael Hari is charged with multiple serious criminal offenses in the Central District of Illinois. He is accused of offenses involving conspiracy to interfere with commerce, attempted arson, and the possession of firearms. Together, these offenses carry significant penalties and are no less serious than the unrelated offenses subsequently charged in the District of Minnesota.

2.    Mr. Hari was originally arrested in Illinois, and hence the Illinois District Court was the one to order his pretrial detention, as well as to assume primary custody over his person. He has been held in custody for nearly a year now, awaiting trial on the Illinois federal charges. During that period of time, he and his Illinois counsel have been reviewing discovery and working together in preparation for his trial in the Central District of Illinois.

3.      Mr. Hari also has pending charges in Ford County, Illinois, where he is alleged to have committed state offenses in case number 2017CF66. He was scheduled to appear for court in Ford County as recently as January 29, 2019. Because he has been detained federally in Illinois, he has been able to attend the required hearings in the state court proceeding.

4. On January 9, 2019, the government prosecutor and two assistant federal defenders in the Central District of Illinois appeared in federal court for a status conference. At the hearing, there was a discussion regarding which district court would proceed first in the trial of Mr. Hari, the District of Minnesota or the Central District of Illinois. A pretrial conference was scheduled in the Central District of Illinois on March 1, 2019 at 9:45 a.m. A firm trial date was set for the Central Illinois case for July 15, 2019—a summer date scheduled to allow the parties enough time to prepare for trial.

5.      On January 31, 2019, Mr. Hari called defense counsel in Illinois indicating that he was told he would be transferred to a different facility. Upon further inquiry with the United States Marshals, Illinois defense counsel learned that the United States Attorney's Office for the District of Minnesota had issued paperwork to transfer Mr. Hari to Minnesota without informing either defense counsel in Illinois or Minnesota. If it weren't for cancelation of his transport due to inclement weather, neither counsel would have learned of Mr. Hari's previously unscheduled or undisclosed transfer until after it was complete.

6.      Government counsel made no effort to inform this defense counsel of their intentions to "leapfrog" the Illinois federal prosecution and bring Mr. Hari to Minnesota.

However, it is clear that the Minnesota federal prosecutors in this case initiated *ex parte* proceedings, attempting to transfer Mr. Hari to this federal district, presumably for trial. The undersigned is not aware of the details of these *ex parte* proceedings or the legal mechanism at issue, though presumably the government has asked this Court to issue a Writ of Habeas Corpus *Ad Prosequendum* (HCAP Writ) under 28 U.S.C. § 2241(c)(5) to accomplish the above-referenced transfer of Mr. Hari from one federal district to another.

7.      Assuming that the undersigned is correct that the government has initiated *ex parte* HCAP Writ proceedings as above, the defense would like to apprise the Court of the numerous legal and logistical problems that such action would engender. Counsel respectfully requests that the Court revisit whether to quash or stay the HCAP Writ, or at a minimum, schedule an immediate pretrial conference to fully consider the numerous difficulties of such a sudden and unplanned departure from the orderly manner in which the dual federal prosecutions had been proceeding.

8.      A few of the logistical and constitutional problems that the Minnesota federal prosecutor's *ex parte* writ will cause, are as follows:

(a)     Mr. Hari and his Illinois counsel have been diligently readying for an upcoming trial in the Central District of Illinois. It was anticipated that Mr. Hari's preparation with counsel would require that they work together steadily so that counsel would be in a position to provide effective representation at the time of the July trial. If instead, Mr. Hari is now forced to be detained hundreds of miles from his Illinois counsel and focus instead on preparing for a different federal trial, with his Minnesota counsel,

neither he nor his Illinois counsel will be able to effectively prepare for his federal trial in Illinois.

(b)     Mr. Hari's right to speedy trial in Illinois will have been badly violated. He has spent his time and resources preparing for trial there, to begin this summer. Instead, that trial may be months or years from now if the Minnesota prosecution proceeds first.

(c)     Both the Central District of Illinois and the District of Minnesota have the right to charge Mr. Hari with criminal offenses and prosecute him for those offenses. The government should decide which District will proceed first. Until recently, it seemed that the government had made that decision, and the Central District of Illinois would be first and Minnesota second. That is how the matters were proceeding. Now, it is unclear. But what is clear is that Mr. Hari has the right to effective assistance of counsel. He also has the right to participate in his defense. He should not be required to divide his efforts between these two ongoing federal prosecutions, venued in separate districts, because the government has decided they might want to fit his Minnesota federal trial in before his Illinois trial. But the problem for Mr. Hari is clear: He can only be detained in one District at a time and thus only able to meet and prepare with his counsel *effectively*, in one District at a time. Due Process, the Sixth Amendment, and fairness support Mr. Hari's request to be detained in the District of Illinois while he is being prosecuted in that District and then be transported to the District of Minnesota for prosecution in that District.

(d)     One accused of a crime has a right to a full and fair trial according to the law of the government whose sovereignty he is alleged to have offended. And due process

requires that Mr. Hari be allowed to assist his counsel in his defense. He simply cannot aid his counsel in his defense and prepare for trial in Illinois if he is in-custody in Minnesota.

9.      It is, of course, preferable for litigants engaged in multi-district litigation to confer with judicial officers and opposing counsel prior to taking action that will create such logistical problems. The undersigned believes that an immediate pretrial conference is needed here, to fully consider all of these matters. At the conclusion of such hearing, counsel will ask the Court to quash or stay the HCAP Writ, or take such other action as to prevent constitutional violations, ensure orderly multi-district litigation, and to protect Mr. Hari's right to a fair trial in both jurisdictions.


Dated: February 4, 2019                    Respectfully submitted,

                                           *s/Shannon Elkins*

                                           _____
                                           SHANNON ELKINS
                                           Attorney No. 332161
                                           Attorney for Defendant
                                           Office of the Federal Defender
                                           107 U.S. Courthouse
                                           300 South Fourth Street
                                           Minneapolis, MN 55415