UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| UNITED STATES OF AMERICA, | ) | Criminal No. 18-150(1) (DWF/HB) |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **DEFENDANT'S PRETRIAL MOTION** |
| MICHAEL HARI, | ) | **FOR DISCOVERY AND** |
| | ) | **INSPECTION** |
| Defendant. | ) | |

The government has begun to provide discovery in this case. However, copies of additional reports, documents and evidence may still remain in the custody of the government or may be generated during the case of the case. Accordingly, defendant, through his undersigned attorneys, respectfully moves the Court and requests the government to disclose the following information:

1. Any and all written, recorded, or oral statements made by the defendant or copies thereof within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known to the attorney for the government;

2. The substance of any oral statement made by the defendant, whether before or after arrest, which the government intends to offer in evidence at the trial;

3. A copy of the prior criminal record of the defendant which is known, or by the exercise of due diligence may become known to the attorney for the government including the following:

    (a) each prior sentence of imprisonment exceeding one year and one month;

1

(b) each prior sentence of imprisonment of at least sixty days;

(c) information regarding whether the defendant is alleged to have committed the instant offense while under any criminal justice sentence; including probation, parole, supervised release, imprisonment, work release, or escape status;

(d) information regarding whether the defendant is alleged to have committed the instant offense less than two years after release from imprisonment on the sentence included under (a) or (b) above.

4. Permission for the defendant to inspect and/or copy books, papers, documents, photographs, tangible objects which are within the possession, custody or control of the government, including photographs used by case agents in their investigations to identify defendant, and which are material to the preparation of the defense or are intended for use by the government as evidence in chief at the trial, or were obtained from or belonged to the defendant.

5. Permission of the defendant to inspect and copy the results of any physical or mental examinations or scientific tests or experiments, or computer forensic examinations, including but not limited to fingerprint, blood, tissue, fluid or chemical analyses.

6. Pursuant to Rules 12(b)(3)(E) and 16(a)(1)(G), a written summary of any testimony the government intends to use under Rules 702, 703 or 705 of the Federal Rules of Evidence during the case-in-chief at trial.

7. Pursuant to Rule 12(h), prior to the suppression hearing to be held in this case, all statements of governmental and non-governmental witnesses that are subject to disclosure under Rule 26.2.

If prior to trial, the government discovers additional evidence or material previously requested or ordered which is subject to discovery or inspection herein before requested, the government is requested to notify counsel for the defendant of the existence of the additional material.

This motion is based on Fed. R. Crim. P. 12 and 16, the Federal Rules of Evidence, and the Indictment and files in this case.

Dated: July 18, 2019

Respectfully submitted,

*s/ Shannon Elkins*

_____
SHANNON ELKINS
Attorney No. 332161
Attorney for Defendant
Office of the Federal Defender
107 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

*s/ Reynaldo A. Aligada, Jr.*

_____
REYNALDO A. ALIGADA, JR.
Attorney No. 319776
Attorney for Defendant
Office of the Federal Defender
107 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415