UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No. 18-150(1) (DWF/HB) |
| | ) | |
| v.                    Plaintiff, | ) | |
| | ) | **DEFENDANT'S PRETRIAL MOTION** |
| MICHAEL HARI, | ) | **TO SUPPRESS STATEMENTS** |
| | ) | |
| Defendant. | ) | |

Michael Hari, through the undersigned attorneys, respectfully moves the Court for an order suppressing all statements, admissions and answers made by the defendant prior to, at the time of, or subsequent to his arrest. After reviewing discovery and conferring with the attorneys for the government, the undersigned believe that law enforcement officers have not taken any statements from Mr. Hari. However, out of an abundance of caution, Mr. Hari moves to suppress any statements taken in the past that he is not aware of, or any statement that may be taken that violates his constitutional rights.

As grounds for said motion, defendant states:

1. That any statements, admissions or answers made by the defendant were made without the assistance or benefit of counsel in violation of the defendant's Fifth Amendment and Sixth Amendment rights under the Constitution of the United States. Before statements made by the accused can be admitted into evidence in the case in chief, the government must establish that proper warnings concerning certain fundamental constitutional rights were given to the defendant. *Miranda v. Arizona,* 384 U.S. 436 (1966).

2.      That any statements, admissions, or answers made by the defendant prior to, at the time of, or subsequent to his arrest were not given freely and voluntarily, thereby violating this defendant's rights under the Fourth Amendment and Fifth Amendment to the Constitution of the United States.  In addition to requiring that the government demonstrate compliance with *Miranda's* requirement that waiver be voluntary, the government must demonstrate that the statements have not been coerced in violation of the right against self-incrimination guaranteed by the Fifth Amendment.  *Michigan v. Tucker*, 417 U.S. 433 (1974).

A statement is voluntary when the statement was the product of a rational intellect and of free will.  *Blackburn v. Alabama*, 361 U.S. 199 (1960).  The determination of voluntariness takes place in light of all of the circumstances surrounding the confession or admission.  The court is free to consider factors including past history, education, physical condition and circumstances of the accused at the time the statement was given.  *Mincey v. Arizona*, 437 U.S. 385 (1978);  *Schneckloth v. Bustamonte*, 412 U.S. 218 (1973); *Jackson v. Denno*, 378 U.S. 368 (1964).

3.      That any statements, admissions, or answers made by the defendant were the fruit of an unlawful arrest.  The defendant asserts that he was unlawfully in custody in violation of the Fourth Amendment.  He asserts that his statements were the product of that Fourth Amendment violation.  Thus, the statements should be suppressed.  *Wong Sun v. United States*, 371 U.S. 471 (1963).  The fact that *Miranda* warnings were given or a waiver was obtained does not by itself purge the taint of the illegal arrest.  *Brown v. Illinois*, 422 U.S. 590 (1975).

4.     For such other reasons as may appear upon an oral hearing of this motion.

This motion is based on the indictment, the records and proceedings herein, such testimony as may be presented at the motion hearing, any briefing which the court may require thereafter, and all other matters which may be presented prior to or at the time of the hearing of said motion.

Dated: July 18, 2019                                  Respectfully submitted,

                                                      *s/ Shannon Elkins*
                                                      _____
                                                      SHANNON ELKINS
                                                      Attorney No. 332161
                                                      Attorney for Defendant
                                                      Office of the Federal Defender
                                                      107 U.S. Courthouse
                                                      300 South Fourth Street
                                                      Minneapolis, MN  55415

                                                      *s/ Reynaldo A. Aligada, Jr.*
                                                      _____
                                                      REYNALDO A. ALIGADA, JR.
                                                      Attorney No. 319776
                                                      Attorney for Defendant
                                                      Office of the Federal Defender
                                                      107 U.S. Courthouse
                                                      300 South Fourth Street
                                                      Minneapolis, MN  55415