```
                    UNITED STATES DISTRICT COURT
                        DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,      )   Criminal No. 18-150(1) (DWF/HB)
                               )
        v.          Plaintiff, )
                               )   **DEFENDANT'S PRETRIAL MOTION**
MICHAEL HARI,                  )   **FOR DISCLOSURE OF RESULTS**
                               )   **AND REPORTS OF FORENSIC**
                    Defendant. )   **TESTING**
```

Pursuant to Rule 16 (a)(1)(F) and (G) of the Federal Rules of Criminal Procedure, Michael Hari, by and through his attorneys, hereby moves the Court for an Order directing the government to immediately disclose the Reports Of Examinations and Tests and any Expert Witnesses it intends to offer at trial. Rule 16(a)(1)(F)(i) requires that the government, upon a defendant's request, must permit a defendant to inspect and copy or photograph the results or reports of any scientific test if the item is within the government's possession, custody or control, or if through due diligence, the attorney for the government could know of the item's existence. Mr. Hari notifies the Court and the government that he is officially making such a request and moves to file additional motions if such testing is problematic or did/does not follow reliable scientific methods in its execution.

Additionally, Mr. Hari moves the Court for an Order for a written summary of the expert testimony the government intends to use in the above-entitled trial. This summary must describe the witnesses' opinion, the basis and the reasons therefore, the witnesses' expected testimony, and the witnesses' qualifications all pursuant to Rule 16(a)(1)(G).

1

Preliminary discovery has been provided in the above-captioned case. It is clear from FBI Laboratory receipts and requests for examinations that the following evidence was collected:

1) Latent print evidence (including photographs) from windows at the DAF mosque,

2) Latent print evidence (including photographs), DNA evidence, hairs/fibers and other forensic evidence obtained from PVC pipe and/or other debris or samples attributed to the explosive device and taken from the DAF mosque,

3) A DNA sample taken from Michael J. Hari,

From these items, law enforcement requested testing from multiple units of the FBI. Some testing has been completed while other testing has not. Although some conclusive reports have been provided, other material regarding the completed testing has not been provided.

For fingerprint testing, the Defense submits that additional discovery should be provided. This includes:

1. photographs of the latent prints taken at the scene,

2. enhanced digital photographs of the latent prints used by the FBI Lab in the examination,

3. the FBI Lab's criteria concerning what combination of image quality and feature quantity (e.g. the number of "minutiae") that are sufficient for identification,

4. the subjective selection of particular regions of a latent print for analysis,

5. any information regarding the verification or independent examination of the latent print against the known print of Mr. Hari by any forensic scientist, and

6. any computerized identification of the latent print through the Automated

Fingerprint Identification System (AFIS) and the results of such a search (including the list of potential candidates that share similar fingerprint features).

Additionally, although DNA buccal swabs have been collected, it is unknown if DNA testing has been conducted in this case. If DNA testing has or will be conducted, Mr. Hari urges that Rule 16 requires detailed discovery related to DNA testing, including:

1. All DNA laboratory report(s);

2. Any hospital or medical reports relevant to the DNA in this case;

3. Chain-of-custody documentation for all forensic samples;

4. The disk containing the raw data;

5. The case notes;

6. Copies of the Genescan, Genotyper and/or GeneMapper printouts;

7. Copies of all positive control, negative control, and reagent blank electropheragrams;

8. The case notes, including the narrative and any updates (this request is a standing request and any time the narrative is updated, the update should be disclosed);

9. Copies of the GlobalFiler and/or STRmix electropherograms;

10. Correspondence between the lab analysts and agents and any law enforcement, prosecutorial or other state, tribal or county officials;

11. All documents regularly kept within the specific lab case file referenced;

12. Documents relating to the case referenced regularly kept in a place other than the lab case file;

13. A copy of the 'unexpected results' file, kept pursuant to DAB Guidelines for the 6 months preceding and the 6 months following the testing in the above referenced case;

14. Any other information in the form of documentation or encompassed in some other manner that the lab has in their possession and/or control, or knows of and can

access, regarding this case, including but not limited to any QAR which contains any reference to this case whatsoever,

15. All records pertaining to hits in the convicted offender database, including but not limited to Match Detail Reports, bench notes, electronic data, computer entry forms, etc.;

16. All current SOPs covering the analysis performed in this case, including those relating to mixture interpretation and major profile determination;

17. Background information for each person involved in conducting or reviewing the DNA testing performed in the instant case, including current resume and job description and a summary of proficiency test results; and

18. Copies of the Electronic Lab Notebook (ELN) for this lab file.

For the specific purpose of avoiding confusion, Counsel specifically requests that a copy of this motion be provided directly to the testing lab to facilitate complete discovery. For the further specific purpose of avoiding a possible violation of the Rules of Evidence and to avoid any allegation of a *Brady* violation, Counsel requests that the scientist or scientists involved be informed that it is not discretionary to determine the importance of any evidence.

This motion is based on all records, filings and proceedings herein.

Dated: July 18, 2019                    Respectfully submitted,

*s/ Shannon Elkins*
_____
SHANNON ELKINS
Attorney No. 332161
Attorney for Defendant
Office of the Federal Defender
107 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN  55415

*s/ Reynaldo A. Aligada, Jr.*
_____
REYNALDO A. ALIGADA, JR.
Attorney No. 319776
Attorney for Defendant
Office of the Federal Defender
107 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN  55415