UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No. 18-150(1) (DWF/HB) |
| | ) | |
| v.  Plaintiff, | ) | |
| | ) | **DEFENDANT'S PRETRIAL MOTION** |
| MICHAEL HARI, | ) | **FOR DISCLOSURE OF RULE 404** |
| | ) | **EVIDENCE** |
| Defendant. | ) | |

Michael Hari, through the undersigned attorneys, Shannon Elkins and Reynaldo A. Aligada, Jr., hereby move the Court for an Order directing the government to immediately disclose any "bad act" or "similar course of conduct" evidence it intends to offer at trial. Federal Rules of Evidence 404 (hereinafter FRE 404) requires pretrial notice. Pursuant to the rule,

> Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character. **. . .**
>
> This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. On request by a defendant in a criminal case, *the prosecutor must:*
>
> **(A)** *provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial*; *and*
>
> **(B)** *do so before trial*--or during trial if the court, for good cause, excuses lack of pretrial notice.

Fed. R. Crim. P. 404(b) (emphasis added).

The pretrial notice requirement in criminal cases "is intended to reduce surprise and promote early resolution on the issue of admissibility." FRE 404, 1991 Amendments. "The

1

amendment requires the prosecution to provide notice, regardless of how it intends to use the extrinsic act evidence at trial, i.e., during its case-in-chief, for impeachment, or for possible rebuttal." *Id.*

Mr. Hari has a pending indictment in the District of Illinois that alleges conduct postdating the conduct alleged in the Minnesota indictment. It is unclear what the government intends to offer in its case-in-chief in the District of Minnesota without specific notice of (1) what 404 evidence it intends to offer, and (2) how it perceives the evidence to be admissible or relevant under FRE 404(b). Because of the number of allegations in the Illinois indictment and elsewhere, Mr. Hari respectfully requests an Order directing the government to immediately disclose any FRE 404 evidence it intends to offer at trial and its reasoning for why it is admissible so that the Court may rule on the evidence before trial.

This, of course, does not include evidence that does not become known to the government until some later time. Therefore, Mr. Hari also requests that the Order include a provision directing the government to disclose any additional FRE 404 evidence that is later discovered, immediately, upon its discovery by the government.

Furthermore, Defense requests that the Order require the government to provide specific notice of instances where the government believes the "bad act" evidence is "intrinsic" to the indictment in the District of Minnesota if the evidence or instance occurred at any time <u>prior to</u> or <u>after</u> August 5, 2017 and is unrelated to the elements of the charges in the Minnesota indictment.

# LEGAL ANALYSIS

"[I]ntrinsic evidence[] is evidence of wrongful conduct other than the conduct at issue offered for the purpose of providing the context in which the charged crime occurred." *United States v. Guzman*, Nos. 18-1506, 18-2202, 2019 WL 2455577, at *5 (8th Cir. June 13, 2019) (quoting *United States v. Campbell*, 764 F.3d 880, 888 (8th Cir. 2014)) (alterations in original). "[W]hen evidence of other crimes is so blended or connected, with the one on trial as that proof of one incidentally involves the other; or explains the circumstances thereof; or tends logically to prove any element of the crime charged, it is admissible as an integral part of the immediate context of the crime charged." *United States v. Thomas*, 760 F.3d 879, 884 (8th Cir. 2014); *see also Guzman*, 2019 WL 2455577, at *5 ("evidence that is inextricably intertwined with the crime charged as well as evidence that merely 'completes the story' or provides context") (quoting *Young*, 753 F.3d at 770) (quotations omitted). Intrinsic evidence does not implicate Rule 404(b), but all of the other Rules of Evidence still apply. *United States v. Young*, 753 F.3d 757, 770 (8th Cir. 2014).

For example, intrinsic evidence must be relevant to the instant crime. *United States v. Gomez-Diaz*, No. 16-cr-348 (RHK/BRT), 2017 WL 3411950, at *2 (D. Minn. Aug. 9, 2017) (declining to admit additional incriminating photos in a child pornography case for the purposes of "flesh[ing] out" the alleged abuse because they were not included in the charge and their admission "would confuse the jury over which photos are at issue"); *United States v. White Plum*, 847 F.3d 624, 628 (8th Cir. 2017) (holding the

defendant's wife's prior accusations of child abuse were not intrinsic because the prior child abuse did not involve the victim child).  Moreover, FRE 404 does not limit intrinsic evidence offered to prove "the context in which the charged crime occurred." *United States v. Johnson*, 463 F.3d 803, 808 (8th Cir. 2006). Nevertheless, the intrinsic evidence must be relevant to the charged crime and "the probative value of intrinsic evidence must not be substantially outweighed by its prejudicial effect." *United States v. Betts*, 911 F.3d 523, 529; *see also Guzman*, 2019 WL 2455577, at 5; *United States v. Tran*, 122 F.3d 670, 674 (8th Cir. 1997). Thus, the district court must first determine if the wrongful conduct to be offered is intrinsic or extrinsic; if it is intrinsic, whether it is relevant; and if relevant, whether the evidence is more prejudicial than probative.

For all of these reasons, the Defense respectfully requests immediate notice of any wrongful conduct or prior bad acts the government intends to offer at trial, even if it considers such evidence to be intrinsic to the charged offenses. If the evidence will be offered pursuant to FRE 404, FRE 404(b) also requires the government to give notice of which exception applies.

Dated: July 18, 2019					Respectfully submitted,

							*s/ Shannon Elkins*
							_____
							SHANNON ELKINS
							Attorney No. 332161
							Attorney for Defendant
							Office of the Federal Defender
							107 U.S. Courthouse
							300 South Fourth Street
							Minneapolis, MN  55415

							*s/ Reynaldo A. Aligada, Jr.*
							_____
							REYNALDO A. ALIGADA, JR.
							Attorney No. 319776
							Attorney for Defendant
							Office of the Federal Defender
							107 U.S. Courthouse
							300 South Fourth Street
							Minneapolis, MN  55415