UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No. 18-150(1) (DWF/HB) |
| | ) | |
| v.       Plaintiff, | ) | |
| | ) | **DEFENDANT'S PRETRIAL MOTION** |
| MICHAEL HARI, | ) | **TO SUPPRESS FRUITS OF** |
| | ) | **UNLAWFUL SEARCH AND** |
| Defendant. | ) | **SEIZURE** |

Michael Hari, through the undersigned attorneys, respectfully moves the Court, pursuant to Rule 12 of the Federal Rules of Criminal Procedure to suppress any physical evidence obtained as a result of the execution of several federal search warrants in Illinois on various dates in 2018. Further, he seeks to suppress the fruits of these search warrants, including items seized and information resulting from subsequent analysis of seized evidence, including digital computer evidence. Mr. Hari also moves to suppress evidence taken in the warrantless search of a box delivered to his home by UPS that was seized by law enforcement.

The search warrants and searches at issue are as follows:

1.    <u>**1XX South Main Rd, Clarence, Illinois**</u>

- An office/store alleged to belong to Michael Hari

- Central District of Illinois case number 18-MJ-7052

- Warrant executed on March 13, 2018

2.    <u>**1XX North 1900E Road, Paxton, Illinois**</u>

- The home of Michael Hari's parents

- Central District of Illinois case number 18-MJ-7053

- Warrant executed on March 13, 2018

## 3.      2XX West 1st Street North, Clarence, Illinois

- A property, including outbuildings, alleged to belong to Michael Hari

- Central District of Illinois case number 18-MJ-7063

- Warrant executed on March 26, 2018

## 4.      3XX E. University Unit 227, Champaign, Illinois

- A U-Haul storage unit

- Warrant executed on March 16, 2018

Mr. Hari challenges these four searches, on the following grounds:

That any search warrant issued in this case was issued without a sufficient showing of probable cause in the supporting affidavit, and was therefore issued in error. The Fourth Amendment requires that a warrant must be supported by probable cause. *Illinois v. Gates*, 462 U.S. 213, 236–39 (1983). Specifically, these warrants fail to allege a nexus between the places to be searched and illegal items or contraband sought by law enforcement. There must be evidence of a nexus between the contraband and the place to be searched before a warrant may properly issue. *United States v. Colbert*, 828 F.3d 718, 726 (8th Cir. 2016).

In addition, the warrant affidavits rely on information that was stale. A warrant lacks probable cause where the evidence supporting it is not "sufficiently close in time to the issuance of the warrant" so that "probable cause can be said to exist as of the time of the search — that is, where the facts supporting criminal activity have grown stale by the

time that the warrant issues. *United States v. Formaro*, 152 F.3d 768, 771 (8th Cir. 1998)

("probable cause must exist at the time of the search and not merely at some earlier

time"); *see also Sgro v. United States*, 287 U.S. 206, 210 (1932) ("it is manifest that the

proof must be of facts so closely related to the time of the issue of the warrant as to

justify a finding of probable cause *at that time*." (emphasis added); *United States v.

Palega*, 556 F.3d 709, 715 (8th Cir. 2009) (holding that it is insufficient for probable

cause to exist "*as of some time in the past*" (quotation omitted) (emphasis added)).

Mr. Hari also challenges the following warrants:

5. **1XX North 1900E Road, Paxton, Illinois**

- The home of Michael Hari's parents

- Central District of Illinois case number 18-MJ-7142

- Warrant executed on August 21, 2018

- Two electronic devices were seized pursuant to the warrant, and consent-to-search forms were signed by family members of Mr. Hari

6. **Black ZTE Cellphone with a serial number ending in OFC9**

- Alleged to belong to Michael Hari

- Central District of Illinois case number 18-MJ-7066

- One of three cellphones seized from the wife of Michael McWhorter on February 27, 2018

- Warrant obtained on April 4, 2018

In addition to the above-stated grounds for warrants 1-4 above, Mr. Hari challenges these two searches, on the following grounds:

That any consent to search given by a person other than the defendant was invalid as coerced or beyond that person's apparent authority. Even if police receive consent to search, the resulting search is invalid if the consent-giver did not have actual authority over the area or item searched. *United States v. Matlock*, 415 U.S. 164, 171 (1974). In addition, the search warrant affidavits contain information obtained in a prior unlawful search. The later-executed warrant relies on earlier evidence seized from warrants for which there was insufficient probable cause, and evidence seized must be suppressed as the fruit of the poisonous tree. *Wong Sun v. United States*, 371 U.S. 471, 491 (1963).

Mr. Hari also moves to suppress the seizure and search of a box delivered to his home at 2XX West 1st Street North, Clarence, Illinois by UPS on some unknown date in March of 2018. Discovery provided by the government indicates that on April 1, 2018, law enforcement seized that package when it was given to law enforcement by a neighbor of Mr. Hari. Any consent given by this neighbor was beyond that person's apparent authority. *Matlock*, 415 U.S. at 171.

To be clear, Mr. Hari also moves to suppress all evidence seized following the search of any electronic devices seized during the execution of the above-referenced search warrants, including computers, tablets, and cellular telephones. *Riley v. California*, 573 U.S. 373, 401, 134 S. Ct. 2473, 2493, 189 L. Ed. 2d 430 (2014)("Our holding, of course, is not that the information on a cell phone is immune from search; it is instead that a warrant is generally required before such a search, even when a cell phone is seized

incident to arrest."). For each of the seized devices, the search warrant affidavit failed to make a proper probable cause showing that evidence of a crime or contraband would be located on the device.

This motion is based on the indictment, the records and files in the above-entitled action, and any and all other matters which may be presented prior to or at the time of the hearing of said motion.

Dated: July 18, 2019

Respectfully submitted,

*s/ Shannon Elkins*
_____
SHANNON ELKINS
Attorney No. 332161
Attorney for Defendant
Office of the Federal Defender
107 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN  55415

*s/ Reynaldo A. Aligada, Jr.*
_____
REYNALDO A. ALIGADA, JR.
Attorney No. 319776
Attorney for Defendant
Office of the Federal Defender
107 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN  55415