US v Michael Hari
CR 18-150(1) (DWF/HB)

# Exhibit F

# UNITED STATES DISTRICT COURT
for the
District of Minnesota

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF INFORMATION REGARDING ACCOUNTS ASSOCIATED WITH CERTAIN LOCATION AND DATE INFORMATION, MAINTAINED ON COMPUTER SERVERS CONTROLLED BY GOOGLE, INC. | **FILED UNDER SEAL PURSUANT TO ORDER**<br><br>Case No. |

## APPLICATION FOR A SEARCH WARRANT

I, James J. Berni, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property:

**See Attachment A**

located in the State and Northern District of California, there is now concealed:

**See Attachment A**

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- [X] evidence of a crime;
- [ ] contraband, fruits of crime, or other items illegally possessed;
- [X] property designed for use, intended for use, or used in committing a crime;
- [ ] a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| *Code Section* | *Offense Description* |
|---|---|
| Title 26 United States Code, Section 5861(i) | Possession of an Unregistered Destructive Device |
| Title 26 United States Code, Section 5861(j) | Possession of an Unregistered Destructive Device |
| Title 26 United States Code, Section 5871 | Possession of an Unregistered Destructive Device |

The application is based on these facts:

**See attached Affidavit**

[X] Continued on the attached sheet.

*Applicant's Signature*

James J. Berni, Special Agent
Federal Bureau of Investigation
*Printed Name and Title*

Sworn to before me and signed in my presence.

Date: 8/7/17  6:45 pm

City and State: Minneapolis, MN

*Judge's Signature*

The Honorable Franklin L. Noel
United States Magistrate Judge
*Printed Name and Title*

# ATTACHMENT A

## I. Subject Accounts and Execution of Warrant

This warrant is directed to Google, Inc. (the "Provider"), headquartered at 1600 Amphitheatre Parkway, Mountain View, California, and applies to all content and other information within the Provider's possession, custody, or control associated with the Google accounts located within the geographical region bounded by the following latitudinal and longitudinal coordinates between 4:30 a.m. and 5:30 a.m. on August 5, 2017 (the "Subject Accounts"):

> Geographical radius of 150 meters for the following latitude and longitude coordinates, which corresponds to the Dar Al Farooq Islamic Center (DAFIC), located at 8201 Park Avenue South, Bloomington, Minnesota 55420: 44°51'16.7"N; 93°15'51.5"W

## II. Information to Be Provided by the Provider

To the extent within the Provider's possession, custody, or control, the Provider is directed to produce the following information associated with the Subject Accounts, which will be reviewed by law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate any evidence violations of Title 18, United States Code, Sections 5861 and 5871 (possession of an unregistered destructive device):

    a. *Location information.* All location data, whether derived from Global Positioning System (GPS) data, cell site/cell tower triangulation/trilateration, and

precision measurement information such as timing advance or per call measurement data, and Wi-Fi location, including the GPS coordinates, estimated radius, and the dates and times of all location recordings, **between 4:30 a.m. and 5:30 a.m. on August 5, 2017**;

      b.    Each device corresponding to the location data to be provided by Google will be identified only by a numerical identifier, without any further content or information identifying the user of a particular device. Law enforcement will analyze this location data to identify users who may have witnessed or participated in the Subject Offenses and will seek any additional information regarding those devices through further legal process.

00000401

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CASE NO.

IN THE MATTER OF THE SEARCH )
OF INFORMATION REGARDING )
ACCOUNTS ASSOCIATED WITH )  **FILED UNDER SEAL**
CERTAIN LOCATIONS AND DATE )  **PURSUANT TO ORDER**
INFORMATION, MAINTAINED ON )
COMPUTER SERVERS )
CONTROLLED BY GOOGLE, INC. )

**AFFIDAVIT IN SUPPORT OF
AN APPLICATION FOR A SEARCH WARRANT**

James J. Berni, being first duly sworn, hereby deposes and states as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of an application for a search warrant for information that is maintained on computer servers controlled by Google, Inc. ("Google"), an email provider headquartered at 1600 Amphitheatre Parkway, Mountain View, California 94043. The information to be searched is described in the following paragraphs and in Section I of Attachment A to the proposed warrant, which consists of Google location data associated with a particular specified location at a particular time, as specified in Section I of Attachment A. This affidavit is made in support of an application for a search warrant under 18 U.S.C. § 2703(c)(1)(A) to require Google to disclose to the government copies of the information further described in Section II of Attachment A.[1]

---

[1] The Government maintains that the information sought herein consists entirely of "record[s]" other than the "contents of communications," subject to an order under 18 U.S.C. § 2703(d), requiring only a showing that there are reasonable grounds to believe that the information sought is relevant and material to an ongoing criminal investigation.

1

2.   I have been a Special Agent with the Federal Bureau of Investigation ("FBI") for 9 years and am currently assigned to the FBI's Twin Cities Safe Streets Task Force. Throughout my employment with the FBI, I have participated in investigations involving the execution of search warrants, including search warrants for electronic devices and documents. As a result of my training and experience, I am familiar with the techniques and methods of operation used by individuals involved in criminal activity to conceal their activities from detection by law enforcement authorities.

3.   Based on the facts set forth in this affidavit, there is probable cause to believe that the Google accounts identified in Section I of Attachment A, associated with a particular specified location at a particular specified time, contain evidence, of a violation of Title 26, United States Code, Sections 5861 and 5871, possession of an unregistered destructive device, among other statutes (the "Subject Offenses"). This affidavit is based upon my personal knowledge, my review of documents and other evidence, and my conversations with other law enforcement officers, as well as my training and experience concerning the use of email in criminal activity. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts I have learned during my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance

---

*See* 18 U.S.C. § 2703(c)(1)(A). Google has, in past cases, taken the position that a search warrant is required to obtain the location data sought in this application. Although the Government disagrees with Google's position, because there is probable cause to believe that the information sought herein will contain evidence of the federal criminal offenses specified in this Affidavit, the Government is seeking a search warrant here.

2

and in part, except where otherwise indicated.

## JURISDICTION AND AUTHORITY TO ISSUE WARRANT

4. Pursuant to 18 U.S.C. §§ 2703(a), (b)(1)(A), and (c)(1)(A), the Government may require a provider of an electronic communications service or a remote computing service, such as Google, to disclose all stored content and all non-content records or other information pertaining to a subscriber, by obtaining a warrant issued using the procedures described in the Federal Rules of Criminal Procedure.

5. A search warrant under 18 U.S.C. § 2703 may be issued by "any district court of the United States (including a magistrate judge of such a court)" that "has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

6. When the Government obtains records under 18 U.S.C. § 2703 pursuant to a search warrant, the Government is not required to notify the subscriber of the existence of the warrant. 18 U.S.C. § 2703(a), (b)(1)(A), (c)(2), and (3). Additionally, the Government may obtain an order precluding the Provider from notifying the subscriber or any other person of the warrant, for such period as the Court deems appropriate, where there is reason to believe that such notification will seriously jeopardize an investigation. 18 U.S.C. § 2705(b).

## BACKGROUND RELATING TO GOOGLE, GOOGLE LOCATION SERVICES, AND RELEVANT TECHNOLOGY

7. A cellular telephone or mobile telephone is a handheld wireless device primarily used for voice, text, and data communication through radio signals. Cellular telephones send signals through networks of transmitter/receivers called "cells," enabling

3

communication with other cellular telephones or with traditional "landline" telephones. Cellular telephones rely on cellular towers, the location of which may provide information on the location of the subject telephone. Cellular telephones may also include global positioning system ("GPS") technology for determining the location of the device.

8. Google is a company which, among other things, provides electronic communication services to subscribers, including email services. Google allows subscribers to obtain email accounts at the domain name gmail.com and/or google.com. Subscribers obtain an account by registering with Google. A subscriber using Google's services can access his or her email account from any computer connected to the Internet.

9. Google has developed an operating system for mobile devices, including cellular phones, known as Android, that has a proprietary operating system. Nearly every cellular phone using the Android operating system has an associated Google account, and users are prompted to add a Google account when they first turn on a new Android device.

10. Based on my training and experience, I have learned that Google collects and retains location data from Android-enabled mobile devices when a Google account user has enabled Google location services. Google can also collect location data from non-Android devices if the device is registered to a Google account and the user has location services enabled. The company uses this information for location-based advertising and location-based search results. This location information is derived from GPS data, cell site/cell tower information, and Wi-Fi access points.

11. Location data can assist investigators in understanding a fuller geographic picture and timeline, which may tend to identify potential witnesses, as well as possibly

4

inculpating or exculpating account owners. Additionally, location information digitally integrated into image, video, or other computer files sent via email can further indicate the geographic location of the accounts user at a particular time (for example, digital cameras, including the digital cameras on cellular telephones, frequently store GPS coordinates indicating where a photo was taken in the metadata of an image file).

12.  It is possible that Google stores some portion of the information sought outside the United States. In *Microsoft Corp. v. United States*, 829 F.3d 197 (2nd Cir. 2016), the Second Circuit held that the government cannot enforce a warrant under the Stored Communications Act to require a provider to disclose records in its custody and control that are stored outside the United States. As the Second Circuit decision is not binding on this Court, I respectfully request that this warrant apply to all responsive information—including data stored outside the United States—pertaining to the Subject Accounts that are in the possession, custody, or control of Google. The government also seeks the disclosure of the physical location or locations where the information is stored.

## PROBABLE CAUSE

13.  On Saturday, August 5, 2017, at approximately 5:05 in the morning, an explosion occurred at Dar Al Farooq Islamic Center (hereinafter "DAFIC"), located at 8201 Park Avenue South, Bloomington, Minnesota 55420. According to an eye witness, the sound of a window breaking was followed by a man running away from the exterior of DAFIC. The witness said that the man ran to a full-sized, dark-colored truck, and then drove out of DAFIC's parking lot at high speed. The Federal Bureau of Investigation (FBI) and the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) have

00000406

determined that the explosion was caused by an improvised explosive device, or "IED." The IED started a fire in the DAFIC imam's office; the building's fire suppression system activated promptly and put the fire out.

14.     Law enforcement was able to obtain video surveillance footage from local businesses. The time stamps on these videos vary slightly, however, all the videos show, a few minutes after the explosion, a dark-colored, full-sized truck driving through the intersection of Portland Avenue and American Boulevard, the intersection immediately northwest of DAFIC. Law enforcement then obtained further video surveillance, showing the truck as it continued traveling. A full-sized, dark truck, similar in appearance to the truck seen near DAFIC's parking lot, was seen on video traveling over the Interstate 494 overpass near Portland Avenue and then entering I-494 from Portland Avenue, traveling west. A similar-appearing truck then was seen on video exiting 35W South onto the 82nd Avenue South exit ramp. The timing of the truck's appearance on these later videos coincides with the time it would take to travel from DAFIC to the point of observation. The conclusion that the truck seen in all of the videos is the same truck, over and above the similar appearance of the truck in all of the video footage, is also buttressed by the fact that the events recorded on the videos took place very early on a Saturday morning, when there was almost no traffic on the roads. In reviewing video footage of the 82nd Avenue South exit ramp from Interstate 35W, for example, law enforcement reviewed 40 minutes' worth of video footage, and in all that footage saw only one other vehicle (besides the dark, full-sized truck) use that exit ramp.

15.     Numerous federal and local law enforcement officers responded to DAFIQ

00000407

to investigate the explosion. At approximately noon, an FBI Task Force Officer (a non-FBI law enforcement officer who is assigned to work with the FBI on, in this case, the Joint Terrorism Task Force) saw a Caucasian male sitting in a full-sized, black truck parked on Park Avenue South, which is the street immediately west of DAFIC. The Task Force Officer saw that the man in the full-sized, black truck was video-taping the Bloomington Police Department Bomb Squad vehicle and was also video-taping a news conference by religious leaders that was then taking place. The black, full-sized truck in which the man was sitting appeared similar in appearance to the truck that was in the video footage taken earlier in the morning. When the Task Force Officer approached the vehicle and asked the man what he was doing, the man laughed and said it wasn't every day you see "your" mosque being bombed. The man confirmed he attended the mosque.

16. The Task Force Officer asked the Bloomington Police Department to run the truck's license plate, Minnesota 1█ █A. The Bloomington officer who took the request said that an ATF Agent had asked him to run the same plate approximately 30 minutes earlier. The earlier request was based on the dark, full-sized truck's being driven slowly back and forth along Park Avenue South.

17. The license plate on the truck showed the registered owner to be T█ █ M█, date of birth █, who lives at █, Bloomington, Minnesota. The truck seen on different videos shortly after five a.m. on Saturday, August 5, 2017 was driving a route from DAFIC to █, Bloomington, Minnesota, although video coverage all the way to █ was not available. The timing of the truck's appearance on the different videos was consistent

7

with the time it would take to drive from DAFIC to the area of ███████, Bloomington, Minnesota.

18.   ███████████ Omar, Executive Director of DAFIC, was later shown a photograph of T████ ████ M██████, the registered owner of Minnesota 1██ █A. Omar advised he had seen the man at DAFIC in the past a few times, expressing an interest in learning Islam.

19.   On August 5, 2017, an open source database check identified three telephone numbers for T████ ████ M██████, two of which are the following T-Mobile telephone numbers: 952-█████6 and 952-█████1. T-Mobile only markets cellular telephones, and does not market any landline telephones.

## EVIDENCE

20.   Based on the foregoing, I respectfully submit that there is probable cause to believe that information stored on Google's servers associated with the Google accounts that were accessed at a particular specified location, at a particular specified time, as specified in Section I of Attachment A of the proposed warrant, will contain evidence of the Subject Offenses.

21.   In particular, the geographical region bounded by the latitudinal and longitudinal coordinates indicated in Section I of Attachment A to the proposed warrant corresponds to an area within a 150 meter radius of DAFIC, and the time specified in Section I of Attachment A to the proposed warrant reflects the period between shortly before and shortly after the bombing at DAFIC (the "Target Time Period"). The specific

8

longitude and latitude indicated in Attachment A was identified through mapping software, which matched the longitude and latitude indicated in Attachment A as corresponding to DAFIC's parking lot. This Application seeks authority to collect certain location information related to Google accounts that were located within the Target Area during the Target Time Period (the "Subject Accounts").

22.     The information sought from Google regarding the Subject Accounts, specified in Section II of Attachment A to the proposed warrant, will identify which cellular devices were near the location shortly before and after the bomb was detonated and may assist law enforcement in determining which persons were present or involved with the bombing under investigation. The requested information includes:

    a.     *Location information.* All location data, whether derived from Global Positioning System (GPS) data, cell site/cell tower triangulation/trilateration, and precision measurement information such as timing advance or per call measurement data, and Wi-Fi location, including the GPS coordinates, estimated radius, and the dates and times of all location recordings, during the Target Time Period;

    b.     Each device corresponding to the location data to be provided by Google will be identified only by a numerical identifier, without any further content or information identifying the user of a particular device. Law enforcement will analyze this location data to identify users who may have witnessed or participated in the Subject Offenses and will seek any additional information regarding those devices through further legal process.

00000410

## REQUEST FOR NON-DISCLOSURE AND SEALING

23.     Based on the forgoing, I respectfully request that the Court issue the proposed search warrant. Because the warrant will be served on Google who will then compile the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

24.     The existence and scope of this ongoing criminal investigation is not publicly known. As a result, premature public disclosure of this affidavit or the requested warrant could alert potential criminal targets that they are under investigation, causing them to destroy evidence, flee from prosecution, or otherwise seriously jeopardize the investigation. In light of the violent nature of the crime under investigation, premature revelation of this investigation may alert dangerous targets that they have been identified by others and endanger the safety of witnesses who the targets believe, rightly or wrongly, have been cooperating with the Government.

25.     Accordingly, there is reason to believe that, were Google to notify subscribers of the Subject Accounts or others of the existence of the warrant, the investigation would be seriously jeopardized. Pursuant to 18 U.S.C. § 2705(b), I therefore respectfully request that the Court direct the Provider not to notify any person of the existence of the warrant for a period of 180 days from issuance, subject to extension upon application to the Court, if necessary.

26.     For similar reasons, I respectfully request that this affidavit and all papers submitted herewith be maintained under seal until the Court orders otherwise, except that the Government be permitted without further order of this Court to provide copies of the

00000411

warrant and affidavit as need be to personnel assisting it in the investigation and prosecution of this matter.

## CONCLUSION

27. Based on the foregoing, I respectfully request that the warrant sought herein pursuant to the applicable provisions of the Stored Communications Act, 18 U.S.C. § 2703(b)(1)(A) (for contents) and § 2703(c)(1)(A) (for records and other information), and the relevant provisions of Federal Rule of Criminal Procedure 41.

James J. Berni
Special Agent
Federal Bureau of Investigation

Sworn to before me this 7th day of August, 2017

THE HONORABLE FRANKLIN L. NOEL
UNITED STATES MAGISTRATE JUDGE

00000412