UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
District Court File No. 18-150 (DWF/HB)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **RESPONSE OF THE UNITED** |
| Plaintiff, | ) | **STATES IN OPPOSITION TO** |
| | ) | **DEFENDANT'S MOTION** |
| vs. | ) | **FOR HEARING PURSUANT** |
| | ) | **TO *FRANKS V. DELAWARE*** |
| MICHAEL HARI, | ) | |
| | ) | |
| Defendant. | ) | |

The United States of America, through its attorneys, Erica H. MacDonald, United States Attorney for the District of Minnesota, and Assistant United States Attorneys John Docherty and Julie E. Allyn, respectfully submits its opposition to the Defendant's Motion for Hearing Pursuant to *Franks v. Delaware* (CM/ECF Docket Nos. 96 (Defendant's Motion) and 97 (Defendant's Memorandum in Support of Motion)). The defendant has fallen far short of making the "substantial" preliminary showing of intentional or reckless falsity that is required before he will even be granted a hearing on his motion. In addition, even if the challenged search warrant affidavits were amended to account for defendant's claimed shortcomings, those affidavits would still establish probable cause to search various places. The defendant's motion should therefore be denied, and no hearing on his allegations should be held.

## I.     FACTS

Defendant Michael Hari was indicted by a grand jury of this district on a conspiracy count and various hate crimes, civil rights, and weapons of mass destruction counts in

connection with his role in the August 5, 2017 bombing of the Dar al-Farooq Islamic Center, a mosque in Bloomington, Minnesota.  Two co-conspirators of the defendant broke a window of the imam's office and threw the bomb through the broken window.   A person who was outside the mosque saw a man run to a dark-colored truck, which drove out of the mosque's parking lot at high speed shortly before the bomb exploded. Law enforcement showed the witness photographs of different trucks.  The witness ruled out an SUV type of vehicle, but when shown a photograph of a Chevrolet Silverado, the witness said the truck he had seen had appeared similar to that.  The report of the interview with the witness was disclosed to the defense under Bates number 603.

Defendant Hari was also indicted in the Central District of Illinois on Hobbs Act and weapons counts.   During the investigation leading up to that indictment, law enforcement in Illinois executed ten search warrants.  Defendant claims that the affidavits supporting three of those search warrants contain statements that were either intentionally or recklessly false, and that those statements were also necessary to the magistrate judge's finding of probable cause.

The first of those three search warrants authorized the search of defendant Hari's parents' home in Paxton, Illinois.  That warrant was signed by Magistrate Judge Earl Long on March 13, 2018.  The second warrant authorized the search of the defendant's business office in Clarence, Illinois.  That warrant was also signed by Magistrate Judge Long, also on March 13, 2018.   Finally, a third warrant authorized the search of defendant's own home, also located in Clarence. That warrant was signed by Magistrate Judge Long on

March 23, 2018.  The affiant for all three warrants was Detective Sergeant Barbara Robbins

of the University of Illinois Police Department.[1]

Because these warrants are all part of the same investigation, it is not surprising that

the affidavits for all these warrants are quite similar, with multiple paragraphs that are the

same across all three affidavits.  As to all three Illinois affidavits, defendant asserts that (a)

when describing the truck that a witness saw accelerating rapidly out of the mosque's

parking lot on the morning of August 5, 2017, the adjective "full-sized" was not used,

although that adjective was part of the description of the truck in some warrant affidavits

presented in Minnesota; and (b) that the warrant affidavits did not set forth facts which

defendant claims demonstrate bias on the part of an informant who provided information

for the search warrant affidavits.

Defendant sets forth no evidence that these minor matters were the result of either

intentional or reckless disregard for the truth on the part of Detective Sergeant Robbins.

Nor would inserting the adjective "full-sized" before "truck" or providing additional facts

about the confidential informant (facts that would, as explained below, identify the

informant), have made the slightest difference to Magistrate Long's finding of probable

cause.

---

[1] Sometime after these warrants were applied for, Detective Sergeant Robbins was promoted to her current rank of Lieutenant.  Because she was a Detective Sergeant at the time she swore out the affidavits for these three search warrants, that is the rank that is used in this motion response.

## II.     ARGUMENT

In *Franks v. Delaware*, 438 U.S. 154 (1978), the Supreme Court held that the Fourth

and Fourteenth Amendments allow a criminal defendant to challenge the veracity of

statements in affidavits supporting search warrant applications. [2] However, because of the

substantial reasons that weigh against re-litigating probable cause, *Franks*, 438 U.S. at 165-

67, the Supreme Court closely limited the circumstances under which such a hearing will

be held, 438 U.S. at 171-72.   The Court enumerated the daunting requirements that a

defendant must meet before even being granted a hearing on a *Franks* motion:

> There is, of course, a presumption of validity with respect to the affidavit
> supporting the search warrant.  To mandate an evidentiary hearing, the
> challenger's attack must be more than conclusory and must be supported
> by more than a mere desire to cross-examine.  There must be allegations of
> deliberate falsehood or of reckless disregard for the truth, and these
> allegations must be accompanied by an offer of proof.  They should point
> out specifically the portion of the warrant affidavit that is claimed to be
> false; and they should be accompanied by a statement of supporting
> reasons.  Affidavits or sworn or otherwise reliable statements of witnesses
> should be furnished, or their absence satisfactorily explained.  Allegations
> of negligence or innocent mistake are insufficient.  The deliberate falsity
> or reckless disregard whose impeachment is permitted today is only that of
> the affiant, not of any nongovernmental informant.  Finally, if these
> requirements are met, and if, when material that is the subject of the alleged
> falsity or reckless disregard is set to one side, there remains sufficient
> content in the warrant affidavit to support a finding of probable cause, no
> hearing is required.

---

[2] Even before the Supreme Court's decision in *Franks*, the Eighth Circuit, like most federal
courts of appeal, allowed challenges to the statements in a search warrant affidavit. *United
States v. Marihart*, 492 F. 2d 897, 900 (8th Cir. 1974).  The circuits varied in the legal
rationale for this rule, and in the relief afforded. *See, Franks v. Delaware*, 438 U.S. 154,
160 n.4 (1978) (summarizing holdings in circuit courts of appeal cases).

438 U.S. at 171-72 (footnote omitted).

When examined under these standards, defendant Hari's claims about Detective Sergeant Robbins's affidavits fall far short of what is needed to entitle him to a hearing.

**A. The Occasional Omission Of "Full-Sized" Was Not Misleading; The Omission Was Neither Deliberate Nor Reckless; Nor Does That Single Adjective's Presence Or Absence Make Any Difference To A Finding Of Probable Cause.**

For a short time after the bombing of the Dar al-Farooq mosque, law enforcement investigated another suspect.  Eventually, that person was cleared of any involvement in the bombing.  That person drove a dark-colored pickup truck, and, as noted above, a witness had seen a dark-colored truck, similar in appearance to a Chevrolet Silverado (a pickup truck) drive rapidly out of Dar al Farooq's parking lot just before the bomb exploded.  In several Minnesota search warrant affidavits, the truck the witness saw is described as not only dark-colored, but also "full-sized."  That adjective is not present in the three Illinois search warrant affidavits.  The Illinois affidavits and the Minnesota affidavits were prepared by different affiants.

Investigation showed that defendant Hari rented a Nissan Frontier Crew Cab pickup truck from Enterprise Rental in Champaign, Illinois.  The prosecution will prove at trial that this is the truck that defendant and his two co-defendants drove to Minnesota to perpetrate the Dar al-Farooq bombing.  Defendant's entire claim that it is false to omit "full-sized" when describing a Nissan Frontier Crew Cab rests on defendant's naked

assertion that "[a] Nissan Frontier is not a full-sized truck."[3]   Defendant never explains

why not.  Defendant simply announces this to be a fact, apparently premising its truth on

no more than defendant saying it is true.   Defendant then announces, again without

elaboration or support, that Detective Sergeant Robbins's omission of this single adjective

must be intentional, and finally claims that if this single adjective is inserted into the

affidavit there is no longer probable cause.  None of these claims is true.

The affidavits presented to Magistrate Long state that an eyewitness saw a person

run away from the Dar al Farooq mosque and drive off fast in a dark, possibly black or

dark blue, truck.  The vehicle is a truck, not an SUV or a passenger car; it is dark, possibly

black or dark blue, not some other color.  In the Minnesota affidavits it is referred to as a

full-sized truck.  *See* Affidavit of FBI Special Agent Harry Samit, attached to defendant's

motion as Exhibit E, at, among other places, paragraph 5.  That the Minnesota affidavits

contained an additional adjective does not lead to a conclusion that Detective Sergeant

Robbins was untruthful, and adding "full-sized" to the three Illinois affidavits certainly

does not nullify Magistrate Judge Long's probable cause finding.

Defendant points to no evidence that the omission was either intentional or reckless,

save for the claim, at page three of defendant's supporting memorandum, that recklessness

---

[3] A 2017 Nissan Frontier Crew Cab comes in a variety of models and a variety of overall lengths.  The same is true of a 2017 Chevrolet Silverado.  Without going into unnecessary detail, the shortest variant of both trucks is 205 inches in overall length; the Nissan's longest version is 219 inches in overall length; and the Silverado's longest version is 239 inches in overall length.  This information comes from the web sites of General Motors and Nissan, respectively.  In other words, both vehicles are accurately described as "trucks" or as "full-sized trucks."

may be inferred because the material omitted is critical to a finding of probable cause.  But the material omitted is not at all critical to a probable cause finding.  Detective Sergeant Robbins's affidavits mention the dark truck driving away from Dar al Farooq in one paragraph (number three) and the rental of the Nissan Frontier Crew Cab in another two paragraphs (numbers ten and 28) of a 33 paragraph affidavit.  The balance of the affidavits describe information received from two confidential sources (paragraphs six to nine, 11, 15-16), including taped conversations of the defendant and his co-conspirators (paragraph 17) ; photographs of firearms (paragraphs six, seven, and 11); a search of a home that turned up four shotguns and four rifles, three of which had been converted, illegally, to fire fully automatically (paragraph 18); an interview of a co-conspirator's brother (paragraphs 18-22); Facebook postings by a conspirator (paragraph 16); the attempted bombing of a women's health clinic in Champaign, Illinois (paragraph four); and, most damning of all, a statement by conspirator Michael McWhorter, which includes a confession by McWhorter to the Dar al Farooq bombing, and a description of defendant Hari's role in that bombing (paragraphs 26-30).

In the face of this volume of evidence, it is untenable to claim that the omission of a single adjective in a description of a truck would have caused Magistrate Judge Long to decline to issue the requested warrant.  In addition, defendant's only support for his assertion that the omission of "full-sized" was intentional is his claim on page three of his memorandum that the omission of "full-sized" was material, and from that alleged materiality this Court is invited to infer intentionality (or at least recklessness).  But since the omission of "full-sized" was the furthest thing from material, indeed since the omission

can fairly be characterized as trivial, there is no support for defendant's claim that the

omission was intentional or reckless.

In sum, the omission of "full-sized" was not material.   There is no support for

defendant's claim that the omission was intentional or reckless on the part of Detective

Sergeant Robbins.   And even if one inserts the word "full-sized" in paragraph three of the

affidavit, Magistrate Long would still have signed the warrant.   Defendant has not met his

burden with respect to his claim that he is entitled to a *Franks* hearing to delve into the

reasons Detective Sergeant Robbins omitted one adjective from one paragraph of her 33

paragraph affidavit.   The motion for a *Franks* hearing should be denied as to the omission

of the word "full-sized."[4]

Defendant also asserts that Detective Sergeant Robbins should have included in her

affidavits the fact that the Dar al Farooq witness did not report seeing anyone else near or

in the dark colored truck.   The affidavits accurately set out what the witness saw.   What

the witness did not see (other people in the truck) is quite correctly not in the affidavit. It

is hard to understand what defendant is claiming here, but it seems to be an assertion that

a reviewing magistrate judge would be misled into believing that the witness had seen other

people in the truck from the fact that the affidavit is silent on that point.   But by that logic,

---

[4] It is not clear whether defendant is also challenging, on *Franks* grounds, the statement in the Illinois affidavits that video was collected from Dar al Farooq when it was actually collected from surrounding businesses.  Defendant's Memorandum at page six.  It does not appear defendant is pursuing any such claim, because defendant does not attempt to show that where the video came from matters for a probable cause finding.   If defendant is pursuing this claim, it fails, because defendant has not shown that the source of the video would have mattered to Magistrate Judge Long's finding that probable cause existed.

the affidavit should also state that the witness saw one truck, not two or three; that the witness saw a man running, but did not see another man walking; and so forth.  The claim that everything a witness did not observe should be in an affidavit is not persuasive, and is not grounds for a *Franks* hearing.

### B. That An Affidavit Does Not Include All Facts About An Informant, Even Facts That Might Show Bias, Is Not Grounds For A *Franks* Hearing.

Defendant believes he knows the identity of the person identified in Detective Sergeant Robbins's affidavits as CS1, and states that the affidavits omit information about the fraught relationship between CS1 and the defendant.  Assuming, for purposes of this motion, that defendant's surmise as to CS1's identity is correct, the absence of the relationship information is not material to a probable cause finding, and so is not grounds for a *Franks* hearing.

CS1 had access to the home of the defendant's parents, and took photographs, which CS1 provided to law enforcement, of firearms and other contraband inside the home (paragraph six); reported to law enforcement that the defendant had guns and bomb-making materials inside the home (paragraph seven); took photographs, which he provided to law enforcement, of items in the garage of defendant's parents' home (paragraph 11); and finally, stated that a small green propane tank looked very like one defendant had in his possession in 2008 (paragraph 15).

In a different case in which one brother was a confidential informant, and another brother was the criminal being informed upon, the Eighth Circuit has held that a district court did not abuse its discretion when it denied a *Franks* hearing when a search warrant

affidavit omitted information about the informant brother's criminal record and history of mental illness. *United States v. Gabrio*, 295 F. 3d 880, 883-84 (8th Cir. 2002).

Defendant attempts to make much of CS1's alleged ulterior motive in bringing his information to law enforcement. But most confidential sources have ulterior motives, as the Supreme Court recognized in *Illinois v. Gates*, 462 U.S. 213, 234 (1983): "[E]ven if we entertain some doubt as to an informant's motives, his explicit and detailed description of alleged wrongdoing, along with a statement that the event was observed first-hand, entitles his tip to greater weight than might otherwise be the case." In this case, CS1 observed the firearms in the house and garage first-hand and took photographs to corroborate his statements. The affidavit discloses that CS1 has been paid $1,000 by the FBI, affidavit at paragraph seven, and has no criminal record, *id.* CS1 told law enforcement he was reporting to them because he did not want anyone to get hurt. Defendant attempts to undercut the veracity of this statement by describing the contentious relationship between defendant and his brother. And, while it may be correct that defendant's brother has called the police about his brother's behavior in the past, the fact that no charges were filed does not mean the defendant's brother's past complaints were not true.

In affirming a district court's denial of a Franks hearing because an affidavit was not forthcoming about a source's potential bias, the Ninth Circuit pointed out the obvious: "It would have to be a very naïve magistrate who would suppose that a confidential informant would drop in off the street with such detailed evidence and not have an ulterior motive. The magistrate would naturally have assumed that the informant was not a disinterested citizen." *United States v. Strifler*, 851 F.2d 1197, 1201 (9th Cir. 1988).

Over and above these reasons, the affidavit is rich in facts establishing probable cause to search.  Those facts are set out in detail above in this motions response, and there is no need to belabor the evidence again here.  It is almost impossible to hypothesize an informant so tainted that the informant's background would, itself, make it impossible to find probable cause.

The defendant's motion for a *Franks* hearing should be denied.

Date:  August 1, 2019                          Respectfully Submitted,


                                               ERICA H. MacDONALD
                                               United States Attorney

                                               *s/ John Docherty*

                                               BY:    JOHN DOCHERTY
                                               Assistant United States Attorney
                                               MN Attorney Reg. No. 017516X

                                               JULIE E. ALLYN
                                               Assistant United States Attorney
                                               MN Attorney Reg. No. 256511