UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
District Court File No. 18-150 (DWF/HB)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **RESPONSE OF THE UNITED** |
| Plaintiff, | ) | **STATES TO DEFENDANT'S** |
| | ) | **MOTION TO SUPPRESS** |
| vs. | ) | **SEARCH AND SEIZURE** |
| | ) | **EVIDENCE** |
| MICHAEL HARI, | ) | |
| | ) | |
| Defendant. | ) | |

The United States of America, through its attorneys, Erica H. MacDonald, United States Attorney for the District of Minnesota, and Assistant United States Attorneys John Docherty and Julie E. Allyn, respectfully submits its Response to the Defendant's Motion to Suppress Search and Seizure Evidence (CM/ECF Docket No. 93).

The defense challenges a total of six search warrants. Of these, the government, consistent with the Meet and Confer Statement filed in this case as CM/ECF document number 95, will submit the following four warrants for "four corners" review, anticipating that there will be post-motions hearing briefing on those four search warrants:

1. 1XX South Main Road, Clarence, Illinois, Central District of Illinois court file number 18-MJ-7052;

2. 1XX North 1900E Road, Paxton, Illinois, Central District of Illinois court file number 18-MJ-7053;

3. 2XX West First Street North, Clarence, Illinois, Central District of Illinois file number 18-MJ-7063; and

1

    4. 3XX East University, Unit 227, Champaign, Illinois, District Court File No. left blank on signed warrant.

The defense also challenges two other warrants, one a second warrant for 1XX North 1900E Road in Paxton with Central District of Illinois court file number 18-MJ-7142, and a search warrant for a black ZTE cellular telephone with serial number ending in OFC9 and Central District of Illinois case file number 18-MJ-7066.  The black ZTE cell phone was searched pursuant to warrant, after being consensually surrendered to the FBI. The defense challenges that consent. The warrant for 1XX North 1900E Road in Paxton authorized the seizure of defendant Hari's laptop computer.  The computer was later searched pursuant to consent, and the defense challenges that consent also.

As to the second North 1900E Road warrant, the search of the two computers seized turned up no evidence the government will seek to introduce at trial.  That portion of defendant's motion should therefore be denied as moot.

The black ZTE cell phone was constitutionally seized and searched.  FBI Special Agent Joel Smith will testify at the motions hearing as to the consent granted to seize the black ZTE cell phone.  While the government's legal defense of the seizure of this phone will be the subject of thorough, post-hearing briefing, in summary the government will show that the defendant, apprehensive about being arrested, had fled both his home and the town of Clarence, Illinois, abandoning his phone and leaving it in the possession of co-conspirator Michael McWhorter's wife, Josie McWhorter.  By fleeing without his phone, defendant had voluntarily abandoned the phone, and with it, any possessory interest he had in the phone.  The fact that defendant fled because he was fearful of law enforcement does

not change that analysis. *United States v. Segars*, 31 F.3d 655, 658 (8th Cir. 1994); *United States v. Dawdy*, 46 F. 3d 1427, 1430 (8th Cir. 1995) (both cases upholding warrantless seizures of property that was abandoned only because of fear of law enforcement). For her part, Ms. McWhorter had a possessory interest in the phone, since it had been left with her, and that possessory interest was sufficient to allow her to validly consent to the phone's seizure; but if this Court finds that Josie McWhorter did not have a possessory interest in the phone, the Fourth Amendment was still not violated by its seizure, because the officers reasonably relied on Josie McWhorter's apparent authority.

The seizure of the phone was also justified by the exigencies of the situation. The FBI was presented with the cellular telephone of a wanted fugitive. Had the FBI left to get a warrant, the defendant could have returned at any time and wiped the phone. In fact, because phones can be wiped remotely, even standing over the phone while a warrant was applied for might not have been sufficient to preserve the data on the telephone. *United States v. Robison*, 2012 WL 1110086 (D. Minn. March 16, 2012) (exigent circumstances justified warrantless seizure of defendant's cellular telephone because defendant could easily have destroyed the information contained within the telephone).

Finally, obtaining a search warrant from a neutral and detached magistrate means that the officers acted in good faith, and therefore the search of the phone – the act that actually resulted in the discovery of evidence – was valid, whatever the circumstances of the preceding seizure.

Property is seized when there is a meaningful interference with an individual's possessory interest in the seized property. *United States v. Jacobsen*, 466 U.S. 109, 113

(1984). Consent is a "well settled" exception to the requirement to obtain a warrant before seizing property, *Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973), and must be obtained from a party with a possessory interest in the property, *United States v. Matlock*, 415 U.S. 164, 171 (1974). A third party may consent to the seizure of property if the third party shares sufficient common authority over the property. *United States v. Clutter*, 674 F.3d 980, 983 (8th Cir. 2012); *see also Matlock*, 415 U.S. at 176. *United States v. Ladell*, 127 F.3d 622, 624 (7th Cir. 1997) (recognizing the risk that a third party may consent to a search of all common areas or those areas to which the third party has access). The Fourth Amendment is not violated when law enforcement officers reasonably rely on a third party's apparent authority to consent to seizure. *Clutter*, 674 F.3d at 983.  When officers obtain a search warrant and act within its scope, they act in objective good faith, and only if there were no reasonable grounds to believe in the warrant's validity will evidence seized pursuant to a warrant be suppressed.  *United States v. Leon*, 468 U.S. 897, 920-21 (1984).

Finally, Mr. Hari seeks to suppress the contents of a box that was delivered to his house.  Apparently he was not home, and a neighbor took care of the box.  When a law enforcement officer came by defendant Hari's home on other business, the neighbor turned

the box over to the officer, who opened the box.  The government will not seek to introduce the box or its contents at trial, and this portion of defendant's motion should therefore also be denied as moot.

Dated: August 1, 2019                                   Respectfully Submitted,

                                                ERICA H. MacDONALD
                                                United States Attorney

*s/John Docherty*

BY:   JOHN DOCHERTY
Assistant United States Attorney
MN Attorney Reg. No. 017516X

JULIE E. ALLYN
Assistant United States Attorney
MN Attorney Reg. No. 256511