# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Michael Hari (01),<br><br>　　　　Defendant. | Case No. 18-cr-0150(01) (DWF/HB)<br><br><br>**ORDER** |

HILDY BOWBEER, United States Magistrate Judge

　　This case is before the undersigned United States Magistrate Judge on the nondispositive pretrial motions filed by the United States of America and Defendant Michael Hari. The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. The Court finds the motions appropriate for summary disposition and will resolve them accordingly.

　　Based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3, and 26.2 [Doc. No. 62] is **GRANTED** as required by those Rules.

2. Michael Hari's Motion to Compel Attorney for the Government to Disclose

Evidence Favorable to the Defendant [Doc. No. 82] is **GRANTED** to the extent required by *Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 405 U.S. 150 (1972); and their progeny.

3. Michael Hari's Motion for Disclosure of Results and Reports of Computer Forensic Testing [Doc. No. 83] is **DENIED AS MOOT** based on the Government's unrefuted representation that it has already disclosed all reports of forensic testing of electronic devices.

4. Michael Hari's Motion for Discovery and Inspection [Doc. No. 84] is **GRANTED** in that the Government shall provide discovery as required by Federal Rule of Criminal Procedure 16 to the extent it has not already done so.

5. Michael Hari's Motion to Disclose and Make Informant Available for Interview [Doc. No. 86] is **GRANTED** in that the Government shall disclose three weeks before trial the identity and location of any informants who are material percipient witnesses.  The Government shall also disclose the criminal record of any such informant who will testify at trial.

6. Michael Hari's Motion for Early Disclosure of Jencks Act Material [Doc. No. 87] is **DENIED**.  *See United States v. White*, 750 F.2d 726, 729 (8th Cir. 1984).  The Government has agreed, however, to voluntarily disclose all Jencks Act material not already disclosed no less than two weeks before trial.

7. Michael Hari's Motion for Government Agents to Retain Rough Notes and Evidence [Doc. No. 88] is **GRANTED** as to retention and preservation only.

8. Michael Hari's Motion for Specific Discovery [Doc. No. 90] is **DENIED AS**

    **MOOT** based on the Government's representation at the motion hearing that it has neither solicited nor received any materials that are protected by the attorney-client privilege. The Government's attorney will, however, follow up with the Anoka County Attorney about whether Anoka County Sheriff's Office training materials, and written policies and procedures related to searching and copying inmate property and mail, may be produced without a subpoena, and will follow up with defense counsel on that subject.

9. Michael Hari's Motion for Disclosure of Results and Reports of Forensic Testing [Doc. No. 91] is **GRANTED** in that the Government has agreed to disclose all requested information pertaining to DNA laboratory testing and fingerprint evidence.

10. Michael Hari's Motion for Disclosure of Rule 404 Evidence [Doc. No. 92] is **GRANTED** to the extent that the Government shall give notice no later than three weeks before trial of its intention to introduce Rule 404(b) evidence. If the Government discovers any Rule 404(b) evidence after the deadline, it shall produce the evidence as soon as possible. The Government has also agreed to identify three weeks before trial any Illinois evidence it intends to offer as intrinsic evidence at the Minnesota trial.

Dated: August 21, 2019

                                             s/ *Hildy Bowbeer*
                                             HILDY BOWBEER
                                             United States Magistrate Judge