**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| United States of America, | Criminal No. 18-150(1) (DWF/HB) |
| Plaintiff, | |
| v. | **ORDER ON REPORT AND RECOMMENDATION** |
| Michael Hari, | |
| Defendant. | |

This matter is before the Court upon Defendant Michael Hari's ("Defendant") objections (Doc. No. 139) to Magistrate Judge Hildy Bowbeer's September 17, 2019 Report and Recommendation (Doc. No. 131) insofar as it recommends that Defendant's Motion to Dismiss (Doc. No. 94) be denied. The government responded to Defendant's objections. (Doc. No. 141.)

The Court has conducted a *de novo* review of the record, including a review of the arguments and submissions of counsel, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b). The factual background for the above-entitled matter is clearly and precisely set forth in the Report and Recommendation and is incorporated by reference for purposes of Defendant's objections.

In short, on June 20, 2018, a federal grand jury charged Defendant in a five-count indictment stemming from Defendant's role in the August 5, 2017 bombing of the Dar al Farooq Islamic Center in Bloomington, Minnesota. The indictment charges the following: (1) Intentionally Defacing, Damaging, and Destroying any Religious Real

Property Because of the Religious Character of that Property (in violation of 18 U.S.C. §§ 247(a)(1) and 18 U.S.C. § 2); (2) Intentionally Obstructing, and Attempting to Obstruct, by Force and the Threat of Force, the Free Exercise of Religious Beliefs (in violation of 18 U.S.C. §§ 247(a)(2) and 18 U.S.C. § 2); (3) Conspiracy to Commit Federal Felonies by Means of Fire and Explosives (in violation of 18 U.S.C. §§ 844(h) and 844(m)); (4) Carrying and Using a Destructive Device During and in Relation to Crimes of Violence (in violation of 18 U.S.C. § 924(c)(1)(B)(2) and 18 U.S.C. § 2); and (5) Possession of an Unregistered Destructive Device (in violation of 26 U.S.C. §§ 5845(a) and 5861(d), and 18 U.S.C. § 2.) In his motion to dismiss, Defendant raised four challenges to the offenses with which he is charged. In the Report and Recommendation, Magistrate Judge Bowbeer considered Defendant's challenges.

First, Magistrate Judge Bowbeer considered Defendant's argument that 18 U.S.C. § 247(a) is facially invalid because Congress exceeded its authority under the Commerce Clause in enacting the statute. Judge Bowbeer explained that while the Eighth Circuit has not addressed the challenge raised, two federal courts have determined that Congress did not exceed its Commerce Clause authority when it enacted § 247. *See* Doc. No. 131 at 5 (citing *United States v. Ballinger*, 395 F.3d 1218, 1222, 1225-30 (11th Cir. 2005); *United States v. Roof*, 225 F. Supp. 3d 438, 452-55 (D.S.C. 2016)). The Magistrate Judge also noted the three broad categories of activity that Congress can regulate under the Commerce Clause: (1) "the use of the channels of interstate commerce"; (2) "the instrumentalities of interstate commerce, or persons or things in interstate commerce, even though the threat may come only from intrastate activities"; and (3) "activities that

substantially affect interstate commerce." *United States v. Lopez*, 514 U.S. 549, 558-59 (1995). The Magistrate Judge then concluded that § 247 is a valid exercise of Congress's authority under *Lopez* because: (1) Congress clearly invoked its authority to regulate[1] the channels and instrumentalities of interstate commerce and Defendant has not established that there is no set of circumstances under which § 247 would be a valid exercise of this authority; and (2) § 247 is a valid exercise of the authority to regulate "activities that substantially affect interstate commerce."

Second, Judge Bowbeer considered Defendant's argument that Counts 1-4 should be dismissed because the Government's pre-prosecution certification required by 18 U.S.C. § 247(e) is inadequate. The Magistrate Judge concluded that the certification is valid to the limited extent that it is reviewable, and that the Attorney General's judgment that the prosecution is in the public interest and necessary for substantial justice is not reviewable. (Doc. No. 141 at 13-17.)

Third, Defendant argued that the offenses charged in 18 U.S.C. § 247(a)(1) and § 247(a)(2) are multiplicitous and violated the Double Jeopardy Clause. The Magistrate Judge, however, found that § 247(a)(1) requires proof of an element (motive) that § 247(a)(2) does not; namely, that the defendant defaced, damaged, or destroyed religious real property (or attempted to do so) because of the religious character of the property. (Doc. No. 131 at 18-19.) In addition, the Magistrate Judge found that § 247(a)(2)

---

[1] The Magistrate Judge explained that § 247 was amended to add an interstate commerce requirement after a successful Commerce Clause challenge to a different criminal statute in *Lopez*.

requires proof of obstruction (that defendant obstructed (or attempted to obstruct) the free exercise of religious beliefs)—an element that § 247(a)(1) does not require. (*Id.*) The Magistrate Judge concluded that Count 1 and Count 2 of the Indictment are not multiplicitous and, therefore, do not place Defendant in double jeopardy.

Finally, Judge Bowbeer considered Defendant's argument that Count 4, which charges Defendant with carrying and using a destructive device during and in relation to crimes of violence, in violation of 18 U.S.C. § 924(c)(1)(B)(2) and 18 U.S.C. § 2, should be dismissed because the offenses set forth in § 247(a)(1) and § 247(a)(2) do not qualify as predicate "crimes of violence" for purposes of § 924(c). Defendant argues that the violations of §§ 247(a)(1) and (a)(2) are not categorically crimes of violence under § 924(c) because they do not necessarily involve the use of force "against the person or property of another," reasoning that a person could be prosecuted under the statute for destroying his or her own religious property. The Magistrate Judge, however, concluded that the requisite elements of the statutes show that there is no "realistic probability" that someone could damage his or her religious real property because of the religious characteristics of the property. Thus, the Magistrate Judge concluded that the offenses set forth in § 247(a)(1) and § 247(a)(2) qualify as predicate "crimes of violence" for purposes of § 924(c).

In his objections, Defendant raises many of the same arguments made in support of the motion to dismiss. The Court has carefully reviewed Defendant's objections and the arguments in response. After that review, the Court finds no reason to depart from the Magistrate Judge's recommendations, which are both factually and legally correct.

The Magistrate Judge thoroughly reviewed and analyzed the four challenges Defendant raised. The Magistrate Judge correctly concluded that Defendant's motion to dismiss should be denied. Accordingly, and based upon the Court's *de novo* review of the record, the arguments and submissions of the parties, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

### ORDER

1. Defendant Michael Hari's objections (Doc. No. [139]) to Magistrate Judge Bowbeer's September 17, 2019 Report and Recommendation are **OVERRULED**.

2. Magistrate Judge Bowbeer's September 17, 2019 Report and Recommendation (Doc. No. [131]) is **ADOPTED**.

3. Defendant's Motion to Dismiss (Doc. No. [94]) is **DENIED**.

Dated: December 20, 2019                                 s/Donovan W. Frank
                                                                 DONOVAN W. FRANK
                                                                 United States District Judge