**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| United States of America, | Criminal No. 18-150(1) (DWF/HB) |
| Plaintiff, | |
| v. | **ORDER ON REPORT AND RECOMMENDATION** |
| Michael Hari, | |
| Defendant. | |

This matter is before the Court upon Defendant Michael Hari's ("Defendant") objections (Doc. No. 142) to Magistrate Judge Hildy Bowbeer's Oral Order from the bench (Doc. No. 118) denying Defendant's motion for a *Franks* Hearing (Doc. No. 96), and to Magistrate Judge Bowbeer's October 21, 2019 Report and Recommendation (Doc. No. 140) insofar as it recommends that: (1) Defendant's Motion to Suppress Fruits of Unlawful Search and Seizure (Doc. No. 93) be denied, except as to the UPS box delivered to Defendant's home in March 2018, which should be denied as moot; (2) Defendant's Motion to Suppress Eyewitness Identifications (Doc. No. 85) be denied as moot; and (3) Defendant's Motion to Suppress Statements (Doc. No. 89) be denied as moot. The government responded to Defendant's objections. (Doc. No. 147.)

**I.     Legal Standards**

A district judge may refer dispositive matters to a magistrate judge, after which referral the magistrate judge makes recommended findings and rulings. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b). Upon timely objection to a report and

recommendation of a magistrate judge, the district judge reviews the recommendation *de novo*. 28 U.S.C. § 636(b); Fed. R. Crim. P. 59(b)(3). Motions to suppress evidence are dispositive, and thus magistrate judges offer recommendations as to their disposition. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(1).

A magistrate judge may also be designated to rule on any non-dispositive matter pending before the court. 28 U.S.C. § 636(b); Fed. R. Crim. P. 59(a). Upon timely objection by either party, the district judge reviews a magistrate judge's order and will set it aside to the extent it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Crim. P. 59(a). Motions for *Franks* hearings are non-dispositive and, therefore, reviewed for clear error. *See, e.g.*, *United States v. Mays*, Crim. No. 19-75, 2019 WL 4565636, at *1, 4 (D. Minn. Sept. 20, 2019).

## II. Background

On June 20, 2018, a federal grand jury charged Defendant in a five-count indictment stemming from Defendant's role in the August 5, 2017 bombing of the Dar al Farooq Islamic Center in Bloomington, Minnesota. The indictment charges the following: (1) Intentionally Defacing, Damaging, and Destroying any Religious Real Property Because of the Religious Character of that Property; (2) Intentionally Obstructing, and Attempting to Obstruct, by Force and the Threat of Force, the Free Exercise of Religious Beliefs; (3) Conspiracy to Commit Federal Felonies by Means of Fire and Explosives; (4) Carrying and Using a Destructive Device During and in Relation to Crimes of Violence; and (5) Possession of an Unregistered Destructive Device. (Doc. No. 14.) In his motion to suppress, Defendant challenges search warrants for the

following as lacking in probable cause and relying on stale information: (1) his office; (2) his parents' home; (3) his home; (5) his cell phone; and (6) a box that UPS delivered to his home.[1]

The Magistrate Judge thoroughly detailed the averments in the affidavits in support of the relevant search warrants. The Court refers to and incorporates the description of the averments as recited in the Report and Recommendation. (Doc. No. 140 at 8-14 (averments in support of the application for the warrant to search Defendant's office); *id*. at 16-18 (Defendant's parents' home); *id*. at 18-19 (Defendant's residence).)

### III. Motion to Suppress

As to Defendant's objections to the October 21, 2019 Report and Recommendation on Defendant's motions to suppress, the Court has conducted a *de novo* review of the record, including a review of the arguments and submissions of counsel. The factual background for the above-entitled matter is clearly and precisely set forth in the Report and Recommendation and is incorporated by reference for purposes of Defendant's objections.

---

[1] In the Report and Recommendation, the Magistrate Judge explained that Defendant's motion as to a UPS box was moot and that Defendant had abandoned his challenges to the searches of a U-Haul storage unit and his parents' home on August 21, 2018. (Doc. No. 140 at 6.) The searches and seizures at issue here include the: (1) March 13, 2018 search of Defendant's office; (2) March 13, 2018 search of Defendant's parents' home; (3) March 26, 2018 search of Defendant's home; and (4) the warrantless seizure and subsequent search pursuant to a warrant of Defendant's cell phone.

3

As an initial matter, the Court notes that a search warrant must be supported by probable cause, supported by a sworn affidavit, and must describe with particularity the place to be searched and the items or persons to be seized. U.S. Const. amend. IV. "Probable cause means a 'fair probability that contraband or evidence of a crime will be found in a particular place,' given the circumstances set forth in the affidavit." *United States v. Horn*, 187 F.3d 781, 785 (8th Cir. 1999) (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)). A probable cause determination is made after considering the totality of the circumstances. *United States v. Gettel*, 474 F.3d 1081, 1086 (8th Cir. 2007). Moreover, the affidavit supporting a search warrant must establish a "nexus . . . between the item to be seized and the criminal behavior," *Warden v. Hayden*, 387 U.S. 294, 307 (1967), as well as a nexus between the contraband and the place to be searched, *United States v. Tellez*, 217 F.3d 547, 550 (8th Cir. 2000). As to the issue of staleness, "[t]here is no bright-line test." *United States v. Maxim*, 55 F.3d 394, 397 (8th Cir. 1995). Instead, many factors, such as the passage of time, the nature of the criminal activity, and the kind of property subject to the search must be considered. *Id.*; *United States v. Gettel*, 474 F.3d at 1086. Finally, a court reviewing a previous determination of probable cause must give "great deference" to the determination and "[simply] ensure that the [issuing judge] had a substantial basis for concluding that probable cause existed." *Illinois v. Gates*, 462 U.S. 213, 236-39 (1983) (internal citations omitted).

  **A.** **Search of Defendant's Office**

The Magistrate Judge found that the search warrant affidavit for Defendant's office establishes the requisite nexus between his office and the alleged criminal activity

and concluded that, considering the totality of all of the other facts in the affidavit, specific information established that a search of Defendant's office would likely result in the discovery of evidence of the alleged criminal activities under investigation, and that the information linking the office to criminal activity was not stale. (Doc. No. 140 at 14-15.) The specific information noted by the Magistrate Judge includes: (1) in January 2018, CS2 told investigators that Defendant, Michael McWhorter, and Joe Morris bombed the Dar al Farooq Islamic Center and attempted to bomb the Women's Health Practice; (2) CS2 had seen fully automatic firearms, M4s, video jammers, and Tannerite in Defendant's possession and said they were kept in a safe in Defendant's office; (3) Herbert McWhorter (co-defendant Michael McWhorter's brother) told investigators in February 2018 that he saw Defendant attempt to ignite fluid and a wire on the doorstep of his office about one month earlier, that he saw Defendant attempt to ignite a red powdery substance at the office, and that he saw Defendant and Joe Morris cleaning two semiautomatic and one fully automatic weapons at the office. The Magistrate Judge also considered Defendant's statements that they "had moved that stuff already anyway" and "[t]here is nothing illegal in our vault." (Doc. No. 140 at 15.) The Magistrate Judge explained that even if the guns had been removed by the time the search was executed in March 2018, there was evidence that Defendant had, at one time, used his office to store contraband and evidence of illegal activity. (*Id.*) The Magistrate Judge found that it was, therefore, reasonable to believe that evidence could still be present. Moreover, the Magistrate Judge found that the information linking Defendant's office to the criminal activity was not stale.

In his objections, Defendant maintains that the information in the affidavit fails to provide a sufficient nexus to search his office, arguing that the allegations and information from two sources demonstrate that any potentially incriminating material had been removed from the office and, therefore, there was no probable cause to search the office without further particularized knowledge about what was there. Moreover, Defendant asserts that there is no nexus created by the information about two "failed science experiments" because they were presumably conducted outside of the office and do not indicate criminal wrongdoing. In addition, Defendant reiterated that the information provided with respect to his office was stale as of March 13, 2018.

Based on a *de novo* review of the record, the Court finds no reason to depart from the Magistrate Judge's recommendation as to the search warrant for Defendant's office. The Magistrate Judge's conclusions are both factually and legally correct. Specifically, the averments in the affidavit offer abundant information upon which to find probable cause, including information received from a confidential source and an eyewitness account, that would support a reasonable belief that evidence of contraband and illegal activity could be present at Defendant's office, and to establish a nexus between Defendant's office and the crimes under investigation. The Court also finds, as the Magistrate Judge did, that considering all of the facts in the affidavit together, it would be reasonable to infer that Defendant's office was a primary and frequent location for Defendants and others to meet and discuss criminal activities under investigation, store guns, and store and test materials for making bombs. Thus, given the nature of the criminal activity under investigation, the items stored in Defendant's office, and the

recurrent association of Defendant's office with criminal activity, the information linking Defendant's office to criminal activity was not stale.

B. **Search of Defendant's Parents' Home**

In the Report and Recommendation, the Magistrate Judge found that Defendant neither claimed nor showed that he had a reasonable expectation of privacy in his parents' home, indeed stating that Defendant "evaded his burden entirely." (Doc. No. 140 at 17.) The Magistrate Judge did, however, find that Defendant had a reasonable expectation of privacy in the specific room in which he slept while at his parents' home. The Magistrate Judge also found that averments made in support of the search warrant establish a nexus between Defendant's parents' home and the crimes under investigation. The affidavit in support of the search warrant contains averments that Defendant occupied a certain room in his parents' home when he stayed with them, he stayed at his parents' house "quite often," and he kept guns and bomb-making materials at his parents' house. In addition, the Magistrate Judge notes the information provided by CS1, namely that Defendant had access to his parents' garage, photographs from inside the garage showing a copy of *The Anarchist's Handbook*, which included instructions for making Thermite, and tools such as a drill that could be used to make bombs; as well as information from Michael McWhorter that he had helped Defendant drill an assault rifle while in Defendant's parents' garage so that the rifle could shoot fully automatically. Finally, the Magistrate Judge found that the information in the search warrant affidavit was not stale.

In his objections, Defendant continues to maintain that he had a reasonable expectation of privacy in his parents' home and to challenge the sufficiency of the nexus between the alleged criminal activity and his parents' house. Defendant also reiterates his argument that the evidence placing any suspicion on his parents' home was stale and questions the credibility of the informant providing information in support of the search warrant.

Based on a *de novo* review of the record, the Court finds no reason to depart from the Magistrate Judge's recommendation as to the search warrant for Defendant's parents' home. The Magistrate Judge's conclusions are both factually and legally correct. Specifically, the averments in the affidavit, as outlined above, offer abundant information upon which to find probable cause that evidence of contraband and illegal activity could be present at Defendant's parents' home and to establish a nexus between Defendant's parents' home and the crimes under investigation. In addition, the information in the search warrant was not stale. As the Magistrate Judge noted, CS1 provided information about Defendant's connection to the home in December 2017 and mid-February 2018, and Michael McWhorter provided information just three days before the search warrant issued.

### C. Search of Defendant's Residence

The Magistrate Judge found that the search warrant affidavit for Defendant's residence establishes the requisite nexus between his residence and the alleged criminal activity and concluded that, considering the totality of the circumstances, the information established that a search of Defendant's residence would likely result in the discovery of

evidence of the alleged criminal activities under investigation. In addition, the Magistrate Judge found that the information linking the office to criminal activity was not stale. (Doc. No. 140 at 18-20.) The Magistrate Judge incorporated by reference the averments included in the affidavits supporting the search warrants for Defendant's office and his parents' home. In addition, the Magistrate Judge noted the additional affidavit support of the warrant for Defendant's residence: (1) that Michael McWhorter told investigators during an interview on March 13, 2018, that he and Defendant had traveled to a gun shop in Indiana and purchased about 10 pounds of black powder; and (2) that Defendant said he had burned some of the black powder later used to make the Minnesota incendiary device in the fireplace of his residence. The Magistrate Judge considered Defendant's arguments that the affidavit did not establish a nexus between his home and criminal activity, and concluded that, given the totality of the circumstances described in the affidavit, including the black powder burned in his fireplace, it would be reasonable to infer that Defendant would have had contraband or evidence related to the criminal activity under investigation at his residence. The Magistrate Judge explained that given the brief amount of time after Michael McWhorter gave critical information to investigators, the nature of the crimes, the kind of property to be seized, and the close connection between Defendant and his residence, the information in the affidavit was not stale.

In his objections, Defendant maintains that the information in the affidavit fails to provide a sufficient nexus to search his residence, and, therefore, there was no probable cause to search his residence without further substantive additions to the affidavit used to

9

obtain search warrants of his office and his parents' home. In addition, Defendant reiterated that the information provided with respect to his residence was stale. Defendant also argues that because the search of his residence is based on evidence obtained from the searches of his office and his parents' home, it must be invalidated as the fruit of the poisonous tree.

Based on a *de novo* review of the record, the Court finds no reason to depart from the Magistrate Judge's recommendation as to the search warrant for Defendant's residence. The Magistrate Judge's conclusions are both factually and legally correct. Specifically, the averments in the affidavit offer abundant information upon which to find probable cause, including information received from a co-defendant, that would support a reasonable belief that evidence of contraband and illegal activity could be present at Defendant's residence, and to establish a nexus between Defendant's residence and the crimes under investigation. In addition, the information in the search warrant was not stale. Finally, because the Court has already determined that the searches of Defendant's office and his parents' home were legal, no evidence obtained from the search of his residence should be suppressed on the basis that it is the fruit of the poisonous tree.

        D.      **Seizure and Search of Defendant's Cell Phone**

The Magistrate Judge considered Defendant's challenge to both the warrantless seizure of his cell phone from Josie McWhorter's home and the subsequent search of this cell phone pursuant to a warrant. The Magistrate Judge carefully recited the relevant facts related to the seizure and search of Defendant's cell phone. The Magistrate Judge then determined, after considering the relevant factors, that Defendant abandoned his

phone and, therefore, relinquished his expectation of privacy in the phone. In the alternative, the Magistrate Judge concluded that exigent circumstances justified the seizure of Defendant's phone until a search warrant could be obtained. As to the search of the phone pursuant to a warrant, the Magistrate Judge found that the affidavit set forth adequate probable cause and described a nexus between the phone and criminal activity, that the information was not stale, and in the alternative, the *Leon* good-faith exception would apply.

After carefully considering Defendant's objections and reviewing the record *de novo*, the Court finds no reason to depart from the Magistrate Judge's recommendation as to the seizure and search of Defendant's cell phone. The Magistrate Judge's conclusions are both factually and legally correct and the Court reaches the same conclusions after its *de novo* review.

For all of the above reasons and based on a *de novo* review of the record, the Court overrules Defendant's objections to the Magistrate Judge's Report and Recommendation on Defendant's Motion to Suppress.

**II.** *Franks* **Motion**

On July 18, 2019, Defendant filed a "Motion for Hearing Pursuant to *Franks v. Delaware*." (Doc. No. 96.) Both parties filed related memoranda. (Doc. Nos. 97, 101.) On August 8, 2019, the parties orally argued the *Franks* motion. Subsequently, the Magistrate Judge issued an Order from the bench denying Defendant's motion for a *Franks* hearing. (Doc. No. 127 at 39-44.) The Magistrate Judge explained her reasoning on the record. (*Id.*) Defendant sought reconsideration of the Magistrate Judge's *Franks*

ruling. In the Report and Recommendation, the Magistrate Judge explained that Defendant did not properly move for reconsideration and, even if he had, "he has provided no new evidence or argument that would warrant reconsideration." (Doc. No. 140 at 2, n.2.) The Magistrate Judge explained that, to the extent that Defendant intended to appeal the *Franks* ruling, the matter is for the District Court. (*Id*.) Defendant has now objected to the Magistrate Judge's ruling on the *Franks* motion. This motion constitutes an appeal of a non-dispositive order and, therefore, reviewed for clear error. *See United States v. Mays*, 2019 WL 4565636, at *1 ("Because a motion for a *Franks* hearing is non-dispositive, the May 24 Order is reviewed for clear error.").

"A finding is clearly erroneous when, although there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been committed. This standard is extremely deferential. A decision is contrary to law when [a court] fails to apply or misapplies relevant statutes, case law or rules of procedure." *United States. v. Boston Scientific Corp.*, Civ. No. 11-2453, 2019 WL 4052327, at *1 (D. Minn. Aug. 28, 2019) (internal citations and quotation marks omitted).

Under *Franks*, a criminal defendant may challenge the veracity of statements in affidavits supporting search warrant applications. In accordance with controlling precedent governing *Franks* hearings, the Magistrate Judge assessed whether Defendant had made a substantial preliminary showing that (1) an affiant made a false statement or omitted facts with the intent to mislead the issuing judge, or made a false statement or omitted facts in reckless disregard of the fact that the statements or omissions would mislead, and (2) the affidavit, if considered without the false statement or supplemented

12

by the omitted information, could not support a finding of probable cause. *See, e.g.*, *United States v. Gater*, 868 F.3d 657, 659-60 (8th Cir. 2017). Specifically, the Magistrate Judge applied the relevant law in determining that the showing required under *Franks* was not met, and in doing so gave a detailed and thorough recitation of the facts supporting the decision. In particular, the Magistrate Judge carefully considered Defendant's claims that the adjective "full-sized" had been omitted when describing a truck in affidavits and that the affidavits did not include information that was allegedly indicative of a law enforcement's source's bias against Defendant. As to the former, the Magistrate Judge found that the word "full-sized" was not omitted with intent to mislead or even in reckless disregard and, in any event, "the omission is simply not material to probable cause here" and proceeded to list facts contributing to the finding of probable cause. (Doc. No. 127 at 40-41 (noting abundant information upon which to find probable cause, including eyewitness account, information received from confidential sources, recorded conversations of Defendant and co-conspirators, and a co-defendant's statement that implicated Defendant).) And as to the latter, the Magistrate Judge held that even with the inclusion of the information that Defendant claims would show that a law enforcement source was biased, the search warrant affidavits would still have supported a finding of probable cause. (*Id.* at 43.)

The Court holds that the Magistrate Judge's ruling denying Defendant's motion under *Franks* was neither contrary to law nor clearly erroneous. In addition, the Court finds any new suggestion by Defendant that search warrant photographs were tampered with or altered to lack merit.

13

Accordingly, and based upon the Court's review of the record, the arguments and submissions of the parties, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

**ORDER**

1. Defendant Michael Hari's objections (Doc. No. [142]) to Magistrate Judge Bowbeer's October 21, 2019 Report and Recommendation are **OVERRULED**.

2. Magistrate Judge Bowbeer's October 21, 2019 Report and Recommendation (Doc. No. [140]) is **ADOPTED**.

3. Defendant's Motion to Suppress (Doc. No. [93]) is **DENIED**, except as to the UPS box delivered to Defendant's home in March 2018, which is **DENIED AS MOOT**.

4. Defendant's Motion to Suppress Eyewitness Identifications (Doc. No. [85]) is **DENIED AS MOOT**.

5. Defendant's Motion to Suppress Statements (Doc. No. [89]) is **DENIED AS MOOT**.

6. Magistrate Judge Bowbeer's *Franks* ruling is **AFFIRMED**.

Dated: December 20, 2019  s/Donovan W. Frank
DONOVAN W. FRANK
United States District Judge