UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 18-150 (DWF/HB)

UNITED STATES OF AMERICA,

                Plaintiff,

   v.

MICHAEL HARI,

                Defendant.

**NOTICE OF THE GOVERNMENT'S INTENT TO INTRODUCE EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b)**

The United States of America, by and through its attorneys, Erica H. MacDonald, United States Attorney for the District of Minnesota, and Assistant United States Attorneys John Docherty, Julie E. Allyn, and Allison Ethen, hereby gives notice of the United States' intent to introduce evidence pursuant to Rule 404(b) of the Federal Rules of Evidence at the trial of this case.  The government will submit argument in support of the admission of the Rule 404(b) evidence in its trial brief in this matter.  The trial brief is due on Thursday, February 6, 2020.  The majority of discovery related to potential Rule 404(b) evidence has been disclosed to the defense, and some additional information will be forthcoming in the very near future.

## RULE 404(b) EVIDENCE

The evidence described below is admissible under Fed. R. Evid. 404(b) to show intent, motive, preparation, plan, modus operandi, knowledge, the organized nature of the White Rabbit militia, and the leadership role played by of defendant Hari in that militia group.

1.      The government will introduce evidence of the attempted bombing, on November 7, 2017, of the Women's Health Practice, located in Champaign, Illinois.  The Women's Health Practice was a clinic offering various medical services, including abortion.  The bombing was perpetrated by defendant Hari, together with Michael McWhorter, Joe Morris, and others.

2.      The government will introduce evidence that on or about December 4, 2017, defendant Hari, together with co-defendants and fellow White Rabbit members Michael McWhorter and Joe Morris, perpetrated an armed robbery of a Wal-Mart store in Watseka, Illinois.  The motive for the armed robbery was that defendant Hari believed Wal-Mart funded Antifa, and to fund the White Rabbit militia.

3.      The government will introduce evidence that on or about December 16, 2017, defendant Hari, together with Michael McWhorter, Joe Morris, and others, invaded a home in Ambia, Indiana and robbed the occupants at gunpoint. The motive for the home invasion was that defendant Hari believed the occupants of the home to be persons present in the United States in violation of the immigration laws of the United States, and to be dealers in narcotic drugs.  The home invasion was also motivated by a desire to fund the White Rabbit militia.

4.      The government will introduce evidence that on or about December 17, 2017, defendant Hari, together with Michael McWhorter, Joe Morris, and others, attempted to perpetrate an armed robbery of a Wal-Mart store in Mount Vernon, Illinois.  The motive for the armed robbery was that defendant Hari believed Wal-Mart funded Antifa, and to fund the White Rabbit militia.

2

5.     The government will introduce evidence that on or about January 17, 2018 near Effingham, Illinois, defendant Hari, together with Joe Morris and Michael McWhorter, used an incendiary device to vandalize a segment of railroad track used by the Canadian National Railway.   Hari then anonymously communicated to the Canadian National Railway the threat that unless the railway paid them a certain sum of a digital currency, further attacks would take place.

## INTRINSIC EVIDENCE

Rule 404(b) does not encompass acts which are "intrinsic" to the charged offense. Fed. R. Evid. 404 Advisory Committee's Notes, 1991 Amendments.   If conduct of the defendant is an "intrinsic" part of the charged offense, but could otherwise be considered a "bad act," then Rule 404(b) does not contemplate that notice of such evidence be given. The distinction is an important one as the defendant may claim the government must give notice of every "bad act" it intends to introduce, which is not correct.   *United States v. Adediran*, 26 F.3d 61, 63 (8th Cir. 1994) (standards applicable to evidence considered under Rule 404(b) do not apply to such "inextricably intertwined" evidence).   The government will introduce evidence of several acts that are intrinsic to the offenses charged.   Although the Government believes the evidence is intrinsic, the government provides notice of its intent to offer the following evidence in its case-in-chief out of an abundance of caution.

1.     This case involves a domestic terrorist organization, a militia.   It was the nature of this militia that its members possessed firearms, including fully automatic firearms (as well as other weapons), and there will be evidence that the White Rabbits had

firearms.  Part of this will be evidence that defendant Hari, between July 2017 and March 2018, possessed firearms, and that on occasion the firearms Hari possessed were fully automatic.  Michael McWhorter will testify that on the drive from Illinois to Dar al-Farooq, he saw AR-15 style rifles in the cab of the Nissan Frontier, and that he later fired one of those weapons in fully automatic mode.  Also, defendant Hari converted semi-automatic rifles into fully automatic rifles in the garage of his parents' home in Paxton, Illinois, and Hari and other members of the White Rabbits then fired those weapons in fully automatic mode in a field outside Paxton.  With certain narrow exceptions, none of which applies in this case, it is illegal to possess fully automatic firearms.  It is illegal for defendant Hari to possess any firearms at all, because he is a convicted felon.  Hari's status as a felon does not move testimony about his possession of firearms into the category of Rule 404(b) evidence.  Testimony about firearms remains straightforward testimony chronicling the activities of this militia group.

3.      It was also the nature of this militia that its members frequently discussed possible attacks and future crimes. Testimony that recounts what the White Rabbits were doing on a particular day, or during a particular event, will involve a recounting of those plots, and testimony about those plots should not be foreclosed.  For example, during the trip that defendants Hari, Morris, and McWhorter took to Minnesota to bomb the Dar al-Farooq mosque, defendant Hari also proposed to the group that they attack the Planned Parenthood location in Saint Paul, Minnesota.  Defendant Hari also proposed going to Missouri on the way back to Illinois from Minnesota to rob a branch of the Bank of America, because Hari associated the Bank of America with George Soros.  Neither idea

4

was put into action, but Morris and McWhorter may testify about these discussions.  Also, by showing that Hari selected the targets for attack, this evidence is important to establish Hari's leadership of the White Rabbit militia.

## EVIDENCE INDEPENDENTLY ADMISSIBLE TO SHOW CONSCIOUSNESS OF GUILT

As evidence of consciousness of guilt, the government will introduce evidence that defendant Hari fled from law enforcement on one occasion, attempted to escape from custody on another, and attempted to frame his neighbors in Clarence, Illinois for his own crimes.  None of this evidence is within the scope of Rule 404(b); all of it is admissible on the completely independent basis of showing that Hari knew what he was doing was criminal, and that he feared apprehension.  This evidence is admissible to show Hari's consciousness of guilt.  ". . . [T]he fact of an accused's flight, escape from custody, resistance to arrest, concealment, assumption of a false name, and related conduct, are admissible as evidence of consciousness of guilt, and thus of guilt itself." *United States v. Clark*, 45 F. 3d 1247, 1250 (8th Cir. 1995) (quoting 2 Wigmore, *Evidence* § 276, at 122 (James H. Chadbourn rev. 1979)).  *United States v. Barnes*, 140 F.3d 737, 738 (8th Cir.1998) ("Evidence of flight or escape is admissible and has probative value as evidence of consciousness of guilt").

1.      The government will introduce evidence that on or about February 18, 2018 defendant Hari tried to frame his neighbors in Clarence, Jon and Hope O'Neill, for possession of explosives, and tried to make it appear the O'Neills intended to use explosives to commit a hate crime.  It was of course Hari himself who possessed

explosives, and Hari himself who used explosives to commit a hate crime.  The attempted framing of the O'Neill's is evidence of consciousness of guilt, and of intent.

2.     The government will introduce evidence that on February 27, 2018 defendant Hari fled from law enforcement when he observed federal agents conducting interviews in Clarence, Illinois.  Defendant Hari and his co-conspirators Michael McWhorter, Joe Morris, and Ellis "E.J." Mack lived rough until March 10, 2018, when they returned to Clarence, Illinois.

3.     The government will introduce evidence that on February 13, 2019, while being transported from Illinois to Minnesota by the U.S. Marshals' Service, defendant Hari attempted to escape from custody.  The escape attempt occurred outside the Grady County Correctional Facility.  Grady County is near Oklahoma City, Oklahoma.  The U.S. Marshals' Service often uses Oklahoma City as a hub for federal inmates who are being

transported from one part of the country to another.  Defendant Hari jumped from a van when it stopped to take on additional inmates for transport from Grady County to Oklahoma City.  Because Hari fell, he was quickly apprehended, and the Marshals' Service completed his transport to Minnesota.


Dated:          January 30, 2020                Respectfully submitted,

                                                ERICA H. MacDONALD
                                                United States Attorney

                                                *s/ John Docherty*

                                                BY:  JOHN DOCHERTY
                                                Assistant United States Attorney
                                                Attorney Reg. No. 017516X

                                                JULIE E. ALLYN
                                                Assistant United States Attorney
                                                Atty. Reg. No. 256511

                                                ALLISON ETHEN
                                                Assistant United States Attorney
                                                Atty. Reg. No. 0395353