## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No. 18-150(1) (DWF/HB) |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **DEFENDANT'S REPLY TO** |
| MICHAEL HARI, | ) | **GOVERNMENT RESPONSE IN** |
| | ) | **OPPOSITION TO DEFENDANT'S** |
| Defendant. | ) | **MOTION TO CONTINUE TRIAL** |

Michael Hari, by and through his attorneys, Shannon Elkins and James Becker, moved for a continuance of trial based on:

1) anticipated pre-trial litigation regarding a violation involving attorney-client privileged communications,

2) consequences of the recent denial of Mr. Hari's motion to transfer his pending Illinois indictment to the District of Minnesota, and

3) The large amount of late Rule 16 discovery provided by the government since December 27, 2019.

(ECF Doc. 166). The government filed a response in opposition to Mr. Hari's motion to continue the trial and has accused Mr. Hari and his counsel of "trying to manipulate the scheduling of his trial." (ECF Doc. 168 p. 7). The accusation is untrue, and in any event fails to address the government's own role in creating the issues giving rise to the defendant's motion.

## I.       The Timing of the Motion to Continue

Counsel for Mr. Hari waited to file a motion for a continuance of trial until there was a ruling from the Central District of Illinois on Mr. Hari's Motion to Transfer his Illinois case to Minnesota.  If Mr. Hari's motion were granted, a continuance would have been required to encompass the additional charges and a motion to continue would be moot. Thus, counsel would have had sufficient time to review and analyze the 1,405 PDF files containing 13,960 pages that the government has disclosed since December 27, 2019.[1] There would have been no need to complain about receiving late discovery, because counsel would have had ample time review the new discovery.

## II.      Additional Time is Needed to Review New Discovery

The main issue which the government failed to address in its Response, is the late receipt of thousands of pages of Rule 16 discovery, including

> (1) phone records for defendant witnesses,
>
> (2) Facebook records for defendant witnesses,
>
> (3) other standard subpoena returns, and

---

[1] Although the government contests these numbers, the Computer Systems Administrator for the Office of the Federal Defender has double-checked his work.  It appears that there may be multiple copies of the same or similar reports provided with different Bates numbers.  This of course, cannot be confirmed until all PDFs have been opened and compared to others since the government has failed to provide any indices of their disclosures.  Only the government knows how many duplicates they have provided. If the Court is interested in hearing testimony, the Computer Systems Administrator for the Office of the Federal Defender is available to testify at the hearing on February 7, 2020.

(4)  the analysis and results reached by scientific experts who analyzed DNA,

fingerprints, hazardous devices and explosives.

Most of this discovery was in the government's possession for six months or more before it was disclosed to defense counsel.

In the Response, instead of explaining why the basic Rule 16 discovery is so late, the government focuses solely on the December 27, 2019 disclosures in its criticism of Mr. Hari's public defenders and fails to acknowledge that it also disclosed large amounts of discovery on January 15, 2020, January 17, 2020, January 23, 2020, January 28, 2020 and January 31, 2020. The government's comparisons to a white collar fraud case are moot. Mr. Hari's Rule 16 discovery should have been disclosed on February 21, 2019 when the Order required or as soon as the government received it. (ECF Doc. 63). Mr. Hari is facing a sentence in excess of 40 years and his due process rights are being violated.

Unfortunately, the defense does not have the government's resources. Both lawyers have many other clients. Moreover, both have represented these clients at initial appearances, detention hearings, motions hearings, and sentencings over the past six weeks in addition to visiting the clients at jail and writing legal memoranda in their representation.  The government's position those six weeks should be enough time is unrealistic.  To mount an effective defense and ensure a fair trial, defense counsel requires more than six weeks to review, evaluate, and possibly formulate rebuttal to documents the government has been sitting on for months.

### III.    Additional Relevant Considerations

Although counsel listed the anticipated pre-trial litigation regarding an attorney-client communication violation, such a motion would proceed trial whenever it is to occur. Counsel simply wanted to make the Court aware of the current situation and that additional litigation would be forthcoming.

Similarly, there are significant issues involving Mr. Hari's motion to transfer the Illinois charges to Minnesota.  Representations made by Assistant United States Attorney Eugene Miller in the Central District of Illinois directly contradict representations made by Assistant United States Attorney John Docherty and Julie Allyn in their recent Notice of the Government's Intent to Introduce Evidence Pursuant to Federal Rule of Evidence 404(b). (ECF Doc. 164).  The implications of this ruling and its impact on Mr. Hari's case are numerous.  Most significantly, this ruling impacts Mr. Hari's right to testify. Counsel will be filing a motion *in limine* regarding this complex issue, but it may involve extensive litigation regarding each allegation contained in the Illinois indictment.

### IV.    Conclusion

For all of these reasons, Counsel respectfully requests a nine-week continuance to review Mr. Hari's discovery, share the protected materials with Mr. Hari in-person, and to consult with forensic experts if necessary. Such an extension would also provide sufficient time to litigate the attorney-client privilege violation and the issues presented by proceeding to trial in Minnesota while there is a pending indictment in Illinois.

Dated:  February 6, 2020                    Respectfully submitted,

*s/Shannon Elkins*

SHANNON ELKINS
Attorney ID No. 332161
Attorney for Mr. Hari
107 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

*s/James S. Becker*

JAMES S. BECKER
Attorney ID No. 388222
Attorney for Mr. Hari
107 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415