UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 18-150(1) (DWF/HB) |
| Plaintiff, | |
| v. | **ORDER** |
| Michael Hari, | |
| Defendant. | |

This matter is before the Court upon the government's Motion for Admission of Evidence Pursuant to Federal Rule of Evidence 404(b) and the doctrine of intrinsic evidence (Doc. No. 181 ("Other Acts Motion")).

By way of a brief background, on June 20, 2018, a federal grand jury charged Defendant in a five-count indictment stemming from Defendant's role in the August 5, 2017 bombing of the Dar Al-Farooq Islamic Center in Bloomington, Minnesota. The indictment charges the following: (1) Intentionally Defacing, Damaging, and Destroying any Religious Real Property Because of the Religious Character of that Property (in violation of 18 U.S.C. §§ 247(a)(1) and 18 U.S.C. § 2); (2) Intentionally Obstructing, and Attempting to Obstruct, by Force and the Threat of Force, the Free Exercise of Religious Beliefs (in violation of 18 U.S.C. §§ 247(a)(2) and 18 U.S.C. § 2); (3) Conspiracy to Commit Federal Felonies by Means of Fire and Explosives (in violation of 18 U.S.C. §§ 844(h) and 844(m)); (4) Carrying and Using a Destructive Device During and in Relation to Crimes of Violence (in violation of 18 U.S.C. § 924(c)(1)(B)(2) and

18 U.S.C. § 2); and (5) Possession of an Unregistered Destructive Device (in violation of 26 U.S.C. §§ 5845(a) and 5861(d), and 18 U.S.C. § 2).  A separate criminal action was filed in the Central District of Illinois (18-CR-20014).  This case was originally scheduled for trial beginning in the Spring of 2020; however, due to the COVID-19 pandemic, it has been postponed.

The government moves for certain evidence to be admitted pursuant to Federal Rule of Evidence 404(b) and under the doctrine of intrinsic evidence.  In short, the government argues that this case is a conspiracy case involving a criminal organization led by Defendant—the White Rabbit domestic terrorism organization.  The government submits that the organization committed multiple crimes in the cause of advancing Defendant's extremist ideology, which was the "motive and intent" for the crimes for which Defendant now stands trial.  The government submits that Defendant is the leader of the White Rabbit organization, the organization's crimes have a particular pattern and were conducted according to a plan, and that Defendant selected the targets, assigned roles to those below him in the organization, and explained the ideological reasons behind the crimes.  The government submits that evidence of these crimes is admissible under 404(b) to show plan, and to show Defendant's identity as the leader, including his role and relationship with his co-conspirators.  The government also contends that certain other actions are admissible "as evidence of conduct other than the wrongful conduct at issue offered for the purpose of providing the context in which the crime occurred." *United States v. Guzman*, 926 F.3d 991, 999-1000 (8th Cir. 2019).  The government

argues that these actions reveal "intrinsic evidence" necessary to "complete the story" or "provide context of the crime charged." *Id.* at 1000.

Federal Rule of Evidence 404(b) provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge identity, or absence of mistake or accident.

Fed. R. Evid. 404(b). Such evidence is admissible if: (1) it is probative of a material issue other than character; (2) is similar in kind and reasonably close in time to the crime charged; (3) is supported by evidence sufficient to allow the jury to find by a preponderance of the evidence that the other crime actually occurred; and (4) when weighed under Rule 403, the risk of unfair prejudice does not substantially outweigh the probative value of the Rule 404(b) evidence. *United States v. Williams*, 796 F.3d 951, 958 (8th Cir. 2015). Significantly, Rule 404(b) is "a rule of inclusion, such that evidence offered for permissible purposes is presumed admissible absent a contrary determination." *Id*. (citation omitted).

The Court addresses each respective act in the context of 404(b) or the doctrine of "intrinsic evidence" below:

**A.    404(b) Evidence**

> **1.    Attempted fire- bombing of Women's Health Practice (November 7, 2017)**

The government claims that Hari and co-conspirators used a rented vehicle to travel to a women's health clinic approximately 90 days after the alleged bombing of the

3

Dar Al-Farooq Islamic Center, and therein placed a thermite pipe bomb which failed to detonate. The alleged motive was opposition to abortion. The government contends that the attack is a "signature" crime demonstrating a unique set of facts showing that the same person committed both crimes. Specifically, the government contends that the attack is admissible because it illustrates the Defendant's use of violence to advance extremist views and demonstrates intent and motive, with respect to the extremist ideology of the organization allegedly led by the Defendant. The government further contends that the attack shows a pattern and practice to Defendant's crimes, and that it goes to show Defendant's identity as leader of the White Rabbit domestic terrorism organization.

      Defendant's primary objection is that the actus reus involved in the Dar Al-Farooq bombing was religious-animus as opposed to opposition to abortion. However, on the record before the Court, the government has asserted that the co-defendants Michael McWhorter and Joe Morris were recruited by the Defendant to participate with the Defendant in acts of physical violence against specific targets that were, as McWhorter has alleged, "on the left," such as Antifa and Black Lives Matter. Moreover, it is significant that the government alleges that on August 4, 2017, the Defendant drove from central Illinois to Minnesota in a rented pick-up truck with Morris and McWhorter as passengers, and that he directed them to leave their phones in Illinois so that they could not be tracked as conspirators. The government has also stated that as they drove to Minnesota, the Defendant discussed with Morris and McWhorter the possibility of bombing a Planned Parenthood clinic in St. Paul and other activity in his role as leader of

4

the White Rabbit organization, including the potential bombing of a Bank of America facility because of the Bank of America's relationship with George Soros.  The Government also alleges that on November 7, 2017, the Defendant again rented a vehicle, and on his direction, the trio drove to Champaign-Urbana, Illinois.  Once there, Defendant dropped Morris off near the Women's Health Practice, the aforementioned medical clinic that offered among other services, abortions.

   Based upon the record before Court, the Court finds and concludes that the evidence of the attempted fire-bombing of the Women's Health Practice on November 7, 2017, including the discussions Defendant had with co-defendants on their trip from Illinois to Minnesota and back, shall be presumptively admissible because it is probative of the Defendant's identity as leader of the organization and the conspiracy; moreover, and perhaps more significantly, it shows the role Defendant played and his relationship to co-defendants by revealing a pattern and practice, motive, and intent for this crime of the group and organization, including assigning the roles to Morris and McWhorter.  For these reasons, the circumstances surrounding the attempted fire-bombing of the Women's Health Practice on November 7, 2017 clearly survive the Court's 403 analysis because the risk of unfair prejudice does not substantially outweigh the probative value of the evidence.  The Court, of course, will address the issue of giving a cautionary jury instruction at the time of trial.

### 2. Armed robberies of two Walmart stores (December 4, 2017 in Watseka, Illinois and December 17, 2017 in Mount Vernon, Illinois):

The Court has grouped together the armed robbery of the Walmart store on December 4, 2017 in Watseka, Illinois and the attempted armed robbery in Mount Vernon, Illinois on December 17, 2017. However, even though the ruling, as the Court will note below, is the same for each, the Court acknowledges that its 403 analysis is a closer call for the December 4, 2017 robbery in Watseka, Illinois.

The government alleges that on December 4, 2017—approximately four months after the alleged bombing of Dar Al-Farooq Islamic Center—Defendant and co-conspirators again used a rented vehicle to travel to Watseka, Illinois and committed armed robbery of a Walmart store. Similarly, the government alleges that on December 17, 2017, Defendant and co-conspirators attempted to rob a different Walmart store in Mount Vernon, Illinois. The government contends that the crimes were motivated by Defendant's belief that Walmart was funding Antifa and that the robberies would deprive Antifa of money. Moreover, the government contends that the crimes show Defendant's motive, intent, plan, and identity.

The Court agrees with the government that on the issue of motive, intent, plan and identity, as well as explaining the role of the Defendant and his relationship with his co-defendants, those issues are probative and permissible uses pursuant to Rule 404(b)(2). However, when the Court gives close scrutiny to the nature and elements of what constitutes a robbery or attempted robbery, the Court finds that given the dissimilarity

6

with the alleged bombing of the Dar Al-Farooq Islamic Center that the unfair prejudice substantially outweighs the probative value pursuant to Rule 403.

The Court, however, feels obligated to observe that because it is an issue that often comes up in criminal trials, depending upon the theory of the defense that the Defendant asserts or perhaps the direct or cross-examination of the co-defendants or other witnesses, this evidence may become more probative pursuant to Rule 403, especially if the government asserts that because of the defense raised by the Defendant or the examination of a witness, that the defense has "opened the door" on these other crimes. Of course, the Court will address that issue if and when it occurs during the trial and will deal with it pursuant to Rule 104(b) of the Federal Rules of Evidence outside the presence of the jury.

### 3. Armed home invasion in Ambia, Indiana (December 16, 2017):

The government contends that on December 16, 2017—approximately four months after the alleged bombing of Dar Al-Farooq Islamic Center— Defendant and co-conspirators traveled to a private residence in Indiana where they entered the home and robbed the occupants. The government claims that the crime was once again rooted in Defendant's political ideology because Defendant believed that the owners of the home were drug-dealing illegal immigrants. Moreover, the government argues that the crime shows Defendant's identity, motive, and plan.

For the reasons stated above with respect to the Walmart robberies, the Court holds that this incident shall be presumptively inadmissible. The Court finds again that because of the dissimilarity given the nature of the offense to the alleged bombing of the

Dar Al-Farooq Islamic Center, that the probative value is substantially outweighed by the unfair prejudice. In the event the government concludes during the trial that the "door has been opened" or given the theory of the defense or cross-examination of the co-defendants or other witnesses, that pursuant to Rule 403 this evidence should be admissible, the Court will address that issue consistent with Rule 104.

### 4. Attempt to extort money from the Canadian National Railway (January 18, 2018)

The government contends that on January 18, 2018—approximately five and one half months after the alleged bombing of Dar Al-Farooq Islamic Center—Defendant and co-conspirators attempted to extort money from the Canadian National Railway ("CNR") by placing a thermite device on the tracks, and threatening similar attacks unless the CNR paid a demand in digital currency. The government alleges that the motive of the attack was to raise money for the organization, and that it shows Defendant's plan, motive, and identity.

For the reasons stated above with respect to the Walmart robberies and home invasion, the Court concludes that the probative value of the evidence is substantially outweighed by the unfair prejudice. Again, especially given the dissimilarity of the Canadian National Railway incident to the alleged bombing of the Dar Al-Farooq Islamic Center, this incident fails to survive the Court's 403 analysis. However, also as noted above, in the event the government concludes during the trial that either because of the theory of defense or in the event the government feels the "door has been opened," the Court will address that issue pursuant to Rule 104.

**B.     Intrinsic Evidence**

   **1.     Attempted Frame-Up of Neighbor (February 18, 2018)**

The government asserts that Defendant directed a false tip to the Federal Bureau of Investigation ("FBI") claiming that his neighbor had bomb-making materials stored on his property. In fact, the government asserts that the word-for-word text of the tip coming to the FBI was found by the FBI on the Defendant's laptop. The government asserts that this evidence is admissible as intrinsic evidence because it is inextricably intertwined with the crimes charged in Minnesota. The Court agrees and holds that this evidence is admissible.

The Court finds that this incident and the evidence related to the attempted frame-up of Defendant's neighbor on or about February 18, 2018 shall be presumptively admissible pursuant to Rule 403. Moreover, the Court specifically finds that it is relevant to the issue of consciousness of guilt of the Defendant which the Court deems intrinsic evidence and not 404(b) evidence.

   **2.     Movement and Possession of Firearms (February 27, 2018 and prior)**

The government alleges that Defendant and his co-conspirators possessed various firearms during the course of their alleged crimes and that they relocated the firearms in an attempt to hide them from law enforcement. The Court concludes that this act as asserted by the government is probative on the issue of consciousness of guilt. Consequently, the Court concludes that its probative value is not substantially outweighed by any unfair prejudice and therefore this evidence survives the Court's 403 analysis and shall be presumptively admissible.

9

### 3. Flight to Countryside (February 27 to March 10, 2018)

The government asserts that Defendant and co-conspirators fled to the Illinois countryside to avoid law enforcement when law enforcement was investigating the crimes Defendant and co-conspirators allegedly committed. The Court finds and concludes that this evidence shall be presumptively admissible because its probative value is not substantially outweighed by unfair prejudice and therefore it survives the Court's 403 analysis. Again, as noted above, the Court views this as intrinsic evidence to the extent that it is probative of Defendant's consciousness of guilt.

### 4. Attempted Escape from Custody (February 13, 2019)

The government asserts that Defendant attempted to escape from official custody while being transported in connection with the crimes he allegedly committed. The government contends that this act is admissible as evidence of consciousness of guilt. The Court finds and concludes that this attempted escape evidence survives the Court's 403 analysis consistent with its ruling on the flight to the countryside above. However, since the specifics of the escape and mode of presentation during the trial are not entirely clear to the Court, the Court will ask for a short offer of proof pursuant to Rule 104. With additional input from counsel, this offer of proof may occur as soon as the pretrial conference in this matter.

### ORDER

1. The government's Motion for Admission of Evidence Pursuant to Federal Rule of Evidence 404(b) and the doctrine of intrinsic evidence (Doc. No. [181]) is **GRANTED IN PART** and **DENIED IN PART** as follows:

a.  Evidence related to the attempted fire-bombing of Women's Health Practice on November 7, 2017 shall be presumptively **ADMISSIBLE.**

b.  Evidence related to the armed robberies of two Walmart stores on December 4, 2017 in Waseka, Illinois and December 17, 2017 in Mount Vernon, Illinois shall be presumptively **INADMISSIBLE**.

c.  Evidence related to the armed home invasion in Ambia, Indiana on December 16, 2017 shall be presumptively **INADMISSIBLE**.

d.  Evidence related to the attempt to extort money from the Canadian National Railway on January 18, 2018 shall be presumptively **INADMISSIBLE**.

e.  Evidence related to the attempted frame-up of neighbor on February18, 2018 shall be presumptively **ADMISSIBLE**.

f.  Evidence related to the movement and possession of firearms on February 27, 2018 and prior shall be presumptively **ADMISSIBLE**.

g.  Evidence related to the flight to the countryside February 27 to March 10, 2018 shall be presumptively **ADMISSIBLE**.

h.  While the Court will require a Rule 104 offer of proof at the time of the pretrial on the attempted escape from custody on February 13, 2019, this evidence absent further order of the Court shall be presumptively **ADMISSIBLE**.

Dated:  July 7, 2020                                   s/Donovan W. Frank
                                                      DONOVAN W. FRANK
                                                      United States District Judge

11