UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,   Criminal No. 18-150 (DWF/HB)

  Plaintiff,

**ORDER**

v.

MICHAEL HARI,

  Defendant.

Defendant, Michael Hari ("Hari") was scheduled for trial on July 27, 2020. In light of the COVID-19 pandemic, the Court, on June 30, 2020, consulted with the parties, and subject to the objection of the Defendant at that time, continued the jury trial to September 21, 2020. At that time, it was the Court's hope that the exigent circumstances created by the COVID-19 pandemic would significantly improve in a number of ways and that a number of shorter jury trials would occur so that a protocol could be established for Mr. Hari's trial that would ensure a fair trial not only to the Plaintiff, but to the Defendant, Michael Hari. Neither circumstance has occurred and the Court takes the responsibility for now setting the jury trial subject to the objection of the Defendant to November 2, 2020. This case will proceed to trial on November 2, 2020, absent stipulation of the parties.

The Court will consult with the parties to schedule a pretrial conference as well as a pretrial schedule that will allow the parties' input into any jury questionnaire that is sent out with the Summons. This process will enable counsel to have input into the

questionnaire review the responses received from potential jurors in a timely fashion, and allow counsel to be heard on who they wish to excuse for cause prior to November 2, 2020.

On June 26, 2020, the Chief Judge of the U.S. District Court for the District of Minnesota entered General Order No. 17, which will allow limited in-person proceedings to start on July 13, 2020 for defendants who decline to consent to conducting the proceeding using videoconferencing, or telephone conferencing if videoconferencing is not reasonably available. *See* General Order No. 17 in re: Updated Guidance to Court Operations Under the Exigent Circumstances Created by COVID-19 (June 26, 2020).[1] General Order 17 states that because only limited in-person proceedings may be held each day, criminal proceedings may be continued until the date that the criminal proceeding takes place. General Order No. 17 also states that the Court is planning to resume criminal jury trials after July 6, 2020, but that because only a limited number of trials may take place at the same time, criminal jury trials may be continued until the date that the criminal jury trial commences. The first jury trial in the District of Minnesota, which will be approximately two to three days in length, is scheduled to occur on August 24, 2020. General Order No. 17 further provides that the presiding judge will enter orders in individual cases to extend deadlines and exclude time under the Speedy Trial Act, including in cases where certain proceedings are held by video or telephone conference, to address delays attributable to COVID-19. General Order No. 17 also

---

[1] All General Orders related to the COVID-19 outbreak may be found on the court's website at www.mnd.uscourts.gov.

2

vacates the General Order entered on May 15, 2020, which addressed criminal proceedings and trials.[2]

General Order No. 17, which is hereby incorporated by reference, was imposed based on: (1) the President declaring a national state of emergency in response to COVID-19; (2) the Governor of the State of Minnesota declaring a peacetime emergency to coordinate strategy to protect Minnesotans from COVID-19 and extending the COVID-19 peacetime emergency through July 13, 2020; (3) the Governor of the State of Minnesota issuing Emergency Executive Order 20-74, Continuing to Safely Reopen Minnesota's Economy and Ensure Safe Non-Work Activities during the COVID-19 Peacetime Emergency, which continues to place several restrictions on Minnesota residents; (4) the COVID-19 restrictions imposed by local detention facilitates that

---

[2]  On March 13, 2020, the Chief Judge of the U.S. District Court for the District of Minnesota entered a General Order continuing all jury trials through April 27, 2020 and continuing all trial specific deadlines in criminal cases through April 27, 2020. *See* General Order in re: Court Operations Under the Exigent Circumstances Created by COVID-19 (March 13, 2020). On March 17, 2020, the Chief Judge of the U.S. District Court for the District of Minnesota entered General Order No. 2 continuing all criminal proceedings, including grand juries, through April 16, 2020. *See* General Order No. 2 in re: Updated Guidance to Court Operations Under the Exigent Circumstances Created by COVID-19 (March 17, 2020). On April 15, 2020, the Chief Judge of the U.S. District Court for the District of Minnesota entered General Order No. 9, which continued all criminal proceedings that cannot be conducted using videoconferencing, or telephone conferencing if videoconferencing is not reasonably available, with the consent of the defendant after consultation with counsel until May 17, 2020. *See* General Order No. 9 in re: Updated Guidance to Court Operations Under the Exigent Circumstances Created by COVID-19 (April 15, 2020). Then, on May 15, 2020, the Chief Judge of the U.S. District Court for the District of Minnesota entered General Order No. 14, which continued all criminal proceedings that cannot be conducted using videoconferencing, or telephone conferencing if videoconferencing is not reasonably available, until July 5, 2020. *See* General Order No. 14 in re: Updated Guidance to Court Operations Under the Exigent Circumstances Created by COVID-19 (May 15, 2020).

impact the ability of pretrial detainees to consult with legal counsel and appear in-person at a U.S. Courthouse; (5) the Bureau of Prisons' modified operations that suspends most inmate movement; and (6) the interests of the health of courtroom participants and court staff, the constitutional rights of criminal defendants, the ability to conduct certain criminal proceedings via videoconference or telephone conference under the CARES Act, and the public's interest in and the Court's duty to ensure the effective and expeditious administration of justice.  Specifically, Order No. 17 states the following concerning the Speedy Trial Act:

> If the criminal jury trial must be continued, the Court finds that the time of the continuances implemented by this order will be excluded under the Speedy Trial Act, as the Court specifically finds that the ends of justice are served by ordering the continuances and outweigh the best interests of the public and of the criminal defendants under 18 U.S.C. § 3161(h)(7)(A). Absent further order of the Court or any individual judge, the period of exclusion shall be from March 17, 2020, to the date that the criminal jury trial commences.

As of the date of this Order, the defendant is awaiting a jury trial and due to the challenges created by COVID-19, the Court is unable to commence the jury trial until November 2, 2020.  Moreover, it is important for this Court to state and observe that given the nature of the trial and its length, establishing a protocol including observing shorter cases with less public interest will increase the ability of this Court to deliver a fair trial to both parties in the case as we improve our protocol from one week to the next during these difficult times.

For the reasons addressed in General Order No. 17, the well-documented concerns about COVID-19, and because the jury trial cannot commence until November 2, 2020, the Court specifically finds that the ends of justice served by ordering the extension outweighs the best interests of the public and any defendant's right to a speedy trial, under 18 U.S.C. § 3161(h)(7)(A).  In addition, under 18 U.S.C. § 3161(h)(7)(B)(i), the Court finds that a miscarriage of justice would result if time were not excluded under these unique circumstances.  In making these findings, the Court has considered the anticipated length of the trial and the Court's obligation to select a fair and representative jury, taking into account health care issues, economic issues, transportation issues, childcare issues, along with all the other issues related to the COVID-19 environment we are in.  Accordingly, the time period between March 17, 2020, and November 2, 2020 will be excluded under the Speedy Trial Act, absent further order of the Court.

## ORDER

1.   The Jury Trial shall commence on November 2, 2020 at 9:00 a.m., Courtroom 7C, 7th Floor, Warren E. Burger Federal Building and United States Courthouse, 316 North Robert Street, St. Paul.

2.   The Court, as noted, will consult with the parties to set a pretrial conference and any necessary hearings addressing a jury questionnaire and counsel's response to the jury questionnaire so that the Court is prepared to proceed to trial on November 2, 2020.

3.   A pretrial conference will be scheduled after consulting with the parties, and will be held in Courtroom 7C, 7th Floor, Warren E. Burger Federal Building and

United States Courthouse, 316 North Robert Street, St. Paul, Minnesota to address any remaining issues.

    4.    All trial documents shall be submitted by noon seven (7) days prior to the pretrial conference. Counsel must adhere to the following schedule regarding the submission of trial documents:

        a.    All trial documents, including trial briefs, motions in limine, voir dire questions, and proposed Jury Instructions shall be submitted, pursuant to the Electronic Case Filing Procedures for the District of Minnesota/Criminal and according to the directives of the Honorable Donovan W. Frank, no later than noon on seven (7) days prior to pretrial conference. In lieu of using paper, a courtesy copy of each document shall be emailed to the chambers' inbox in a single email.

        b.    By the same date, proposed exhibit and witness lists, Jury Instructions, and voir dire questions (in Word format) shall be e-mailed to the chambers e-mail box (Frank_Chambers@mnd.uscourts.gov); and

        c.    By the same date, counsel for the prosecution shall submit a copy of the indictment or information (in Word format) to the chambers e-mail box.

    5.    Consistent with the Court's findings above, the time period between March 17, 2020 and November 2, 2020 shall be excluded under the Speedy Trial Act, absent further order of the Court.

Dated: August 4, 2020                    s/Donovan W. Frank
                                              DONOVAN W. FRANK
                                              United States District Judge