UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 18-150 (DWF/HB)

UNITED STATES OF AMERICA,

        Plaintiff,            **PROPOSED JURY INSTRUCTIONS OF THE UNITED STATES**

v.

MICHAEL HARI,

        Defendant.

    The United States of America, by and through its undersigned counsel, hereby respectfully submits for the consideration of counsel and the Court the attached proposed instructions of law to the jury.

Dated: September 29, 2020        Respectfully Submitted,

        ERICA H. MacDONALD
        United States Attorney

        *s/ John Docherty*

        BY:   JOHN DOCHERTY
        Assistant United States Attorney
        Attorney Reg. No. 017516X

        JULIE E. ALLYN
        Assistant United States Attorney
        Atty. Reg. No. 256511

        ALLISON ETHEN
        Assistant United States Attorney
        Atty. Reg. No. 0395353

## INSTRUCTIONS BEFORE VOIR DIRE

### Government's Proposed Jury Instruction No. _1_
### ORIENTATION OF THE JURY VENIRE

Members of the Jury Panel, if you have a cell phone, smart phone, iPhone, or any other wireless communication device with you, please take it out now and turn it off. Do not turn it to vibrate or silent; power it down. During jury selection, you must leave it off. (Pause for thirty seconds to allow them to comply, then tell them the following):

If you are selected as a juror, (briefly advise jurors of the Court's rules concerning cellphones, cameras, and any recording devices). I understand you may want to tell your family, close friends and other people about your participation in this trial so you can explain when you are required to be in court, and you should warn them not to ask you about this case, tell you anything they know or think they know about it, or discuss this case in your presence. You must not post any information on a social network, or communicate with anyone, about the parties, witnesses, evidence, or anything else related to this case, or tell anyone anything about the jury's deliberations in this case, until after I accept your verdict or until I give you specific permission to do so. If you discuss the case with someone other than the other jurors during deliberations, you may be influenced in your verdict by their opinions. That would not be fair to the parties and it would result in a verdict that is not based on the evidence and the law. While you are in the courthouse and until you are discharged in this case, do not provide any information to anyone by any means about this case. Thus, for example, do not talk face-to-face or use any electronic device or media, such as the telephone, a cell or smart phone, camera, recording device,

computer, the Internet, any Internet service, any text or instant messaging service, any social media (including services or apps such as Facebook, Instagram, Snapchat, or Twitter), or any other means to communicate to anyone any information about this case until I accept your verdict or until you have been excused as a juror.

Do not do any research—on the Internet, in libraries, in the newspapers, or in any other way—or make any investigation about this case on your own. Do not visit or view any place discussed in this case and do not use Internet programs or other devices to search for or to view any place discussed in the testimony. Also, do not research any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the judge until you have been excused as jurors.

The parties have a right to have this case decided only on evidence they know about and that has been presented here in court. If you do some research or investigation or experiment that we don't know about, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process, including the oath to tell the truth and by cross-examination. Each of the parties is entitled to a fair trial, rendered by an impartial jury, and you must conduct yourself so as to maintain the integrity of the trial process.

If you decide a case based on information not presented in court, you will have denied the parties a fair trial in accordance with the rules of this country and you will have done an injustice. It is very important that you abide by these rules. Failure to follow these instructions could result in the case having to be retried.

Are there any of you who cannot or will not abide by these rules concerning communication with others and outside research in any way, shape or form during this trial?

**[ADD ADDITIONAL INSTRUCTIONS AS REQUIRED TO REINFORCE THE COVID-19 RESTRICTIONS WHICH THE JURY VENIRE MEMBERS MUST FOLLOW]**

Authority:  Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 0.01 (2017)

**Government's Proposed Jury Instruction No.  2**
**INSTRUCTIONS AT THE END OF VOIR DIRE**

During this recess, and every other recess, do not discuss this case among yourselves or with anyone else, including your family and friends. Do not allow anyone to discuss the case with you or within your hearing. "Do not discuss" also means do not e-mail, send text messages, blog, or engage in any other form of written, oral or electronic communication, as I instructed you before.

Do not read any newspaper or other written account, including social media accounts such as Twitter, watch any televised or online account, or listen to any radio program or podcast on the subject of this trial. Do not conduct any Internet research or consult with any other sources about this case, the people involved in the case, or its general subject matter. You must keep your mind open and free of outside information. Only in this way will you be able to decide the case fairly based solely on the evidence and my instructions on the law. If you decide this case on anything else, you will have done an injustice. It is very important that you follow these instructions.

I may not repeat these things to you before every recess, but keep them in mind until you are discharged.

Authority:  Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 0.02 (2017)

**Government's Proposed Jury Instruction No.  3**
**GENERAL NATURE OF CASE; NATURE OF INDICTMENT; BURDEN OF**
**PROOF; PRESUMPTION OF INNOCENCE; DUTY OF JURY**

Members of the jury: I will take a few moments now to give you some initial instructions about this case and about your duties as jurors. At the end of the trial I will give you further instructions. I may also give you instructions during the trial. Unless I specifically tell you otherwise, all such instructions—both those I give you now and those I give you later—are equally binding on you and must be followed.

[Describe the court's policy, as modified for COVID-19].

This is a criminal case, brought against the defendant, Michael Hari, by the United States government. The defendant is charged with five crimes.  In Count One, the defendant is charged with Intentionally Defacing, Damaging, or Destroying Religious Real Property Because of the Religious Character of that Property; in Count Two, the defendant is charged with Intentionally Obstructing, or Attempting to Obstruct, by Force or the Threat of Force, the Free Exercise of Religious Beliefs; in Count Three, the defendant is charged with Conspiracy to Commit Federal Felonies by Means of Fire or Explosives; in Count Four, the defendant is charged with Using or Carrying a Destructive Device During or in Relation to Crimes of Violence; and in Count Five, the defendant is charged with Possession of an Unregistered Destructive Device.  These charges are set forth in what is called an indictment, which reads as follows:

[THE GOVERNMENT WILL ASK THE COURT TO READ THE INDICTMENT TO THE JURY AT THIS POINT]

You should understand that an indictment is simply an accusation. It is not evidence of anything. The defendant has pleaded not guilty, and is presumed to be innocent unless and until proven guilty beyond a reasonable doubt.

It will be your duty to decide from the evidence whether the defendant is guilty or not guilty of the crime charged. From the evidence, you will decide what the facts are. You are entitled to consider that evidence in the light of your own observations and experiences in the affairs of life. You may use reason and common sense to draw deductions or conclusions from facts which have been established by the evidence. You will then apply those facts to the law which I give you in these and in my other instructions, and in that way reach your verdict. You are the sole judges of the facts, but you must follow my instructions, whether you agree with them or not. You have taken an oath to do so.

Do not allow sympathy or prejudice to influence you. The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you. You should not take anything I may say or do during the trial as indicating what I think of the evidence or what I think your verdict should be. Finally, please remember that only this defendant, not anyone else, is on trial here, and that this defendant is on trial only for the crime charged, not for anything else.

Authority:  Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 1.01 (2017)

**Government's Proposed Jury Instruction No.  4**
**ELEMENTS OF THE OFFENSE – PRELIMINARY**

In order to help you follow the evidence, I will now give you a brief summary of the elements of the crimes charged, which the prosecution must prove beyond a reasonable doubt to make its case.

The defendant may only be convicted of the charge in Count One of the indictment, Intentionally Defacing, Damaging, or Destroying Religious Real Property Because of the Religious Character of that Property, if the prosecution proves, beyond a reasonable doubt, each of the following five elements:

*First,* the defendant defaced, damaged, or destroyed the religious real property named in the indictment, namely the Dar al-Farooq Islamic Center;

*Second,* the defendant acted intentionally;

*Third,* the defendant did so because of the religious character of the property;

*Fourth,* the offense was in or affected interstate or foreign commerce; and

*Fifth,* the offense included the use, attempted use, or threatened use of a dangerous weapon, explosive, or fire.

The defendant may only be convicted of the charge in Count Two of the Indictment, Obstructing, and Attempting to Obstruct, by Force or Threat of Force, the Free Exercise of Religious Beliefs, if the prosecution proves, beyond a reasonable doubt, each of the following four elements:

8

*First,* the defendant obstructed by force or threat of force, or attempted to obstruct by force or threat of force, the free exercise of religious beliefs by members and other persons attending the Dar al Farooq Islamic Center;

*Second*, the defendant acted intentionally;

*Third,* the offense was in or affected interstate commerce; and

*Fourth*, the offense included the use, attempted use, or threatened use of a dangerous weapon, explosive, or fire.

The phrase "free exercise of religious beliefs" includes the freedom to observe religious principles and engage in religious practices. Religious practices include attendance and participation in religious services and religious study.

The defendant may only be convicted of the crime charged in Count Three of the Indictment, Conspiracy to Commit Federal Felonies by Means of Fire or Explosives, if the prosecution proves, beyond a reasonable doubt, each of the following four elements:

*First*, two or more people reached an agreement to commit the crime charged in Count One of the Indictment and/or the Crime charged in Count Two of the Indictment;

*Second*, it was also a part of that agreement that the offense would be committed by means of fire or explosives;

*Third*, the defendant voluntarily and intentionally joined the agreement, either at the time it was first reached or at some later time while it was still in effect; and

*Fourth*, at the time the defendant joined the conspiracy, the defendant knew the purpose of the conspiracy, including that the crime would be committed by means of fire or explosives.

The defendant may only be convicted of the crime charged in Count Four of the Indictment, Carrying or Using a Destructive Device During or in Relation to Crimes of Violence, if the prosecution proves, beyond a reasonable doubt, both of the following elements:

*First*, the defendant committed the crime charged in Count One and/or the crime charged in Count Two of the Indictment; and

*Second*, the defendant knowingly carried or used a destructive device in furtherance of that crime.

The defendant may only be convicted of the crime charged in Count Five of the Indictment, Possession of an Unregistered Destructive Device, if the prosecution proves, beyond a reasonable doubt, each of the following three elements:

*First*, on or about August 5, 2017, the defendant knew he had the destructive device in his possession;

*Second*, the defendant knew the object he possessed was a destructive device; and

*Third*, the destructive device was not registered to the defendant in the National Firearms Registration and Transfer Record.

You should understand that what I have just given you is only a preliminary outline. At the end of the trial I will give you a final instruction on these matters. If there is any difference between what I just told you, and what I tell you in the instructions I give you at the end of the trial, the instructions given at the end of the trial must govern you.

Authority:  Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 1.02 (2017).  Specific propositions within this instruction are supported by the following, specific authorities:

The elements of Count One: 18 U.S.C. § 247(a)(1) and the Pattern Jury Instructions for the Eleventh Circuit, Instruction O9 (Jan. 2019 rev.).

The elements of Count Two: 18 U.S.C. §247(a)(2).

That the free exercise of religion includes attendance at religious services and observing the principles of one's religion (including religious study): *Sherbert v. Verner*, 374 U.S. 398, 404 (1963) (holding the free exercise of religion to include attendance at services). *Sherbert v. Verner* was used by the U.S. District Court for the District of South Carolina, Charleston Division, in *United States v. Dylan Roof*, Criminal No. 2:15-CR-00472-RMG, (D.S.C., 2016), as authority for the proposition that religious study was part of the free exercise of religion. *Roof,* Jointly Proposed Guilt Phase Instruction, Instruction No. 37. The district court judge, in his final charge to the jury, gave that instruction. CM/ECF Docket No. 960 in *United States v. Roof*, at page 1248. The Eighth Circuit has also equated time spent in religious study with time spent practicing one's religion. *Van Wyhe v. Reisch*, 581 F. 3rd 639, 657 (8th Cir. 2009).

The elements of Count Three:  Manual of Model Criminal Jury Instructions for the Eighth Circuit § 5.06A-I (2017).  Because 18 U.S.C. § 844(h) and (m), the statute defining the crime charged in Count Three of the Indictment, does not contain an overt act requirement, the Eighth Circuit Model Instruction has been edited by removing the overt act requirement.

The elements of Count Four:  Manual of Model Criminal Jury Instructions for the Eighth Circuit § 6.18.924C (2017).

The elements of Count Five:  Manual of Model Criminal Jury Instructions for the Eighth Circuit § 6.26.5861 (2017).  The pattern instruction element that the device function as intended has been deleted, as comment four to the pattern instruction indicates it should be in cases involving destructive devices. *See also United States v. Ragusa*, 664 F. 2d 696, 700 (8th Cir. 1981).

**Government's Proposed Jury Instruction No.  5**
**EVIDENCE – LIMITATIONS**

I have mentioned the word "evidence." "Evidence" includes the testimony of witnesses, documents and other things received as exhibits, any facts that have been stipulated—that is, formally agreed to by the parties - and any facts that have been judicially noticed—that is, facts which I say you may, but are not required to, accept as true, even without evidence.

Certain things are not evidence. I will list those things for you now:

1.      Statements, arguments, questions, and comments by lawyers representing the parties in the case are not evidence.

2.      Objections are not evidence. Lawyers have a right to object when they believe something is improper. You should not be influenced by the objection. If I sustain an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

3.      Testimony that I strike from the record, or tell you to disregard, is not evidence and must not be considered.

4.      Anything you see or hear about this case outside the courtroom is not evidence, unless I specifically tell you otherwise during the trial.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for one particular purpose, and not for any other purpose. I will tell you when that occurs, and instruct you on the purposes for which the item can and cannot be used.

Finally, some of you may have heard the terms "direct evidence" and "circumstantial evidence." You are instructed that you should not be concerned with those terms. The law makes no distinction between direct and circumstantial evidence. You should give all evidence the weight and value you believe it is entitled to receive.

Authority:   Manual of Model Criminal Jury Instructions for the Eighth Circuit § 1.03 (2017).

**Government's Proposed Jury Instruction No.  6**
**CREDIBILITY OF WITNESSES**

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony of any witness to believe, consider the witness' intelligence, the opportunity the witness had to see or hear the things testified about, the witness' memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with other evidence that you believe.

Authority:   Manual of Model Criminal Jury Instructions for the Eighth Circuit § 1.05 (2017).

**Government's Proposed Jury Instruction No.  7**
**NO TRANSCRIPT AVAILABLE – NOTE-TAKING**

At the end of the trial you must make your decision based on what you recall of the evidence. You will not have a written transcript to consult, and it may not be practical for the court reporter to read back lengthy testimony. You must pay close attention to the testimony as it is given.

If you wish, however, you may take notes to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. And do not let note-taking distract you so that you do not hear other answers by the witness.

When you leave at night, your notes will be secured and will not be read by anyone.

Authority:  Manual of Model Criminal Jury Instructions for the Eighth Circuit § 1.06A (2017).

**Government's Proposed Jury Instruction No. <u>8</u>**
**BENCH CONFERENCES AND RECESSES**

During the trial it may be necessary for me to talk with the lawyers out of the hearing of the jury. We will do that either by having a conference using the headsets while the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence, and to avoid confusion and error. We will, of course, do what we can to keep the number and length of these conferences to a minimum.

Authority:   Manual of Model Criminal Jury Instructions for the Eighth Circuit § 1.07 (2017).

**Government's Proposed Jury Instruction No.  9**
**CONDUCT OF THE JURY**

To insure fairness, you as jurors must obey the following rules:

*First*, do not talk or communicate among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict.

*Second*, do not talk with anyone else about this case, or about anyone involved with it, until the trial has ended and you have been discharged as jurors.

*Third*, when you are outside the courtroom do not let anyone tell you anything about the case, or about anyone involved with it until the trial has ended and your verdict has been accepted by me. If someone should try to talk to you about the case during the trial, please report it to a member of my staff or a court security officer ("bluecoat").

*Fourth*, during the trial you should not talk with or speak to any of the parties, lawyers or witnesses involved in this case—you should not even pass the time of day with any of them. It is important not only that you do justice in this case, but that you also give the appearance of doing justice. If a person from one side of the case sees you talking to a person from the other side—even if it is simply to pass the time of day—an unwarranted and unnecessary suspicion about your fairness may be aroused.  If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or the like, it is because they are not supposed to talk to or visit with you.

*Fifth*, it may be necessary for you to tell your family, close friends, teachers, coworkers, or employer about your participation in this trial. You can explain when you

are required to be in court and can warn them not to ask you about this case, tell you anything they know or think they know about this case, or discuss this case in your presence. You must not communicate with anyone or post information online about the parties, witnesses, evidence, or anything else related to this case. You must not tell anyone anything about the jury's deliberations in this case until after I accept your verdict or until I give you specific permission to do so. If you discuss the case with someone other than the other jurors during deliberations, it could create the perception that you have already decided the case or that you may be influenced in your verdict by their opinions. That would not be fair to the parties and it may result in the verdict being thrown out and the case having to be retried. During the trial, while you are in the courthouse and after you leave for the day, do not provide any information to anyone by any means about this case. Thus, for example, do not talk face-to-face or use any electronic device or media, such as the telephone, a cell or smart phone, computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or Website such as Facebook, MySpace, YouTube, or Twitter, or any other way to communicate to anyone any information about this case until I accept your verdict.

*Sixth*, do not do any research—on the Internet, in libraries, in the newspapers, or in any other way—or make any investigation about this case on your own. Do not visit or view any place discussed in this case and do not use Internet programs or electronic devices to search for or to view any place discussed in the testimony. Also, do not research any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the judge.

*Seventh*, do not read any news stories or articles in print, or on the Internet, or in any blog or social media, about the case, or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it. In fact, until the trial is over, I suggest that you avoid taking in any news in any form at all.  I do not know whether there might be any news reports of this case, but if there are, you might find yourself inadvertently reading or listening to something before you could do anything about it. If you want, you can have your spouse or a friend save any stories for you to read after the trial is over. I can assure you, however, that by the time you have heard the evidence in this case, you will know what you need to return a just verdict.

The parties have a right to have the case decided only on evidence they know about and that has been introduced here in court. If you do some research or investigation or experiment that we don't know about, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process, including the oath to tell the truth and by cross examination. All of the parties are entitled to a fair trial, rendered by an impartial jury, and you must conduct yourself so as to maintain the integrity of the trial process. If you decide a case based on information not presented in court, you will have denied the parties a fair trial in accordance with the rules of this country and you will have done an injustice. It is very important that you abide by these rules. Remember, you have taken an oath to abide by these rules and you must do so.

*Eighth*, do not make up your mind during the trial about what the verdict should be. Keep an open mind until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence.

Authority:   Manual of Model Criminal Jury Instructions for the Eighth Circuit § 1.08 (2017).

**Government's Proposed Jury Instruction No.  10**
**OUTLINE OF TRIAL**

The trial will proceed in the following manner:

First, the prosecution will make an opening statement. Next the defendant's attorney may, but does not have to, make an opening statement. An opening statement is not evidence but is simply a summary of what the attorney expects the evidence to be.

The prosecution will then present its evidence and counsel for the defendant may cross-examine. Following the prosecution's case, the defendant may, but does not have to, present evidence, testify or call other witnesses. If the defendant calls witnesses, the prosecution may cross-examine them.

After presentation of evidence is completed, the attorneys will make their closing arguments to summarize and interpret the evidence for you. As with opening statements, closing arguments are not evidence. The court will instruct you further on the law. After that you will retire to deliberate on your verdict.

Authority:   Manual of Model Criminal Jury Instructions for the Eighth Circuit § 1.09 (2017).

## INSTRUCTIONS DURING TRIAL

### Government's Proposed Jury Instruction No.  11
### DUTIES OF THE JURY DURING RECESSES

During this recess, and every other recess, you must not discuss this case with anyone, including the other jurors, members of your family, people involved in the trial, or anyone else. Do not allow anyone to discuss the case with you or within your hearing. Only you have been chosen as jurors in this case, and only you have sworn to uphold the law—no one else has been chosen to do this. You should not even talk among yourselves about the case before you have heard all the evidence and the case has been submitted to you by me for deliberations, because it may affect your final decision. If anyone tries to talk to you about the case, please let me know about it immediately.

When I say "you must not discuss the case with anyone," I also mean do not e-mail, send text messages, blog, or engage in any other form of written, oral, or electronic communication, as I instructed you before.

I may not repeat these things to you before every recess, but keep them in mind throughout the trial.

Authority:  Manual of Model Criminal Jury Instructions for the Eighth Circuit § 2.01 (2017).

**Government's Proposed Jury Instruction No. <u>12</u>**
**WITNESS WHO HAS PLEADED GUILTY**

You have heard that [Michael McWhorter] [Joe Morris] pleaded guilty to crimes which arose out of the same events for which the defendant is on trial here. You must not consider that guilty plea as any evidence of this defendant's guilt. You may consider that witness's guilty plea only for the purpose of determining how much, if at all, to rely upon his testimony, and also as an acknowledgment by [Michael McWhorter] [Joe Morris] of his participation in the Dar al-Farooq attack.

You have also heard that [Michael McWhorter] [Joe Morris] pleaded guilty to other crimes for which the defendant is not on trial here in Minnesota. You may use that evidence only to help you decide whether to believe the witness, to help you decide how much weight to give his testimony, and as an acknowledgement by the witness of his role in the White Rabbit organization.

Authority: Manual of Model Criminal Jury Instructions for the Eighth Circuit § 2.18, modified by *United States v. Roth*, 736 F. 2d 1222, 1226 (8th Cir. 1984); Manual of Model Criminal Jury Instructions for the Eighth Circuit § 2.19.

**Government's Proposed Jury Instruction No. <u>13</u>**
**DEFENDANT'S OTHER SIMILAR ACT**

You are about to hear evidence that the defendant, on or about November 7, 2017 in Champaign, Illinois, participated in the attempted bombing of a medical practice that offered, among other services, abortions.

You may consider this evidence only if you unanimously find it is more likely true than not true. You decide that by considering all of the evidence and deciding what evidence is more believable. This is a lower standard than proof beyond a reasonable doubt.

If you find this evidence has been proved, then you may consider it to help you decide what role the defendant, in the case here in Minnesota, played in the bombing of the Dar al-Farooq Islamic Center; the nature of the relationship between the defendant and co-defendants Michael McWhorter and Joe Morris; and the pattern, practice, motive, and intent for the Dar al-Farooq Islamic Center bombing.

You should give this evidence the weight and value you believe it is entitled to receive. If you find that this evidence has not been proved, you must disregard it.

Remember, even if you find that the defendant may have committed a similar act at some other time, this is not evidence that he committed such an act in this case. You may not convict a person simply because you believe he may have committed similar acts. The defendant is on trial only for the crime charged, and you may consider the evidence of the other act only on the issues stated above.

Authority:   Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 2.08 (2017).

**Government's Proposed Jury Instruction No. <u>14</u>**
**DEFENDANT'S TESTIMONY – IMPEACHMENT BY PRIOR**
**CONVICTION**

You are about to hear evidence that the defendant, Michael Hari, was previously convicted of kidnapping. You may use that evidence only to help you decide whether to believe his testimony and how much weight to give it. The fact that he was previously convicted of a crime does not mean that he committed the crime charged here, and you must not use that evidence as any proof of the crime charged in this case.

Authority:  Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 2.16.  The government has filed today, September 29, 2020, a motion *in limine* asking the Court to allow the government, should the defendant testify, to impeach him with his prior Illinois kidnapping conviction.

## INSTRUCTIONS AT THE END OF THE TRIAL

**Government's Proposed Jury Instruction No. <u>15</u>**
**INTRODUCTION TO THE INSTRUCTIONS GIVEN AT THE END OF TRIAL**

Members of the jury, the instructions I gave you at the beginning of the trial and during the trial remain in effect. I now give you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now. You must not single out some instructions and ignore others, because <u>all</u> are important. This is true even though some of the instructions I gave you at the beginning of trial, or during trial, may not be repeated here.

The instructions I am about to give you now are in writing and will be available to you in the jury room. I emphasize, however, that this does not mean they are more important than my earlier instructions. Again, *all* instructions, whenever in writing or not, must be followed.

Authority:   Manual of Model Criminal Jury Instructions for the Eighth Circuit § 3.01 (2017).

**Government's Proposed Jury Instruction No.  16**
**DUTY OF THE JURY**

It is your duty to find from the evidence what the facts are. You will then apply the law, as I give it to you, to those facts. You must follow my instructions on the law, even if you thought the law was different or should be different.

Do not allow sympathy or prejudice to influence you. The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

Authority:   Manual of Model Criminal Jury Instructions for the Eighth Circuit § 3.02 (2017).

**Government's Proposed Jury Instruction No.  17**
**EVIDENCE; LIMITATIONS**

I have mentioned the word "evidence." The "evidence" in this case consists of the testimony of witnesses, and the documents and other things received as exhibits.

You may use reason and common sense to draw deductions or conclusions from facts which have been established by the evidence in the case.

Certain things are not evidence. I will list those things again for you now:

1.    Statements, arguments, questions, and comments by lawyers representing the parties in the case are not evidence.

2.    Objections are not evidence. Lawyers have a right to object when they believe something is improper. You should not be influenced by the objection. If I sustained an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

3.    Testimony that I struck from the record, or told you to disregard, is not evidence and must not be considered.

4.    Anything you saw or heard about this case outside the courtroom is not evidence.

Finally, if you were instructed that some evidence was received for a limited purpose only, you must follow that instruction.

Authority:  Manual of Model Criminal Jury Instructions for the Eighth Circuit § 3.03 (2017).

**Government's Proposed Jury Instruction No.  18**
**CREDIBILITY OF WITNESSES**

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, consider the witness's intelligence, the opportunity the witness had to see or hear the things testified about, the witness's memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things. You need to consider therefore whether a contradiction is an innocent misrecollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.

[You should judge the testimony of the defendant in the same manner as you judge the testimony of any other witness. THIS FINAL SENTENCE TO BE GIVEN ONLY IF THE DEFENDANT TESTIFIES AND THEN ONLY IF THE DEFENDANT AFFIRMATIVELY REQUESTS THIS FINAL PARAGRAPH]


Authority:  Manual of Model Criminal Jury Instructions for the Eighth Circuit § 3.04 (2017).

**Government's Proposed Jury Instruction No.  19**
**PRESUMPTION OF INNOCENCE AND BURDEN OF PROOF**

The defendant has pleaded not guilty to each of the five charges in the Indictment.

The Indictment is simply the document that formally charges the defendant with the crimes for which he is on trial. The Indictment is not evidence. At the beginning of the trial, I instructed you that you must presume the defendant to be innocent. Thus, the defendant began the trial with a clean slate with no evidence against him.

The presumption of innocence alone is sufficient to find the defendant not guilty and can be overcome only if the prosecution proved during the trial, beyond a reasonable doubt, each element of the crime charged.

There is no burden upon a defendant to prove that he is innocent. Instead, the burden of proof remains on the prosecution throughout the trial.  [Accordingly, the fact that the defendant did not testify must not be considered by you in any way, or even discussed, in arriving at your verdict.  TO BE GIVEN ONLY IF AFFIRMATIVELY REQUESTED BY THE DEFENSE]

Authority:  Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 3.05 (2017).

**Government's Proposed Jury Instruction No.  20**
**ELEMENTS OF OFFENSE – BURDEN OF PROOF – COUNT ONE**

The crime of Intentionally Defacing, Damaging, or Destroying Religious Real Property Because of the Religious Character of that Property, as charged in Count One of the Indictment, has five elements, which are:

*First,* the defendant defaced, damaged, or destroyed the religious real property named in the indictment, namely the Dar al-Farooq Islamic Center in Bloomington, Minnesota;

*Second*, the defendant acted intentionally;

*Third,* the defendant did so because of the religious character of the property;

*Fourth,* the offense was in or affected interstate commerce; and

*Fifth,* the offense included the use, attempted use, or threatened use of a dangerous weapon, explosive, or fire.

If you find the government proved each of these five elements beyond a reasonable doubt, then you must find the defendant guilty of the crime charged in Count One of the Indictment; if you find that the government did not prove each of these five elements beyond a reasonable doubt, then you must find the defendant not guilty of the crime charged in Count One of the Indictment.

A person may also be found guilty of Intentionally Defacing, Damaging, or Destroying Religious Real Property Because of the Religious Character of that Property, as charged in Count One of the Indictment, even if he personally did not do every act constituting the offense charged, if he aided and abetted the commission of the offense.

In order to have aided and abetted the commission of a crime a person must:

(1) have known the crime of Intentionally Defacing, Damaging, or Destroying Religious Real Property Because of the Religious Character of that Property was being committed or going to be committed;

(2) have had enough advance knowledge of the extent and character of the crime that he was able to make the relevant choice to walk away from the commission of the crime of Intentionally Defacing, Damaging, or Destroying Religious Real Property Because of the Religious Character of that Property before all the elements of that offense were complete;

(3) have acted in some way for the purpose of causing the commission of the offense; and

(4) have acted intentionally.

For you to find the defendant guilty of Intentionally Defacing, Damaging, and Destroying Religious Real Property Because of the Religious Character of that Property by reason of aiding and abetting, the government must prove beyond a reasonable doubt that all the elements of that crime were committed by some person or persons and that the defendant aided and abetted that crime; otherwise, you must find the defendant not guilty of the crime charged in Count One of the Indictment by reason of aiding and abetting.

Intent and knowledge may be proved like anything else. You may consider any statements made and acts done by the defendant, and all the facts and circumstances in evidence which may aid in a determination of the defendant's knowledge or intent. You

may, but are not required to, infer that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.

The government must prove that the religious property was defaced, damaged, or destroyed *because of* the religious character of that property.  You need not find that the defendant acted *solely* because of the religious character of the property.  People often have many reasons for acting in a particular way.  The government must prove, however, that the religious character of the property played a determinative role in the defendant's decision to deface, damage, or destroy the property.  In other words, even if you find that the religious nature of the property had only a partial role in the defendant's decision, you must find that the defendant would not have defaced, damaged, or destroyed the Dar al-Farooq Islamic Center *but for* the religious character of the Dar al-Farooq Islamic Center.

"Religious Real Property" means any church, synagogue, mosque, religious cemetery, or other religious real property, including fixtures or religious objects contained within a place of religious worship.  "Real property" means land and buildings.

Authority:  Elements of the Crime Charged:  18 U.S.C. § 247(a)(1) and the *Pattern Jury Instructions for the Eleventh Circuit*, Instruction O9 (Jan. 2019 rev.).

The Eighth Circuit recommends that no specific instruction be given for mental states such as "intentionally," *see Manual of Model Criminal Jury Instructions for the Eighth Circuit*, §§ 7.01, 7.02 (2017).  For the instruction to the jury on how to assess the defendant's mental state, *see Manual of Model Criminal Jury Instructions for the Eighth Circuit*, § 7.05 (2017). Aiding and Abetting:  *Manual of Model Criminal Jury Instructions for the Eighth Circuit*, § 5.01 (2017).
Definition of "Real Property": Black's Law Dictionary. "Religious Real Property" is defined in the charging statute, *see* 18 U.S.C. § 247(f)

**Government's Proposed Jury Instruction No. <u>21</u>**
**INTERSTATE COMMERCE**

The prosecution must prove that the offense was "in or affected interstate commerce." The term "interstate commerce," as used in these instructions, means trade, or travel, or communication between one or more states, territories, or possessions of the United States.

Although the government must prove that the offense was in or affected interstate commerce, the government need not prove that the defendant intended or knew that his actions would be in, or would affect, interstate commerce.

Interstate commerce may be established by several different means, which I am about to describe to you. The government needs to prove only one of these means beyond a reasonable doubt.

Conduct is "in interstate commerce" if the conduct used any of the channels, facilities, or instrumentalities of interstate commerce.

Channels of interstate commerce include transportation routes through which goods and communications move, such as interstate highways, roads, and telephone and cellular telephone networks.

Facilities of interstate commerce include the internet and email.

Instrumentalities of interstate commerce include cars, telephones, and cellular phones.

If you find the defendant used a channel, facility, or instrumentality of interstate commerce, you may find this element satisfied even if the use of the channel, facility or

instrumentality of commerce occurred entirely within a single state, such as Minnesota or Illinois.

Conduct "affects interstate commerce" if it, in any way, interferes with, changes, or alters the movement or transportation or flow of goods, merchandise, money, or other property and commerce between or among states. The effect of the offense on interstate commerce does not need to be substantial nor must the effect on interstate commerce be certain. It is enough that such an effect was the natural, probable consequence of the offense.

The effect on interstate commerce also need not be adverse. All that is necessary to prove an effect on interstate commerce is that the natural consequence of the offense potentially caused an impact, positive or negative, on interstate commerce.

Authority:  18 U.S.C. § 10.  Because there is neither evidence of interstate commerce involving the District of Columbia, nor evidence of foreign commerce in this case, the references to the District of Columbia and foreign commerce in 18 U.S.C. § 10 have been removed. Also, all statutory references to "interstate or foreign commerce" have, in these instructions, been shortened to "interstate commerce."

This instruction on interstate commerce was given by the Honorable John D. Rainey in the final charge to the jury in *United States v. Marq Vincent Perez*, Case No. 6:17-cr-00035 (S.D. Tex., Victoria Division, July 16, 2018), CM/ECF Docket No. 236, at pp. 6-36 and 6-37. *Perez* was a federal prosecution arising from a mosque arson. Defendant Perez was charged with a violation of 18 U.S.C. § 247(a)(1), Intentionally Defacing, Damaging, or Destroying Religious Real Property Because of the Religious Nature of that Property, just as Mr. Hari is in this case.

## Government's Proposed Jury Instruction No.  22
## ELEMENTS OF OFFENSE – BURDEN OF PROOF – COUNT TWO

The crime of Intentionally Obstructing by Force or Threat of Force, or Attempting to Obstruct, by Force or Threat of Force, the Free Exercise of Religious Beliefs, as charged in Count Two of the Indictment, has four elements, which are:

*First*, the defendant obstructed by force or threat of force, or attempted to obstruct by force or threat of force, the free exercise of religious beliefs by members and other attendees of the Dar al-Farooq Islamic Center;

*Second*, the defendant acted intentionally;

*Third*, the offense was in or affected interstate commerce; and

*Fourth*, the offense included the use, attempted use, or threatened use of a dangerous weapon, explosive, or fire.

If you find the government proved each of these four elements beyond a reasonable doubt, you should find the defendant guilty of the crime charged in Count Two of the Indictment. If you find the government failed to prove each of these four elements beyond a reasonable doubt, you should find the defendant not guilty of the crime charged in Count Two of the Indictment.

The phrase "free exercise of religious beliefs" encompasses the freedom to observe religious principles and engage in religious practices.  Religious practices include attendance and participation in religious services, and religious study.

The instructions I gave as to Count One on assessing the defendant's intent, and on interstate commerce, are the same in Count Two. The instructions I gave on aiding and

37

abetting as to Count One are the same in Count Two, except that the crime being aided and

abetted is the crime charged in Count Two of the Indictment.

Authority:  Elements of the offense: 18 U.S.C. §247(a)(2).  Aiding and abetting:  Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 5.01 (2017)

The Supreme Court held in *Sherbert v. Verner*, 374 U.S. 398, 404 (1963), that the free exercise of religion includes attendance at religious services and observing the principles of one's religion (including religious study).  The Eighth Circuit, in *Van Wyhe v. Reisch*, 581 F. 3rd 639, 657 (8th Cir. 2009), equated time spent in religious study as time spent exercising religion.  *Sherbert v. Verner* was cited as authority by the U.S. District Court for the District of South Carolina, Charleston Division, in Jointly Proposed guilt phase instruction no. 37, *United States v. Dylan Roof*, Criminal No. 2:15-CR-00472-RMG, District of South Carolina, Sept. 16, 2016.  That instruction included religious study within the free exercise of religion.

**Government's Proposed Jury Instruction No. <u>23</u>**
**ATTEMPT**

The crime charged in Count Two of the Indictment can be committed either by the use of force, or the attempted use of force.

A person may be found guilty of an attempt if he (1) intended to Intentionally Obstruct the Free Exercise of Religious Beliefs by the Use, or Threatened Use, of Force, (2) the person attempted to use force or threat of force to Intentionally Obstruct the Free Exercise of Religious Beliefs, and (3) the person voluntarily and intentionally carried out some act which was a substantial step toward that end.

A substantial step must be something more than mere preparation, yet may be less than the last act necessary before the actual commission of the substantive crime. In order for behavior to be punishable as an attempt, it need not be incompatible with innocence, yet it must be necessary to the consummation of the crime and be of such a nature that a reasonable observer, viewing it in context, could conclude beyond a reasonable doubt that it was undertaken in accordance with a design to violate the statute.

An attempt may be aided and abetted. The instructions I gave on aiding and abetting as to Count One are the same as to the commission of the crime charged in Count Two of the Indictment except that the crime charged is the crime charged in Count Two of the Indictment by an attempted use of force or attempted threat of force.


Authority:  Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 8.01

**Government's Proposed Jury Instruction No. \_24\_**
**ELEMENTS OF OFFENSE – BURDEN OF PROOF – COUNT THREE**

It is a crime for two or more people to agree to commit a crime. The crime of Conspiracy to Commit Federal Felonies by Means of Fire or Explosives, as charged in Count Three of the Indictment, has four elements, which are:

*First*, two or more people reached an agreement to commit the crime charged in Count One of the Indictment (Intentionally Defacing, Damaging, or Destroying Religious Real Property Because of the Religious Character of that Property), and/or the crime charged in Count Two of the Indictment (Intentionally Obstructing, by Force or Threat of Force, or Attempting to Obstruct, by Force or Threat of Force, the Free Exercise of Religious Beliefs). The agreement does not need to be a formal agreement or be in writing. A verbal or oral understanding can be sufficient to establish an agreement. The agreement may last a long or a short time. The members of an agreement do not all have to join it at the same time.

*Second*, it was also a part of that agreement that those offenses would be committed by the means of fire and explosives;

*Third*, the defendant voluntarily and intentionally joined the agreement, either at the time it was first reached or at some later time while it was still in effect. It is not enough that the defendant and other alleged participants in the agreement simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. The defendant must have known of the existence and purpose of the agreement. Without such

knowledge, the defendant cannot be guilty of conspiracy, even if his acts furthered the conspiracy; and

*Fourth*, at the time the defendant joined the conspiracy, the defendant knew the purpose of the conspiracy, including that the crime would be committed by means of fire or explosives.

You must all agree whether the conspiratorial agreement was to commit, by means of fire or explosives, the crime charged in Count One of the Indictment, the crime charged in Count Two of the Indictment, or both. If you unanimously agree that the defendant was a member of a conspiracy to commit federal felonies by means of fire or explosives, but do not unanimously agree on which federal felony or felonies, then you may not find the defendant guilty of conspiracy as charged in Count Three of the Indictment.

The instructions I gave as to Count One on assessing the defendant's intent, and on interstate commerce, are the same in Count Three.

If the government proved each of these four elements beyond a reasonable doubt as to the defendant, then you must find the defendant guilty of the crime charged in Count Three; otherwise you must find the defendant not guilty of this crime.

Authority:  Manual of Model Criminal Jury Instructions for the Eighth Circuit § 5.06A-I (2017).  Because 18 U.S.C. § 844(h) and (m), the statute defining the crime charged in Count Three of the Indictment, does not contain an overt act requirement, the Eighth Circuit Model Instruction has been edited by removing the overt act requirement.

**Government's Proposed Jury Instruction No. 25**
**CONSPIRACY: CO-CONSPIRATOR ACTS AND STATEMENTS**

If you determined that a conspiratorial agreement existed and that the defendant joined the agreement, then acts and statements knowingly done or made by another member of the conspiracy during the existence of the conspiracy, and in furtherance of it, may be considered by you as evidence pertaining to the defendant, even though the acts and statements were done or made in the absence of and even without the knowledge of the defendant. This is because a person who knowingly, voluntarily, and intentionally joins a conspiracy becomes responsible for all of the conduct of his co-conspirators.

Authority:  Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 5.06D (2017).

**Government's Proposed Jury Instruction No. <u>26</u>**
**ELEMENTS OF OFFENSE – BURDEN OF PROOF – COUNT FOUR**

The crime charged in Count Four of the Indictment, Carrying or Using a Destructive Device During or in Relation to a Crime of Violence, has two elements, which are:

*First,* the defendant committed the crime charged in Count One of the Indictment, and/or the crime charged in Count Two of the Indictment; and

*Second,* the defendant knowingly carried or used a destructive device, in furtherance of that crime.

You may not convict the defendant of the crime charged in Count Four of the Indictment unless you unanimously agree as to whether the defendant carried or used a destructive device during or in relation to the crime charged in Count One of the Indictment, the crime charged in Count Two of the Indictment, or both the crime charged in Count One and the crime charged in Count Two. If you unanimously find the defendant carried or used a destructive device during or in relation to a crime of violence, but do not agree on which crime of violence, then you may not convict the defendant of the crime charged in Count Four of the Indictment.

You may note that the Indictment refers to the destructive device as a type of firearm. The term "firearm," for both Count Four and Count Five, includes "destructive device."

If you find the government proved both these two elements beyond a reasonable doubt, then you must find the defendant guilty of the crime charged in Count Four of the Indictment. If you find the government did not prove both these two elements beyond a

reasonable doubt, then you must find the defendant not guilty of the crime charged in Count Four of the Indictment.

The phrase "used a destructive device" means to actively employ the destructive device during the commission of the crime. You may find that a destructive device was used during the commission of the crime if you find that it was detonated. A "destructive device" includes any explosive or incendiary bomb, or device similar to an explosive or incendiary bomb.

The instructions I gave in Count One as to aiding and abetting are the same for Count Four, except that the crime being aided and abetted is the crime charged in Count Four of the Indictment.

Authority:   Manual of Model Criminal Jury Instructions for the Eighth Circuit §§ 6.18.924C (elements of the offense) and 5.01 (aiding and abetting) (2017). The definition of "destructive device" is given at 18 U.S.C. §921.

**Government's Proposed Jury Instruction No. <u>27</u>**
**ELEMENTS OF OFFENSE – BURDEN OF PROOF – COUNT FIVE**

The crime charged in Count Five of the Indictment, Possession of an Unregistered Destructive Device, has three elements, which are:

*First*, on or about August 5, 2017, the defendant knowingly possessed the destructive device;

*Second*, the defendant knew this was a destructive device; and

*Third*, the destructive device was not registered to the defendant in the National Firearms Registration and Transfer Record.

If you find the government proved each of these three elements beyond a reasonable doubt, then you must find the defendant guilty of the crime charged in Count Five of the Indictment. If you find the government did not prove each of these three elements beyond a reasonable doubt, then you must find the defendant not guilty of the crime charged in Count Five of the Indictment.

A "destructive device" includes an explosive or incendiary bomb, or a device similar to an explosive or incendiary bomb.

It is not an element of the crime for the defendant to know of the requirement to register the destructive devices.

The instructions I gave in Count One as to aiding and abetting are the same as to Count Five, except that the crime being aided and abetted is the crime charged in Count Five of the Indictment.

Authority:  Manual of Model Criminal Jury Instructions for the Eighth Circuit §§ 6.26.5861 (elements of the crime) and 5.01 (aiding and abetting) (2017).  *United States v. Freed*, 401 U.S. 601, 607-10 (1971) (government not required to prove that defendant knew the destructive device was not registered).

**Government's Proposed Jury Instruction No. <u>28</u>**
**OWNERSHIP**

The Government is not required to prove that the defendant owned the destructive device.   Ownership is irrelevant to the issue of possession. The taking or temporary possession of a destructive device may be a basis for a conviction of possessing a destructive device.  The Government is also not required to prove that the defendant knew his possession was unlawful.

Authority: *Rogers v. United States*, 522 U.S. 252, 254-55 (1998); *United States v. Sianis*, 275 F. 3d 731, 733-34 (8th Cir. 2002); *United States v. Hawkins*, 215 F. 3d 858, 860 (8th Cir. 2000).

## Government's Proposed Jury Instruction No. <u>29</u>
## POSSESSION

The law recognizes several kinds of possession. A person may have actual possession or constructive possession. A person may have sole or joint possession.

A person who knowingly has direct physical control over a thing, at a given time, is then in actual possession of it.

A person who, although not in actual possession, has both the power and the intention at a given time to exercise dominion or control over a thing, either directly or through another person or persons, is then in constructive possession of it.

If one person alone has actual or constructive possession of a thing, possession is sole. If two or more persons share actual or constructive possession of a thing, possession is joint.

Whenever the word "possession" has been used in these instructions it includes actual as well as constructive possession and also sole as well as joint possession.

Authority:  Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 8.02 (2017)

## Government's Proposed Jury Instruction No. <u>30</u>
## DEFENDANT'S OTHER SIMILAR ACT

During this trial you heard evidence that the defendant, on or about November 7, 2017, in Champaign, Illinois, participated in the attempted bombing of a medical practice that offered, among other services, abortions.  You may consider this evidence only if you unanimously find it has been proven by a preponderance of the evidence, that is, that it is more likely true than not true. You decide that by considering all of the evidence and deciding what evidence is more believable. This is a lower standard than proof beyond a reasonable doubt.

If you find this evidence has been proved, then you may consider it to help you decide what role the defendant, in the case here in Minnesota, played in the bombing of the Dar al-Farooq Islamic Center; the nature of the relationship between the defendant and co-defendants Michael McWhorter and Joe Morris; and the pattern, practice, motive, and intent for the Dar al-Farooq bombing.

You should give this evidence the weight and value you believe it is entitled to receive. If you find that this evidence has not been proved by a preponderance of the evidence, you must disregard it.

Remember, even if you find that the defendant may have committed a similar act at some other time, this is not evidence that he committed such an act in this case. You may not convict a person simply because you believe he may have committed a similar act. The defendant is on trial only for the crime charged, and you may consider the evidence of other acts only on the issues stated above.

Authority:  Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 2.08 (2017)

**Government's Proposed Jury Instruction No.  31**
**CONCEALING EVIDENCE, BLAMING OTHERS, FLEEING**

Attempts by a defendant to conceal evidence, to shift the blame for criminal acts to others, to flee from law enforcement, or to escape from custody in connection with the crimes charged may be considered by you in light of all the other evidence in the case.  You may consider whether this evidence shows a consciousness of guilt and determine the significance to be attached to any such conduct.

Authority:  Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 4.09 (2017)

**Government's Proposed Jury Instruction No. 32**
**REASONABLE DOUBT**

Reasonable doubt is doubt based upon reason and common sense, and not doubt based on speculation. A reasonable doubt may arise from careful and impartial consideration of all the evidence, or from a lack of evidence. Proof beyond a reasonable doubt is proof of such a convincing character that a reasonable person, after careful consideration, would not hesitate to rely and act upon that proof in life's most important decisions. Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt.

Authority:  Manual of Model Criminal Jury Instructions for the Eighth Circuit § 3.11 (2017).

**Government's Proposed Jury Instruction No. <u>33</u>**
**"ON OR ABOUT"**

The Indictment charges that the offenses alleged in each count were committed "on or about" a certain date.  Although it is necessary for the Government to prove beyond a reasonable doubt that each offense was committed on a date reasonably near the date alleged in the indictment, it is not necessary for the government to prove that the offense was committed precisely on the date charged.

Authority:  1A O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions, Criminal*, § 13.05 (6th ed. 2015) ["On or About" -- Explained] (modified to reflect that the indictment in this case charges multiple offenses).

**Government's Proposed Jury Instruction No.  34**
**ELECTION OF FOREPERSON; DUTY TO DELIBERATE;**
**PUNISHMENT NOT A FACTOR; COMMUNICATIONS WITH COURT;**
**VERDICT FORM**

In conducting your deliberations and returning your verdict, there are certain rules you must follow. I will list those rules for you now.

*First*, when you go to the jury room, you must select one of your members as your foreperson. That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement if you can do so without violence to individual judgment, because a verdict—whether guilty or not guilty—must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict.

*Third*, if the defendant is found guilty, the sentence to be imposed is my responsibility. You may not consider punishment in any way in deciding whether the prosecution has proved its case beyond a reasonable doubt.

*Fourth*, if you need to communicate with me during your deliberations, you may send a note to me through the court security officer, signed by one or more jurors. I will

respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone—including me—how your vote stands numerically.

*Fifth*, your verdict must be based solely on the evidence and on the law which I have given you in my instructions. The verdict, whether guilty or not guilty, must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

*Finally*, the verdict form is simply the written notice of the decision that you reach in this case. [The form reads: (read form)]. You will take this form to the jury room, and when each of you has agreed on the verdict, your foreperson will fill in the form, sign and date it, and advise the court security officer that you are ready to return to the courtroom.

Manual of Model Criminal Jury Instructions for the Eighth Circuit § 3.12 (2017).