UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Crim. No. 18-150(1) (DWF/HB)

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MICHAEL HARI, )<br>)<br>Defendant. ) | **Motion for Pretrial Determination of the Admissibility of Alleged Co-Conspirator Statements** |

Michael Hari, by and through his attorneys, Shannon Elkins and James Becker, hereby requests that the Court determine whether any alleged co-conspirator statements are admissible under FRE 801(d)(2)(E) prior to trial. A pretrial hearing will allow the parties to identify the controverted statements and the Court to determine admissibility before trial.

**1. The Relevant Facts**

Much of the prosecution's case will involve the testimony and accusations of the two alleged co-conspirators turned cooperators, Michael McWhorter and Joe Morris. In fact, the majority of the Minnesota Indictment is based on the allegations of these two men.

Count 1 alleges that the three men, together, intentionally defaced, damaged, and destroyed religious real property, the Dar al Farooq Islamic Center, because of the religious character of the property and they did so by means of fire and explosives. Similarly, Count 2 alleges that these same three men, together, intentionally obstructed

and attempted to obstruct, by force and threat of force, the free exercise of religious beliefs by members of the Dar al Farooq Islamic Center again, by use of fire and explosives.  Count 3 simply alleges that the three men conspired to carry out Counts 1 and 2. Count 4 alleges the three men carried and used a destructive device to carry out Counts 1 and 2. And Count 5 alleges that the destructive device carried and used in Counts 1 and 2 was unregistered.

The details of the alleged conspiracy, who built the destructive device, who purchased gasoline, who broke the window at the Dar al Farooq Islamic Center, who threw the gasoline in the window and who lit the fuse and threw the destructive device are all allegations by Michael McWhorter and Joe Morris. These are alleged in the overt acts section of the Minnesota Indictment.

But the events and days before and after the August 5, 2017 incident at the Dar al Farooq Islamic Center include a number of others, "known and unknown to the grand jury." (ECF 14, Ct. 1, 2, 3, 4, 5). And the conspiracy allegations and agreements draw from hours upon hours of FBI interviews of "others" and their accusations about what others said.  The government has also produced texts and other messaging, Facebook postings, and other written material from the defendants and others. As of now, it is unknown who among these speakers will testify at trial. Not all co-conspirators in the Indictment and Other Acts Evidence (OAE) have been named.  The number of witnesses, co-conspirators, the length and complexity of these charges and the OAE all weigh in favor of sorting out admissibility issues before trial.

## 2. The Legal Framework

Generally, hearsay is inadmissible at trial. This is rooted in the Sixth Amendment promise that an accused will have the opportunity to confront their accusers.[1] The law, however, allows for some exceptions, including statements made by co-conspirators in furtherance of the conspiracy. This exception is found in FRE 801(d)(2)(E):

> **Statements That Are Not Hearsay**. A statement that meets the following conditions is not hearsay:
> (2)   An Opposing Party's Statement. The statement is offered against an opposing party and:
>   (E)   was made by the party's coconspirator during and in furtherance of the conspiracy.

As a hearsay exception, the statements should reveal the existence of an agreement to violate the law, rather than be offered for the truth of the matter asserted.

Federal Rule of Evidence 104(a) provides: "Preliminary questions concerning … the admissibility of evidence shall be determined by the court." The admissibility of unsworn, out-of-court statements is a preliminary question that should be resolved by the court pretrial.[2] Here, given the volume of statements and complexity of the factual and legal evidentiary inquiry, a pretrial determination would be more efficient and economical than a mid-trial interruption. It will also better allow the parties to assess the evidence and prepare for trial.

---

[1] *Crawford v. Washington*, 541 U.S. 36, 42 (2004).
[2] *Bouirjaily v. United States*, 483 U.S. 171, 175 (1987); *United States v. Macklin*, 573 F.2d 1046, 1048 (8th Cir. 1978)("[T]he preliminary determination of the admissibility of an alleged coconspirator's statement is now to be determined by the trial judge…").

3. **The Burden of Proof**

The proponent of the unsworn, out-of-court statement must prove by a preponderance that the defendant was a party co-conspirator and that the statement was during and in furtherance of that conspiracy.[3] Five foundational facts must be established: (1) the existence of the conspiracy; (2) that the declarant was a member of that conspiracy; (3) that the defendant was a member of the conspiracy; (4) the statement was made during the course of the conspiracy; and (5) the statement was made in furtherance of the conspiracy.[4]

Conspiracy is defined generally as an agreement between two or more people to violate the law.[5] The proponent must prove that there was a conspiracy, and that the defendant against whom the unsworn, out-of-court statement will be admitted was a party to that conspiracy. The declarant does not need to be formally charged with the conspiracy, but must be a member of the conspiracy. The rule further provides that, "The statement must be considered but does not by itself establish the … existence of the conspiracy or participation in it under (E)."

Not all statements made by co-conspirators are admissible under FRE 801 (d)(2)(E).

---

[3] *Bourjaily*, 483 U.S. at 175 ("The preponderance standard ensures that before admitting evidence, the court will have found it more likely than not that the technical issues and policy concerns addressed by the Federal Rules of Evidence have been afforded due consideration.")
[4] *United State v. Bell*, 573 F.2d 1040, 1043 (8th Cir. 1978); *United States v. Macklin*, 573 F.2d 1046 (8th Cir. 1978).
[5] *See Ocasio v. United States*, 136 S.Ct. 1423 (2016).

4. **Procedure**

The defense proposes that the government identify which statements it intends to offer under FRE 801(d)(2)(E). If the defense agrees that it is admissible for that purpose, we will affirm an agreement. If, however, the defense takes issue with the out-of-court statement, we will present the issue to the Court for pretrial determination. The government, as the proponent, will have the burden of proof, establishing the five requirements set out above.

A pretrial determination is critical for several reasons. First, it will better allow the parties to focus on the evidence that will be admitted and craft the theories of prosecution and defense on the admissible evidence. Second, it will inform whether there are related issues, such as witness exclusion and the admissibility or inadmissibility presentation of Other Acts Evidence. Third, if the evidence is admitted only for limited purposes, the parties will be prepared to request a limiting instruction.[6] Fourth, it will prevent unnecessary exposure of inadmissible evidence to the jury and thereby avoid a motion for a mistrial.[7]

## Conclusion

The defense asks the Court to grant this motion and hold the pretrial determination of the admissibility of alleged co-conspirator statements evidentiary hearing on the date of the pretrial motions hearing, October 6, 2020.

---

[6] Federal Rule of Evidence 105.
[7] *Bell*, 573 F.2d at 1044.

Dated: September 29, 2020 	Respectfully submitted,

*s/Shannon Elkins*

SHANNON ELKINS
Attorney ID No. 332161
Attorney for Mr. Hari
107 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

*s/James S. Becker*

JAMES S. BECKER
Attorney ID No. 388222
Attorney for Mr. Hari
107 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415