UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Crim. No. 18-150 (DWF/HB) |
| | ) | |
| MICHAEL HARI, | ) | |
| Defendant. | ) | |

## PROPOSED JURY INSTRUCTIONS OF DEFENDANT HARI

### I. Introduction

Defendant Michael Hari respectfully submits these proposed jury instructions in connection with the forthcoming trial proceedings.

### II. Authorities & Abbreviations

Most proposed instructions presented here are paraphrased (with case-specific modifications) from manuals of model jury instructions, listed and abbreviated as:

| Manual of Model Jury Instructions | Abbreviation |
|---|---|
| Jud. Comm. on Model Jury Instr., *Manual of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit* (2017 & Supp. 2019)[*] | *C.A.8 Crim. Jury Instr. Man.* |
| O'Malley et al., *Federal Jury Practice & Instructions* (Westlaw 6th ed. 2019). | *Fed. Jury Prac. & Instr.* |
| Sand et al., *Modern Federal Jury Instructions—Criminal* (Matthew Bender Lexis ed. 2019) | *Mod. Fed. Jury Instr.* |
| Comm. On Pattern Jury Instr., *Pattern Jury Instructions: Eleventh Circuit, Criminal Cases with Annotations and Comments* (Westlaw 2019) | *C.A.11 Patt. Crim. Jury Instr.* |

---

[*] Available at: http://www.juryinstructions.ca8.uscourts.gov/criminal_instructions.htm

### III. Proposed Instructions to the Jury

Defendant Hari requests that the Court deliver the following instructions to the jury, following the close of evidentiary presentations and final arguments. Though perhaps it goes without saying, these are preliminary requests which may require modification, addition, or deletion based upon the evidence and arguments presented at trial. Further, most of these proposed instructions are modified from the cited source materials to fit the facts and legal theories advanced in the case at hand. Last, additional instructions may be needed, before and during trial proceedings.

## *1.*

### *Introduction to final charge—province of court and jury*

Members of the Jury:

Now that you have heard all of the evidence that is to be received in this trial and each of the arguments of counsel it becomes my duty to give you the final instructions of the Court as to the law that is applicable to this case. You should use these instructions to guide you in your decisions.

All of the instructions of law given to you by the Court—those given to you at the beginning of the trial, those given to you during the trial, and these final instructions— must guide and govern your deliberations.

It is your duty as jurors to follow the law as stated in all of the instructions of the Court and to apply these rules of law to the facts as you find them to be, from the evidence received during the trial.

Counsel have quite properly referred to some of the applicable rules of law in their closing arguments to you. If, however, any difference appears to you between the law as stated by counsel and that as stated by the Court in these instructions, you should rely upon the instructions given to you by the Court.

You are not to single out any one instruction alone as stating the law, but must consider the instructions as a whole in reaching your decisions.

Neither are you to be concerned with the wisdom of any rule of law stated by the Court. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base any part of your verdict upon any other view or

opinion of the law than that given in these instructions of the Court just as it would be a violation of your sworn duty, as the judges of the facts, to base your verdict upon anything but the evidence received in the case.

You were chosen as juror for this trial in order to evaluate all of the evidence received and to decide each of the factual questions presented by the allegations brought by the government in the indictment and the plea of not guilty by the defendant.

In resolving the issues presented to you for decision in this trial you must not be persuaded by bias, prejudice, or sympathy for or against any of the parties to this case or by any public opinion.

Justice—through trial by jury—depends upon the willingness of each individual juror to seek the truth from the same evidence presented to all the jurors here in the courtroom and to arrive at a verdict by applying the same rules of law as now being given to each of you in these instructions of the Court.[*]

---

[*] 1A *Fed. Jury Prac. & Instr.* § 12:01 (Westlaw 2020)

*2.*

***Credibility of witnesses—generally***

You, as jurors, are the sole and exclusive judges of the credibility of each of the witnesses called to testify in this case. And only you determine the importance or the weight, if any, that their testimony deserves.

After making your assessment concerning the credibility of a witness, you may decide to believe all of that witness's testimony, only a portion of it, or none of it. In making your assessment of that witness, you should carefully scrutinize all of the testimony given by that witness, the circumstances under which each witness has testified, and all of the other evidence which tends to show whether a witness, in your opinion, is worthy of belief.

Consider each witness's intelligence, motive to falsify, state of mind, and appearance and manner while on the witness stand. Consider the witness's ability to observe the matters as to which he or she has testified. Consider whether he or she impresses you as having an accurate memory or recollection of these matters. Consider also any relation a witness may bear to either side of the case, the manner in which each witness might be affected by your verdict, and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness or between the testimony of different witnesses may or may not cause you to disbelieve or discredit such testimony. Two or more persons witnessing an incident or a transaction may simply see or hear it differently. Innocent mis-recollection, like failure of recollection, is not an uncommon human experience. In weighing the effect of a discrepancy, however, always

consider whether it pertains to a matter of importance or an insignificant detail, and consider whether the discrepancy results from innocent error or from intentional falsehood.

After making your own judgment or assessment concerning the believability of a witness, you can then attach such importance or weight to that testimony, if any, that you feel it deserves. You will then be in a position to decide whether the government has proven the charges beyond a reasonable doubt.[*]

---

[*] 1A *Fed. Jury Prac. & Instr.* § 15:01 (Westlaw 2020)

*3.*

### *Credibility of witnesses—informal immunity*

You may hear the testimony of witnesses who have been promised that in exchange for testifying truthfully, completely, and fully, they will not be prosecuted for any crimes that he may have admitted either here in court or in interviews with the prosecutors. These promises were not a formal order of immunity by the court, but rather were arranged directly between the witnesses and the government.

The government is permitted to make these kinds of promises and is entitled to call as witnesses people to whom these promises are given. You are instructed that you may convict a defendant on the basis of such a witness's testimony alone, if you find that his testimony proves the defendant guilty beyond a reasonable doubt.

However, the testimony of a witness who has been promised that he will not be prosecuted should be examined by you with greater care than the testimony of an ordinary witness. You should scrutinize it closely to determine whether or not it is colored in such a way as to place guilt upon the defendant in order to further the witness's own interests; for such a witness, confronted with the realization that she/he/they can win his own freedom by helping to convict another, has a motive to falsify his testimony. Such testimony should be received by you with suspicion and you may give it such weight, if any, as you believe it deserves.[*]

---

[*] 1 *Mod. Fed. Jury Instr.* ¶ 7.01, § 7-9 (Lexis 2019); s*ee also* 1A *Fed. Jury Prac. & Instr.* § 15:03 (Westlaw 2020).

## 4.

### *Credibility of witnesses—alleged accomplice*

An alleged accomplice is someone who claims to have participated in the commission of a crime. Such testimony must be examined and weighed with greater care than the testimony of a witness who does not claim to have participated in the commission of the crime.

The witnesses who fit this description are:

[List of Names – to be inserted at trial]

The fact that an alleged accomplice has entered or agreed to enter a plea of guilty to the offense charged is not evidence of the guilt of any other person, including the Defendant.

You must determine whether the testimony of the alleged accomplice has been affected by self-interest, or by an agreement made with the government, or by his or her own interest in the outcome of this case, or by prejudice against the Defendant.[*]

---

[*] 1A *Fed. Jury Prac. & Instr.* § 15:04 (Westlaw 2019); *see also CA8 Crim. Jury Instr. Man.* §§ 2.19 & 4.4 (2017) & 1 *Mod. Fed. Jury Instr.* ¶ 7.01, § 7-5 (Lexis 2020)

*5.*

### *Defendant as a witness*

You must judge the testimony of Defendant in the same manner as you judge the testimony of any other witness in this case.

### *—or alternatively—*

The defendant in a criminal case has an absolute right under our Constitution not to testify. The fact that Defendant did not testify must not be discussed or considered in any way when deliberating and in arriving at your verdict. No inference of any kind may be drawn from the fact that a defendant decided to exercise his privilege under the Constitution and did not testify. As stated before, the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or of producing any evidence.[*]

---

[*] 1A *Fed. Jury Prac. & Instr.* §§ 15:12 & :14 (Westlaw 2020)

*6.*

### *Opinion evidence—expert witness*

The rules of evidence ordinarily do not permit witnesses to testify as to their own opinions or their own conclusions about important questions in a trial. An exception to this rule exists as to those persons who are described as "expert" witnesses. An expert witness is someone who, by education or by experience, may have become knowledgeable in some technical, scientific, or very specialized area. If such knowledge or experience may be of assistance to you in understanding some of the evidence or in determining a fact, an expert witness in that area may state an opinion as to a matter in which he or she claims to be an expert.

You should consider each expert opinion received in evidence in this case and give it such weight, if any, as you may think it deserves. You should consider the testimony of expert witnesses just as you consider other evidence in this case. If you should decide that the opinion of an expert witness is not based upon sufficient education or experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you should conclude that the opinion is outweighed by other evidence you may disregard the opinion in part or in its entirety. As I have mentioned, you—the jury—are the sole judges of the facts of this case.[*]

---

[*] 1A *Fed. Jury Prac. & Instr.* § 14:01 (Westlaw 2019); *see also C.A.8 Crim. Jury Instr. Man.* § 4.10 (2017)

*7.*

### *Consider only the charges*

The defendant is not charged with committing any crime other than the offenses contained in the indictment. You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crimes charged. The defendant is not on trial for any act or any conduct which is not specifically charged in the indictment.[*]

---

[*] 1 *Mod. Fed. Jury Instr.* ¶ 3.01, § 3-3 (Lexis 2019) & 1A *Fed. Jury Prac. & Instr.* § 12:09 (Westlaw 2020)

*8.*

***Consider each count separately***

The indictment contains five (5) counts. Each count charges the defendant with a different crime. You must consider each count separately and return a separate verdict of guilty or not guilty for each. Whether you find the defendant guilty or not guilty as to one offense should not affect your verdict as to any other offense charged.[*]

---

[*] 1 *Mod. Fed. Jury Instr.* ¶ 3.01, § 3-6 (Lexis 2019) & *C.A.8 Crim. Jury Instr. Man.* § 3.08 (2017)

*9.*

### *Presumption of innocence, burden of proof, and reasonable doubt*

You must presume the Defendant to be innocent of the crimes charged. Thus the defendant, although accused of crimes in the indictment, begins the trial with a clean slate—with no evidence against him.

The indictment is not evidence of any kind. The law permits nothing but legal evidence presented in court to be considered in support of any charge against a defendant. The presumption of innocence alone is sufficient to acquit the Defendant.

The prosecution always has the burden to prove guilt beyond a reasonable doubt. In a criminal case, the law never imposes upon a defendant any burden or duty of calling any witnesses, or producing any evidence.

A reasonable doubt is a doubt based upon reason and common sense—the kind of doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs. That being said, it is not required that the government prove guilt beyond all possible doubt.

Unless the government proves, beyond a reasonable doubt, that Defendant committed each and every element of the offenses charged in the indictment, you must find Defendant not guilty of the offenses. If the jury views the evidence in the case as reasonably

permitting either of two conclusions—one of innocence, the other of guilt—you must adopt

the conclusion of innocence.[*]

---

[*] 1A *Fed. Jury Prac. & Instr.* § 12:10 (Westlaw 2019) (modified). *See also CA8 Crim. Jury Instr. Man.* § 3.11 (2017) & 1 *Mod. Fed. Jury Instr.* ¶ 4.01, §§ 4-1 & 4-2 (Lexis 2020)

***10.***

***Submission of indictment***

A copy of the indictment will be provided in the jury room for your review during your deliberations. You may use this document to read the crimes that the defendant is charged with committing. You are reminded, however, that an indictment is merely an accusation and is not to be used by you as any proof of the conduct charged. With that being said, I will now give you some special instructions regarding the crimes charged.[*]

---

[*] 1 *Mod. Fed. Jury Instr.* ¶ 9.04, § 9-4 (Lexis 2020) (modified)

### *11.*

### *Damaging religious real property—elements*

Count 1 of the indictment charges that the Defendant damaged religious real property, because of the religious character of that same property. In order to meet its burden of proof for this crime, the government must prove the following five (5) essential elements, and must prove each element beyond a reasonable doubt—

*One:* The defendant defaced, damaged or destroyed religious real property, as specified in Count 1 of the indictment.

*Two:* The defendant did so intentionally.

*Three:* The defendant did so because of the religious character of the property.

*Four:* The defendant did so in or affecting interstate commerce.

*Five:* The defendant did so using a dangerous weapon, explosives, or fire. [*]

---

[*] 1 *Mod. Fed. Jury Instr. ¶* 17.03, § 17-19 (Lexis 2019); *see also C.A.11 Patt. Crim. Jury Instr.* OI-09 (Westlaw 2020)

### *12.*

### *Damaging religious real property—*
### *"religious real property"*

The first element that the government must prove beyond a reasonable doubt is that the defendant intentionally defaced, damaged or destroyed "religious real property." The term "religious real property" means a church, synagogue, mosque, religious cemetery, or other religious real property, including any fixtures or religious objects contained within a place of religious worship, or real property owned or leased by a nonprofit, religiously affiliated organization.[*]

---

[*] 1 *Mod. Fed. Jury Instr. ¶* 17.03, § 17-20 (Lexis 2020) & § 247(f)

### 13.

### *Damaging religious real property—*
### *intentional acts*

The second element that the government must prove beyond a reasonable doubt is that the defendant acted intentionally in damaging religious real property stated in the indictment. To act intentionally means to act deliberately and purposefully. That is, the defendant's acts must have been the product of the defendant's conscious objective rather than the product of a mistake or accident.[*]

---

[*] 1 *Mod. Fed. Jury Instr.* ¶ 17.03, § 17-20 (Lexis 2019); *C.A.8 Crim. Jury Instr. Man.* § 7.03 (2017)

*14.*

### *Damaging religious real property— motivation based upon religious nature of property*

The third element that the government must prove beyond a reasonable doubt is that the defendant damaged the religious real property in question because of the religious character of the property. To prove this element, the government must prove that the religious nature of the property was the substantial motivating factor in the defendant's actions, such that the defendant would not have acted in the way that he did but for the religious nature of the property.[*]

---

[*] 1 *Mod. Fed. Jury Instr.* ¶ 17.03, § 17-21 (Lexis 2020)

### 15.

### *Damaging religious real property—*
### *in or affecting interstate commerce*

The fourth element that the government must prove beyond a reasonable doubt is that the defendant's alleged actions occurred in interstate commerce, or affected interstate commerce. Whether the alleged actions occurred in or affected interstate commerce is an essential element of charged offense, and the government is required to prove this element by means of proof, convincing to you beyond a reasonable doubt.

"Interstate commerce" means the movement of goods, services, money, or individuals between two or more states. The government is not required to prove the defendant knew he was affecting interstate commerce. However, to satisfy the interstate commerce element, the government must prove the defendant's conduct affected interstate commerce in some way. You must decide whether the defendant's conduct had an actual effect on interstate commerce, which can be minimal. However, the defendant's effect on interstate commerce must be actual, and not merely probable or potential.[*]

---

[*] *See* 1 *Mod. Fed. Jury Instr.* ¶ 17.03, § 17-22 (Lexis 2019) & *C.A.8 Crim. Jury Instr. Man.* § 6.18.1951A & Notes & Comm. Cmt. (2017) (explicating parallel provision of Hobbs Act Robbery statute).

### 16.

### *Damaging religious real property—*
### *use of dangerous weapon, fire, and explosive*

The fifth element that the government must prove beyond a reasonable doubt is that the defendant committed the alleged acts by means of a dangerous weapon, explosives, or fire.[*]

---

[*] 1 *Mod. Fed. Jury Instr.* ¶ 17.03, § 17-24 (Lexis 2020).

### 17.

### *Damaging religious real property—*
### *lesser-included offense*

If your verdict under Count 1 is not guilty, or if after all reasonable efforts, you are unable to reach a verdict on Count 1, you should record that decision on the verdict form and go on to consider whether the defendant is guilty of the crime of (lesser-included offense) under this instruction.[*]

---

[*] *C.A.8 Crim. Jury Instr. Man.* § 3.10 (2017).

### 18.

### *Obstructing free exercise of religious beliefs—*
### *elements*

Count 2 of the indictment charges that the defendant intentionally obstructed, by force and threat of force, the free exercise of religious beliefs. In order to meet its burden of proof for this crime, the government must prove the following six (6) essential elements, and must prove each element beyond a reasonable doubt—

*One:* The defendant obstructed the persons identified in Count 2, in the pursuit and enjoyment of those persons' free exercise of religious beliefs.

*Two:* The defendant did so by force and threat of force.

*Three:* The defendant did so intentionally, and knowing the persons were engaging in activities in pursuit of their religious beliefs.

*Four:* The defendant did so while motivated by hostility to those persons' religious beliefs.

*Five:* The defendant did so in or affecting interstate commerce.

*Six:* The defendant did so using a dangerous weapon, explosives, or fire. [*]

---

[*] Defense counsel has found no case or published jury instruction manual which attempts to lay out elements of § 247(a)(2), charged in Count 2. The statute was at issue in one Eighth Circuit decision, *United States v. Corum*, 362 F.3d 489 (8th Cir. 2004), but the elements of the offense are not delineated in that opinion. Hence, counsel attempts to construct the elements based upon the face of the statute, § 247(a)(2), the legislative history, *e.g.,* S. Rep. No. 100-324 (1988), and out-of-circuit authorities, *e.g., United States v. Barlow*, 41 F.3d 935 (5th Cir. 1994) & *United States v. Roof,* No. 17-3 (4th Cir.) (12 Joint App. at 5139 (transcript of instructions) & Def. Br. at 240-44 (legal authorities and proposed instruction)).

### 19.

### *Obstructing free exercise of religious beliefs—*
### *prohibited acts*

The first element that the government must prove beyond a reasonable doubt is that the defendant obstructed persons identified in Count 2, in the enjoyment of those persons' free exercise of religious beliefs. This means committing some act which makes it difficult or impossible to engage in the activities undertaken in pursuit of those persons' religious beliefs.[*]

---

[*] S. Rep. 100-324 at 5 (1988); *Black's Law Dictionary* (Westlaw 11th ed. 2019) (defining "obstruct").

## 20.

### *Obstructing free exercise of religious beliefs—*
### *force or threat of force*

The second element that the government must prove beyond a reasonable doubt is that the defendant used force to commit the acts of obstruction, as just defined. The term "force" means the exercise and application of physical power. In common usage, "force" means the use of power, violence, compulsion, or restraint exerted upon or against a person or thing.[*]

---

[*] *See* S. Rep. 100-324 at 2-5 (1988) (discussing purpose and elements of § 247(a)(2)); *Hate Crimes Law* § 7:6 (Westlaw 2019) (observing that "force or threat of force" language of § 247(a)(2) is same as 18 U.S.C. § 245 & § 248 and 42 U.S.C. § 3631, and concluding that § 247(a)(2) "presumably would be interpreted as it has been under those statutes"); 1 *Mod. Fed. Jury Instr.* ¶ 17.02, § 17-12 (Lexis 2019) (instruction as to § 245(b) "force or threat of force" element).

## 21.

### *Obstructing free exercise of religious beliefs—*
### *intentional & knowing acts*

The third element that the government must prove beyond a reasonable doubt is that the defendant acted intentionally and knowingly in obstructing persons in their free exercise of religious beliefs, as just defined. To act intentionally means to act deliberately and purposefully. To act intentionally, the defendant's acts must have been the product of the defendant's conscious objective rather than a mistake or accident. To act knowingly, the defendant must have known the persons were engaging in activities in pursuit of their religious beliefs.[*]

---

[*] S. Rep. 100-324 at 5 (1988) ("Conviction under [§247(a)(2)] requires the prosecutor to show that the defendant intentionally attempted or did obstruct another from engaging in activities pursuant to that individual's religious beliefs and that he or she knew that the person was engaging in the activities pursuant to religious beliefs."); *see also* 1 *Mod. Fed. Jury Instr.* ¶ 17.03, §§ 17-20 (Lexis 2019) & *C.A.8 Crim. Jury Instr. Man.* § 7.03 (2017).

*22.*

***Obstructing free exercise of religious beliefs—***
***motivation based upon hostility to others' religious beliefs***

The fourth element that the government must prove beyond a reasonable doubt is that the defendant's acts of obstruction were motivated by hostility to the persons' religious beliefs. Hostility to religious beliefs means a deep-seated ill will toward those religious beliefs.[*]

---

[*] *See* S. Rep. 100-324 at 2-5 (1988) (purpose of statute is to proscribe "violence motivated by hostility to religion").

### 23.

### *Obstructing free exercise of religious beliefs—*
### *in or affecting interstate commerce*

The fifth element that the government must prove beyond a reasonable doubt is that the defendant's alleged actions occurred in interstate commerce, or affected interstate commerce. Whether the alleged actions occurred in or affected interstate commerce is an essential element of charged offense, and the government is required to prove this element by means of proof, convincing to you beyond a reasonable doubt.

"Interstate commerce" means the movement of goods, services, money, or individuals between two or more states. The government is not required to prove the defendant knew the defendant was affecting interstate commerce. However, to satisfy the interstate commerce element, the government must prove the defendant's conduct affected interstate commerce in some way. You must decide whether the defendant's conduct had an actual effect on interstate commerce, which can be minimal. However, the defendant's effect on interstate commerce must be actual, and not merely probable or potential.[*]

---

[*] *See* 1 *Mod. Fed. Jury Instr.* ¶ 17.03, § 17-22 (Lexis 2020) & *C.A.8 Crim. Jury Instr. Man.* § 6.18.1951A (2017) (explicating parallel provision of Hobbs Act Robbery statute).

### 24.

### *Obstructing free exercise of religious beliefs—*
### *use of dangerous weapon, fire, and explosive*

The sixth element that the government must prove beyond a reasonable doubt is that

the defendant committed the alleged acts by means of a dangerous weapon, explosives, or

fire.[*]

---

[*] *See* 1 *Mod. Fed. Jury Instr.* ¶ 17.03, § 17-24 (Lexis 2020).

### 24A.

### Obstructing free exercise of religious beliefs — lesser-included offense

If your verdict under Count 2 is not guilty, or if after all reasonable efforts, you are unable to reach a verdict on Count 2, you should record that decision on the verdict form and go on to consider whether the defendant is guilty of the crime of (lesser-included offense) under this instruction.[*]

---

[*] *C.A.8 Crim. Jury Instr. Man.* § 3.10 (2017).

### 25.

### *Conspiracy to commit federal felonies by means of fire and explosives— elements*

Count 3 of the indictment charges that the defendant conspired to commit federal felonies by means of fire and explosives. In order to meet its burden of proof for this crime, the government must prove the following three (3) essential elements, and must prove each element beyond a reasonable doubt—

*One:* On or about August 5, 2017, Defendant reached an agreement with Michael McWhorter and Joe Morris to use fire or an explosive to commit felonies which may be prosecuted by the federal government.

*Two:* The defendant voluntarily and intentionally joined in the agreement.

*Three:* At the time the defendant joined in the agreement, the defendant knew the purpose of the agreement.

*Four:* While the agreement was in effect, a person or persons who had joined in the agreement knowingly did one or more acts for the purpose of carrying out or carrying forward the agreement. [*]

---

[*] *See C.A.8 Crim. Jury Instr. Man.* § 5.06A-1 (Supp. 2019) (modified) & § 844(m)

### 26.

### *Conspiracy to commit federal felonies by means of fire and explosives— membership in conspiracy*

Count 3 requires the government to prove beyond a reasonable doubt that the defendant knowingly, willfully and voluntarily became a member of the conspiracy charged in the indictment. If you are satisfied that a conspiracy charged in the indictment existed, you must next ask yourselves who the members of that conspiracy were. In deciding whether the defendant was a member of the conspiracy, you should consider whether the defendant knowingly and willfully joined the conspiracy.

I want to caution you that mere knowledge or acquiescence, without participation, in the unlawful plan is not sufficient to prove conspiracy. Moreover, the fact that the acts of a defendant, without knowledge, merely happen to further the purposes or objectives of the conspiracy, does not make the defendant a member. More is required under the law.

What is necessary is that the defendant must have participated with knowledge of at least some of the purposes or objectives of the conspiracy and with the intention of aiding in the accomplishment of those unlawful ends. I will now instruct you on the conspiracy as claimed in the indictment.[*]

---

[*] *See C.A.8 Crim. Jury Instr. Man.* § 5.06A-2 (2017)

## 27.

### *Conspiracy to commit federal felonies by means of fire and explosives— alleged object of conspiracy*

Count 3 of the indictment alleges that the goal of the alleged conspiracy was to commit federal felonies by means of fire and explosives. In order to decide whether the government has proved that defendant joined the conspiracy described in Count 3, you will need to know more about the alleged goal of the conspiracy. I will tell you about this now.

As I have just mentioned, the alleged goal of the conspiracy was the commission of a federal felony by means of fire and explosives. This alleged goal has the following elements.

*One:* Commission of the federal felonies alleged in Count 1 and Count 2 of the indictment, which were the subject of my earlier instructions.

*Two:* Use of fire and explosives to commit those federal felonies. To use fire or an explosive to commit a crime means to use it in such a way that is an integral part of the commission of the crime, and not something incidental or that merely happened to facilitate or assist in the commission of the crime.

### 28.

### *Carrying and using destructive device during and in relation to crimes of violence— elements*

Count 4 of the indictment charges that the defendant carried and used a destructive device during and in relation to a crime of violence. In order to meet its burden of proof for this crime, the government must prove the following two (2) essential elements, and must prove each element beyond a reasonable doubt—

*One:* The defendant committed the offenses alleged in Count 1 and Count 2 of the indictment, which were the subject of my earlier instructions.

*Two:* The defendant knowingly used and carried a destructive device, during and in relation to those offenses.[*]

---

[*] *C.A.8 Crim. Jury Instr. Man.* § 6.18.924C-2 (Supp. 2019) & § 924(c)(1)(B)(ii)

### 29.

### *The term "destructive device"*

The term "destructive device" means—

(A) any explosive, incendiary, or poison gas— (i) bomb, (ii) grenade, (iii) rocket having a propellant charge of more than four ounces, (iv) missile having an explosive or incendiary charge of more than one-quarter ounce, (v) mine, or (vi) device similar to any of the devices described in the preceding clauses;

(B) any type of weapon (other than a shotgun or a shotgun shell which the Attorney General finds is generally recognized as particularly suitable for sporting purposes) by whatever name known which will, or which may be readily converted to, expel a projectile by the action of an explosive or other propellant, and which has any barrel with a bore of more than one-half inch in diameter; and

(C) any combination of parts either designed or intended for use in converting any device into any destructive device described in subparagraph (A) or (B) and from which a destructive device may be readily assembled.

The term "destructive device" shall not include any device which is neither designed nor redesigned for use as a weapon; any device, although originally designed for use as a weapon, which is redesigned for use as a signaling, pyrotechnic, line throwing, safety, or similar device; surplus ordnance sold, loaned, or given by the Secretary of the Army pursuant to the provisions of section 7684(2), 7685, or 7686 of title 10; or any other device which the Attorney General finds is not likely to be used as a weapon, is an antique, or is a rifle which the owner intends to use solely for sporting, recreational or cultural purposes.*

* 18 U.S.C. § 921 (a)(4)

### *30.*

### *Carrying and using destructive device during and in relation to crimes of violence— definition of use/carry and "during and in relation to"*

To prove that the defendant used or carried a destructive device as alleged in Count 4, the government must prove beyond a reasonable doubt the active employment of the device by the defendant during and in relation to the commission of the crime of violence.

To prove the defendant's use or carrying of a destructive device as alleged in Count 4 was "during and in relation to" the offenses described in Count 1 and Count 2, the government must prove beyond a reasonable doubt that the device was within his control in a way that it furthered commission or the crime of violence, or was an integral part of the commission of the crime of violence

The prove Count 4, the government must first prove that the defendant committed the offenses charged in Count 1 and Count 2. If you reach a not guilty verdict on Count 1 or Count 2, you must find the defendant not guilty of Count 4. [*]

---

[*] *C.A.8 Crim. Jury Instr. Man.* § 6.18.924C-2 (Supp. 2019) & § 924(c)(1)(B)(ii)

### *31.*

### *Possession of unregistered destructive device—*
### *elements*

Count 5 of the indictment charges that the defendant possessed an unregistered destructive device. In order to meet its burden of proof for this crime, the government must prove the following three (3) essential elements, and must prove each element beyond a reasonable doubt—

*One:* On or about August 5, 2017, defendant had possession of a destructive device.

*Two:* The  defendant had knowledge that what he was possessing was a destructive device.

*Three:* The destructive device was not registered to the defendant in the National Firearms Registration and Transfer Record.[*]

---

[*] *C.A.8 Crim. Jury Instr. Man.* § 6.26.5861 (2017) & § 924(c)(1)(B)(ii)

**IV. Conclusion**

In sum, Defendant Hari requests that the Court supply these instructions to the jury, subject to modification or supplementation based upon presentations offered during the course of the trial proceedings.

Dated: September 29, 2020                    Respectfully submitted,


                                             *s/Shannon Elkins*

                                             _____

                                             SHANNON ELKINS
                                             Attorney ID No. 332161
                                             Attorney for Mr. Hari
                                             107 U.S. Courthouse
                                             300 South Fourth Street
                                             Minneapolis, MN 55415

                                             *s/James S. Becker*

                                             _____

                                             JAMES S. BECKER
                                             Attorney ID No. 388222
                                             Attorney for Mr. Hari
                                             107 U.S. Courthouse
                                             300 South Fourth Street
                                             Minneapolis, MN 55415