UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.

Michael Hari,

        Defendant.

Criminal No. 18-150(1) (DWF/HB)

**ORDER ON MOTIONS IN LIMINE**

This matter came before the Court for a pretrial hearing on October 6, 2020. Consistent with, and in addition to the Court's rulings and remarks from the bench, and based upon the memoranda, pleadings, and arguments of counsel, and the Court having reviewed the contents of the file in this matter and being otherwise duly advised in the premises, the Court hereby enters the following:

**ORDER**

1. The Government's Motions *In Limine* Nos. 1-5 (Doc. No. [229]) are **GRANTED IN PART** as follows:

    a. The parties have agreed to address evidentiary issues pertaining to hearsay statements of the Defendant with the Court outside the presence of the jury.

    b. The motion to sequester potential witnesses, with the exception of case agents, is **GRANTED**.

    c.    The motion to preclude the defense, in the presence of the jury, from referring to the potential penalty the Defendant faces if convicted of the crimes alleged in the Indictment is **GRANTED**.

    d.    The parties have agreed to address evidentiary issues pertaining to the cross-examination of any witness regarding prior bad acts or convictions of the witness with the Court prior to the cross-examination so that the Court can determine the propriety of the proposed cross-examination or the admissibility of the proffered evidence.

    e.    The motion to require the defense to make any dispositive motion, other than a motion under Fed. R. Crim. P. 29, before jeopardy attaches with the swearing of the jury, as required by Fed. R. Crim. P. 12, is **GRANTED** consistent with the exchange the Court had with defense counsel and government's counsel during the pretrial.

2.    Defendant's Motion in Limine Seeking Exclusion of Impeachment Evidence as to Defendant-Witness Testimony (Doc. No. [232]) is **GRANTED IN PART** and **DENIED IN PART** as follows:

    a.    The motion is **GRANTED** as to the categories of presumptively inadmissible other acts evidence ("OAE"), consistent with the Court's remarks off the bench during the pretrial. This evidence includes evidence pertaining to the: December 4, 2017 robbery or Walmart; December 16, 2017 robbery of a private residence in Indiana; December 17, 2017 attempted robbery of Walmart; and January 18, 2018 attempted extortion of Canadian National Railway. The Court

concludes, over the objection of the Government, that inquiry into these topics does not survive a 403 analysis and will not be allowed. In the event that Government believes that door has been opened by direct or cross-examination by defense counsel, or that otherwise this issue should be considered by the Court, the Court will require a short offer of proof pursuant to Rule 104.

      b.      The motion is **GRANTED** as to the November 2006 Illinois conviction and probationary sentence for kidnapping. The Court concludes, over the objection of the Government, that inquiry into this topic does not survive a 403 analysis given the age and nature of the incident. Therefore, evidence of the November 2006 Illinois conviction and probationary sentence for kidnapping will not be allowed.

      c.      The motion is **DENIED** consistent with the Court's remarks off the bench during the pretrial as to the categories of presumptively admissible OAE. This evidence includes evidence pertaining to the: November 7, 2017 attempted arson of Women's Health Practice in Illinois; February 18, 2018 attempted frame-up of neighbor in Illinois; February 27, 2018 (and prior) movement and possession of firearms; February 27, 2018 to March 10, 2018 flight to the countryside in Illinois; and February 13, 2019 attempted escape of custody. With respect to evidence of the February 18, 2018 attempted frame-up of a neighbor, the Court will allow the evidence without mention that Defendant has been charged. The Court concludes, over the objection of defense counsel, that inquiry into these

topics does survive a 403 analysis and therefore will be admissible for the reasons stated during the pretrial by the Court and in its Order filed on July 7, 2010.

3. As to Defendant's Motion for Pretrial Determination of Admissibility of Alleged Co-Conspirator Statements (Doc. No. [234]), the parties have agreed to address any such statements to the Court outside of the presence of the jury prior to witness testimony.

4. Defendant's Motion in Limine to Exclude Irrelevant and Inflammatory Testimony and Terms (Doc. No. [235]) is **GRANTED** insofar as the Court finds that any testimony or use of phrases by witnesses regarding the meaning of various potentially inflammatory terms, such as "domestic terrorism," "terrorism," and "militia" etc. is presumptively inadmissible. However, consistent with the Court's remarks off the bench during the pretrial, the Court does find admissible phrases or descriptions used either orally or in writing by the Defendant himself or the two co-conspirators Michael McWhorter and Joe Morris. Statements made orally or in writing by either the Defendant or McWhorter or Morris will be presumptively admissible. The Court, of course, will make itself available for any Rule 104 offers of proof either by government's counsel or defense counsel if so requested outside the presence of the jury.

5. Defendant's Consolidated Motions in Limine (Doc. No. [236]) are **GRANTED IN PART** and **DENIED IN PART** as follows:

   a. The motion to provide each of the parties voir dire to question the jury regarding background, experiences and potential biases is respectfully **DENIED** for the reasons stated on the record. However, consistent with the

4

pretrial schedule, including the status conference scheduled for October 27 and the COVID-19 protocol of the Court, the Court will not only seek the input of counsel for each party after a review of the jury questionnaires which will occur on October 27, but will also, with the use of headsets, permit input and requests by each counsel as the Court concludes its voir dire of each prospective juror.

    b.    The motion to order that all firearms be excluded from the courtroom is **DENIED**.  Noting the Defendant's objection, and provided that testimony of the witnesses makes their admission relevant, the Court will permit the introduction of the firearms.

    c.    The motion to permit defense investigators to remain in the Courtroom during testimony is **GRANTED**.

    d.    The motion to order the Government to admonish the witnesses as to evidence and testimony ruled inadmissible by the Court during pretrial litigation, is **GRANTED** consistent with the Court's discussion with counsel during the pretrial.

    e.    The motion to order witnesses to be sequestered and told not to discuss their testimony with each other is **GRANTED** consistent with the Court's discussion with counsel during the pretrial.

Dated:  October 9, 2020                  s/Donovan W. Frank
                                              DONOVAN W. FRANK
                                              United States District Judge