UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 18-150(1) (DWF/HB)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | DEFENDANT'S MOTION TO |
| v. ) | STRIKE SURPLUSAGE FROM THE |
| ) | INDICTMENT |
| MICHAEL HARI, ) | |
| ) | |
| Defendant. ) | |

Michael Hari, by and through his counsel, hereby respectfully moves the Court under Federal Rule of Criminal Procedure 7(d) for an Order striking surplusage from the Indictment. Specifically, the following language is both irrelevant to the elements of the offense and prejudicial to Mr. Hari because it confuses the issues. FRE 401, 403.

The word "dangerous weapon" in the following paragraphs:

¶1 "… and threatened use of **a dangerous weapon** …"

¶2 "… and threatened use of **a dangerous weapon** …"

¶3 "… through the use of **a dangerous weapon** …"

¶25 "… through the use of **a dangerous weapon** …"

The term "dangerous weapon" is part of an enumerated list of things that could be used in the commission of a crime. For example, if a 18 U.S.C. 247(a)(1) crime were committed and included the use of a dangerous weapon, explosives *or* fire, any one of these ways would increase the penalty under 18 U.S.C. §247 (d)(3) if

bodily injury also occurred. Thus, under this example, it would be unnecessary for the government to prove that a destructive device, explosives *and* fire were used, only that one of the enumerated items was used.

Additionally, using this term in concert with explosives or fire may cause confusion for the jury since at least two of the firearms, which have been ruled presumptively admissible as 404 evidence, were alleged to have been present at the Dar al Farooq Islamic Center on August 5, 2017. These firearms are "dangerous weapons" and the inclusion of this term will likely cause confusion during jury deliberations. In the case at hand, the jury must only determine if the crime was committed by use of a *destructive device*, e.g. by use of an explosive or fire. The government has not alleged that the crimes were committed with any other "dangerous weapon."

Similarly, the word "firearm" in the following paragraphs also creates confusion:

¶25 "… did knowingly carry and use a **firearm** …"

¶26 "… did knowingly possess a **firearm** …"

Although the federal definition of firearm includes a destructive device, this definition is a matter of law and not for the jury's consideration. *See* 18 U.S.C. §5845. Again, because the government's allegations all involve the use of a *destructive device* and because firearms will be presented in the courtroom through multiple witnesses, the term "firearm" must be struck from the Indictment to avoid confusing the issues present in the charges at hand.

For these reasons, pursuant to Rule 7(d) of the Federal Rules of Criminal Procedure and Rule 401 and 403 of the Federal Rules of Evidence, counsel for Mr. Hari moves to strike these terms as unduly prejudicial and unnecessary. Counsel further contends that striking these terms is necessary to protect Mr. Hari's Fifth Amendment right to due process and a fair trial.

If the government opposes this motion, counsel requests that the Court hold a brief hearing on the Motion, outside the presence of the jury, and prior to reading the indictment to the jury. However, defense counsel and the government already conferred regarding this issue of superfluous language and no objection from the government is expected.

Dated: October 19, 2020              Respectfully submitted,

                                     *s/ Shannon Elkins*

                                     SHANNON ELKINS
                                     Attorney ID No. 332161
                                     Attorney for Mr. Hari
                                     107 U.S. Courthouse
                                     300 South Fourth Street
                                     Minneapolis, MN 55415