UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 18-150(1) (DWF/HB)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | DEFENDANT'S RESPONSE TO |
| v. ) | GOVERNMENT'S OBJECTION TO |
| ) | PROPOSED DEFENSE EXHIBITS |
| MICHAEL HARI, ) | |
| ) | |
| Defendant. ) | |

Michael Hari, by and through his counsel, hereby respectfully submits this Response to the government's objection to proposed defense exhibits as articulated in its recently filed Notice by the United States of Intent to Describe the White Rabbits as a "Militia." (Docket No. 257.)

In its Notice, the government has requested that the Court preclude the defense from using a proposed exhibit at trial, specifically an FBI wanted poster for Jehad Serwan Mostafa. The government's objection is based on its misperception that the "purpose" of such an exhibit is "to play to prejudices that an unfortunate number of people hold about Somali-Americans… and [to] avoid inflammatory characterizations of groups of people, organizations, and religions." (Docket No. 257, p. 2-3.)

This is not the purpose of the proposed exhibit. The government appears to ground its concern in speculation that the defense seeks to "tar the Dar al-Farooq mosque or the persons who attend it as terrorists." (Docket No. 257, p 2.) This presumption is simply off

the mark. Rather, the defense intends to use this specific exhibit along with other evidence to be admitted at trial – including additional exhibits and testimony from multiple witnesses – to illustrate Mr. Hari's various entrepreneurial enterprises, which included efforts to identify and apprehend publicly known and notorious individuals wanted by the authorities.

More specifically, Mr. Hari's business, Crisis Resolution Security Services, Inc. (hereinafter "CRSS"), sought to apprehend Joanne Chesimard and Jehad Serwan Mostafa. In both instances, the FBI offered massive financial rewards for anyone who helped to apprehend Jehad Serwan Mostafa and Joanne Chesimard by providing information directly to the FBI. These plans were known to Mr. Hari's co-defendants and information regarding the work of CRSS can be found on the Dell computer attributed to Mr. Hari and others and searched by the FBI. Their identities and the plans of CRSS are going to be offered as rebuttal to a number of things the government has asserted in its trial brief. Thus, the exhibit complained of is no different than others proposed by the defense that did not prompt any similar objection by the government. The sole basis for the government's concern appears to be the coincidental facts that the Dar al Farooq Islamic Center serves a Muslim congregation and that Mr. Serwan Mostafa is purportedly a member of al-Shabaab, an Islamic jihadist terror organization. To be clear, the defense's intent does not include a claim that either Mr. Serwan Mostafa or Ms. Chesimard have anything to do with the Dar al Farooq Islamic Center.

Not only is this purpose decidedly different than that presumed incorrectly by the government, it is important to stress that this specific purpose is grounded in a larger

cause, one that lies at the heart of any criminal trial before a jury: to require that the government prove each and every element of the charges it has asserted against Mr. Hari. As the Court is well aware, one of the critical elements that the government has voluntarily taken on is that of religious animus. The defense submits that its proposed exhibit is a necessary component to addressing this element, and Mr. Hari ought to be entitled to a fair trial where he is able to introduce such evidence. This is particularly true when, as here, the government's speculative concern regarding the purpose of this exhibit has been obviated by the explicit clarifications above.

Dated: October 29, 2020

Respectfully submitted,

*s/ James S. Becker*

JAMES S. BECKER
Attorney ID No. 388222
Attorney for Mr. Hari
107 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415