UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
District Court File No. 18-150 (DWF/HB)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | **RESPONSE OF THE UNITED** |
| Plaintiff, ) | **STATES TO DEFENDANT'S** |
| ) | **MOTION TO SUPPRESS** |
| vs. ) | **EYEWITNESS IDENTIFICATIONS** |
| ) | |
| MICHAEL HARI, ) | |
| ) | |
| Defendant. ) | |

The United States of America, through its attorneys, Erica H. MacDonald, United States Attorney for the District of Minnesota, and Assistant United States Attorneys John Docherty, Allison Ethen, and Timothy Rank, respectfully submits its Response to the Defendant's Motion to Suppress Eyewitness Identifications (Dkt. No. 265).

### I.  Identification of the Defendant by J.C.

The defendant's motion as to J.C.'s identification testimony is moot; the government has never intended to elicit identification testimony from J.C.  The defense correctly states that when J.C. was interviewed by the government July 26, 2018, J.C. did not recognize a photograph of Michael Hari or a photograph of co-defendant Michael McWhorter shown to him by a law enforcement agent.  Until J.C. spoke to the defendant's own investigator last week, the government was unaware that J.C. could identify Hari.  The government learned this information through defendant's disclosure and subsequent motion.

The government intends to call J.C. to testify about a sale of 20 pounds of black powder on August 1, 2017 from J.C.'s business, Deer Creek Products in Waldron, Indiana. The government further intends to present evidence via cell phone location information showing that on August 1, 2017, Hari traveled from Clarence, Illinois to Waldron, Indiana – a distance of more than 150 miles – and testimony from co-defendant McWhorter that he drove with Hari to Deer Creek Products to purchase black powder approximately a week before the Dar Al-Farooq bombing.

Although the government had not intended to seek an in-court identification of Hari from J.C., as the statement was made to the defendant's own investigators, should the defense open the door to that testimony on cross-examination, it would be the government's intention to question J.C. about the positive identification made to the defense on October 23, 2020.

## II. Identification of the Defendant by Other Witnesses

The defendant's motion mischaracterizes the government's prior agreement as to identification testimony. The defendant previously moved to suppress identification testimony by a store clerk from Arthur, Illinois. (Dkt. No. 85). The government responded that the motion was moot as it was not intending to call the store clerk. (Dkt. No. 109). The government's response was specific to the identification of the defendant by the store clerk in Arthur, Illinois – to be clear, the individual referenced in the government's response was not J.C. The government's response was not a blanket agreement that the government would not elicit an in-court identification of the defendant.

Indeed, it is incorrect to state that "the government has not provided any other reports suggesting that any non-accomplice-witness has positively identified Mr. Hari as a person connected with the Dar al Farooq bombing or the 'black powder pipe bomb' at issue." (Dkt. No. 265 at 2). On February 14, 2020, the government disclosed an interview with a former Enterprise Car Rental employee identified as J.F. During the interview, J.F. personally recollected the defendant from multiple business transactions by the defendant at J.F.'s Enterprise location. Based on J.F.'s anticipated testimony, the government believes it likely he will be able to positively identify the defendant in court.

The government objects to any requirement that it obtain the Court's permission prior to a witness providing an in-court identification. The government does not intend to elicit identification testimony from a witness absent proper foundation and would respectfully request that the Court rule on any foundational objections as they arise.

Dated: October 29, 2020

Respectfully submitted,

ERICA H. MacDONALD
United States Attorney

*/s/ Allison Ethen*

BY:   JOHN DOCHERTY
       ALLISON ETHEN
       TIMOTHY RANK
       Assistant United States Attorneys