UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
District Court File No. 18-150 (DWF/HB)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) **MOTION *IN LIMINE* BY UNITED** |
| Plaintiff, | ) **STATES TO PRECLUDE** |
| | ) **IMPROPER 404(b) EVIDENCE** |
| vs. | ) |
| | ) |
| MICHAEL HARI, | ) |
| | ) |
| Defendant. | ) |

The United States of America, through its attorneys, Erica H. MacDonald, United States Attorney for the District of Minnesota, and Assistant United States Attorneys John Docherty, Allison Ethen, and Timothy Rank, respectfully submits its motion *in limine* to preclude the introduction of impermissible prior bad act evidence pursuant to Fed. R. Evid. 404(b).

The government noted earlier the presence of an FBI wanted poster for Jehad Mostafa, a member of al Shabaab, among the defense exhibits. Out of concern for the effect that displaying a wanted poster for a Somali-American terrorist would have on a jury sitting on a case alleging the bombing of a mosque that is attended primarily by Somali-Americans, the government asked the Court to employ Fed. R. Evid. 403 to avoid either side using inflammatory language. (Dkt. No. 257).

In response, the defense disavowed any intent of labeling Dar al-Farooq or its congregants "terrorists," and stated that the only reason for showing the wanted poster was to "illustrate Mr. Hari's various entrepreneurial enterprises." (Dkt. No. 267).

The government remains concerned by the wanted poster. Whatever the intent in introducing it (and the government does not doubt the good faith of defense counsel), the fact remains that al Shabaab has preyed upon the young men of the Twin Cities Somali-American community, and that fact is well-known in Minnesota, not least because of a series of prosecutions in this very Court. Putting an al Shabaab wanted poster in front of the jury in this case is inflammatory. It is within the definition of unfairly prejudicial evidence because it has "a tendency to suggest decision on an improper basis." *United States v. Ceballos*, 605 F. 3d 468, 471 (8th Cir. 2010) (quoting Fed. R. Evid. 404(b) Advisory Committee Notes), by reminding the jury of prior terrorism investigations and prosecutions that involved the Somali-American community of the Twin Cities.

In addition, we note that the wanted poster has no probative value. Mr. Hari is on trial for bombing a mosque. His business activities have nothing to do with his actions early in the morning of Saturday, August 5, 2017, and can be adequately demonstrated through other evidence that does not carry with it such unnecessary and unfairly prejudicial effects.

The government appreciates the undertaking the defense has given that they do not intend to seek to label Dar al-Farooq or its congregants with inflammatory terms. In an abundance of caution, the government moves the Court to preclude either party from questioning any witness regarding prior criminal investigations, allegations, or actions which involved the victim location – Dar al-Farooq mosque in Bloomington, Minnesota. The government is seeking an explicit ruling that no witness will be confronted with questions regarding prior criminal investigations or allegations concerning Dar al-Farooq

absent proper notice and an affirmative Court ruling.  Although this ruling should apply to all witnesses, the government has particular concern that the victims of the bombing charged in this case – members of the Dar al-Farooq mosque – not be subject to such questioning.  We respectfully ask the court to make this clear.

Dated:       November 1, 2020

Respectfully submitted,

ERICA H. MacDONALD
United States Attorney

*s/     John Docherty*

BY:   JOHN DOCHERTY
        ALLISON K. ETHEN
        TIMOTHY C. RANK
        Assistant United States Attorney