UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
District Court File No. 18-150 (DWF/HB)

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>(1)    MICHAEL HARI, )<br>)<br>Defendant. ) | **MOTION BY THE UNITED STATES TO PRECLUDE EVIDENCE OR ARGUMENT ABOUT PUNISHMENT** |

The United States of America, through its attorneys, Erica H. MacDonald, United States Attorney for the District of Minnesota, and Assistant United States Attorneys John Docherty, Allison K. Ethen, and Timothy C. Rank, respectfully move the Court for an order barring evidence or argument concerning punishment.

What sentence to impose in the event of a conviction is a matter for the Court, not for the jury. This principle is well-established enough to be included in the Eighth Circuit pattern instruction which is the last thing a jury in a criminal case hears from the Court before retiring to deliberate. See Eighth Circuit Pattern Jury Instructions, § 3.12 ("T*hird*, if the defendant is found guilty, the sentence to be imposed is my responsibility. You may not consider punishment in any way in deciding whether the prosecution has proved its case beyond a reasonable doubt.")

Notwithstanding this, in their opening the defense told the jury that testifying defendants Morris and McWhorter had been facing a thirty-year sentence, and the defense put the potential sentence before the jury again on Tuesday, November 10, in their cross-

examination of FBI Special Agent Joel Smith, asking about the specific sentence Joe Morris faces. It takes little extrapolation for the jury to infer that the penalty faced by Morris and McWhorter is the same as that which Hari faces, which is why such inquiry and argument are improper.

The government understands that it is legitimate cross-examination for the defense to ask testifying co-defendants whether they expect their sentence to be reduced. It is impermissible, however, to use that legitimate cross-examination as a vehicle to place before the jury sentencing specifics that they should not consider.

The United States respectfully asks the Court to preclude examination or argument about the specific lengths of any potential sentence, or to characterize any sentence as a "mandatory minimum."

Date:  November 11, 2020	Respectfully Submitted,

 	ERICA H. MacDONALD
 	United States Attorney

 	s/     *John Docherty*

 	BY:	JOHN DOCHERTY
 		ALLISON K. ETHEN
 		TIMOTHY C. RANK
 		Assistant United States Attorneys