UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 18-150(1) (DWF/HB)

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL HARI, )<br>)<br>Defendant. ) | NOTICE OF INTENT TO USE<br>IMPEACHMENT EVIDENCE |

Michael Hari, by and through his counsel, hereby submits notice that Counsel intends to impeach the witnesses based upon portions of the Plea Agreements of Joe Morris, (ECF 44), and Michael McWhorter, (ECF 43), ("Cooperator-Witnesses") as evidence of their bias pursuant to FRE 607; *accord U.S. v. Abel*, 469 U.S. 45, 52 (1984). Specifically, Counsel intends to ask each of these Cooperator-Witnesses about the following.

1. Pursuant to the plea agreements, the Cooperator-Witnesses pled guilty to a number of offenses in this Court and in the Central District of Illinois, including:

   (a). Using a destructive device during the commission of a crime of violence, charged as Count 4 of Minnesota indictment, which is said to carry a 30-year mandatory minimum term of imprisonment; and

   (b). Attempted arson, charged as Count 3 of the Illinois indictment, which is said to carry a 5-year mandatory minimum term of imprisonment.

(ECF 43 & 44 at 9-12).

2.  According to the plea agreements, the above counts of convictions call for mandatory consecutive imposition, meaning a mandatory minimum term of imprisonment amounting to 35 years in total. (ECF 43 & 44 at 16).

3.  The plea agreements state the maximum penalty to be imposed based upon the counts of conviction would be a life term of imprisonment. (ECF 43 & 44 at 12).

4.  The Eighth Circuit Court of Appeals has said the "primary purpose" of the Confrontation Clause, U.S. Const. Am. 6, is to "guarantee the opportunity for effective cross-examination, particularly with respect to a witness's potential bias." *United States v. Wright,* 866 F.3d 899, 906 (8th Cir. 2017). For example, "the accused should be able to contrast the original punishment faced by the witness with the more lenient punishment contemplated by the plea agreement." *Id.*

5.  Here, the Cooperator-Witnesses face a life term of imprisonment and a mandatory minimum of 35 years under the original charges. Under the terms of the plea agreement, that severe penalty could be dramatically reduced if their testimony pleases the government and the government files a motion allowing the Court to sentence below the mandatory minimum. *See, e.g.,* 18 U.S.C. § 3553(e).

6.  This is classic and compelling evidence of bias on the part of the Cooperator-Witnesses. Testimony that pleases the government is their way out of a severe predicament. The incentives to slant testimony against Mr. Hari and in favor of the government's theory could scarcely be higher.

7.     There needn't be a concern about communicating the penalty faced by Mr. Hari in the present case. In the case of the Cooperator-Witnesses, the 35-year mandatory minimum term is derived from a combination of Minnesota charges and Illinois charges. Here, Mr. Hari is only being tried on Minnesota charges. Moreover, there is no reason to communicate that the Minnesota charges which generate the Cooperator-Witness 30-year mandatory minimum are the same as those at issue in the present case.

8.     In sum, under the Confrontation Clause and Rules of Evidence, Mr. Hari must be permitted to impeach the Cooperator-Witnesses with the relevant terms of their plea agreements, and which evince their high degree of bias against Mr. Hari.

Dated: November 11, 2020                Respectfully submitted,

*s/ Shannon Elkins*

SHANNON ELKINS
Attorney ID No. 332161
Attorney for Mr. Hari
107 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415