UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Crim. No. 18-150(1) (DWF/HB)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) | |
| Plaintiff, | ) ) | **Defendant's Motion in Limine To Exclude OAE Lines of Cross-Examination as to Defendant-Witness** |
| vs. | ) ) | |
| MICHAEL HARI, | ) ) | |
| Defendant. | ) | |

Defendant Michael Hari submits this motion in limine seeking limits upon the government's anticipated cross-examination following his testimony.

## Background

1. Prior to the trial proceedings, counsel for Mr. Hari, submitted:

(a). An opposition memorandum seeking exclusion of proposed Other Acts Evidence (OAE) (ECF 192); and

(b). A motion in limine seeking exclusion of anticipated impeachment queries posed by the government—including lines of inquiry concerning OAE—should the defendant offer his own testimony at trial (ECF 232).

2. Special attention had been drawn to—and Court rulings made upon—specified lines of OAE as follows:

1

| OAE# | Description | Ruling[1] |
|---|---|---|
| #1 | November 7, 2017 attempted arson of Women's Health Practice (IL) | **Admissible** |
| #2 | December 4, 2017 robbery of Walmart (IL) | *Inadmissible* |
| #3 | December 16, 2017 private residence robbery (IN) | *Inadmissible* |
| #4 | December 17, 2017 attempted robbery of Walmart (IL) | *Inadmissible* |
| #5 | January 18, 2018 attempted extortion of Canadian National Railway (IL) | *Inadmissible* |
| #6 | February 18, 2018 attempted frame-up of neighbor (IL) | **Admissible** |
| #7 | February 27, 2018 (and prior) movement and possession of firearms (IL) | **Admissible** |
| #8 | Feb. 27 to Mar. 10, 2018 flight to countryside (IL) | **Admissible** |
| #9 | February 13, 2019 attempted escape from custody (OK) | **Admissible** |

(ECF 209).

3. Trial proceedings have progressed. The government's case-in-chief has closed. The defense case has opened and it is anticipated that Mr. Hari will testify.

4. The generalized substance of Mr. Hari's testimony is expected as follows:

(a). Mr. Hari and the cooperator-witnesses formed an informal association which eventually came to be self-named the "White Rabbits," but this association did not exist on August 5, 2017, the day of the Dar Al-Farooq incident.

(b). Mr. Hari was not present for—and otherwise played no role in—the August 5, 2017 Dar Al-Farooq bombing.

(c). Before, and at the time of the above incident on August 5, 2017, Mr. Hari was in operation of two businesses, CRSS and Equicert.

(d) On the day in question, Mr. Hari was away from Clarence, Illinois on a business trip.

5. Assuming that the defendant's direct testimony conforms roughly as above, it is anticipated that the government will pursue numerous lines of improper inquiry on cross-examination. The anticipated improper areas of cross-examination encompass the admitted OAE items listed above.

6. Mr. Hari submits this motion in limine to preclude the anticipated cross-

---

[1] The Court did not purport to issue a final decision as to these items of OAE, but rather ruled evidence as to the items "presumptively" admissible or inadmissible, as the case may be. (ECF 209 at 10-11).

2

examination of the OAE that has already been admitted. There is still a pending federal indictment in Illinois which charges Mr. Hari with each of these OAEs and cross-examination on them would be improper, beyond the scope of his direct examination, and in violation of his Fifth Amendment rights as to pending charges (e.g. incidents elsewhere).

## Discussion

"[A] defendant in a criminal case has the right to take the witness stand and to testify in his or her own defense." *Rock v. Arkansas,* 483 U.S. 44, 49 & 51-53 (1987). Defendant-witness testimony may be tested with cross-examination. *Mitchell v. United States,* 526 U.S. 314, 321-22 (1999). "Cross-examination should not go beyond the subject matter of the direct examination and matters affecting the witness's credibility." FRE 611(b).

The FRE 611(b) scope-of-cross rule applies with perhaps greatest force to the testimony of a criminal defendant. A defendant-witness is in a position that requires weighing "the advantage of putting forward his version of the facts" against the Fifth Amendment privilege against self-incrimination. *Brown v. United States,* 356 U.S. 148, 155-56 (1958). When the defendant opts to testify, the offer is deemed a limited waiver of the Fifth Amendment privilege; and the "scope of the waiver is determined by the scope of relevant cross-examination." *United States v. Musk,* 719 F.3d 962, 965 (8th Cir. 2013) (internal citations and punctuation omitted).

Hence, with respect to defendant-witness testimony, the Fifth Amendment does not permit the normal discretion to "allow inquiry into additional matters as if on direct examination." FRE 611(b). And this same rationale precludes cross-examination inquiries

3

into topics where the Fifth Amendment privilege applies, and which "relate[] only to the witness's character for truthfulness." FRE 608(b).

All of this is to say that, in the context of defendant-witness testimony, it is essential to gauge the "subject matter of the direct examination," which in turn controls the appropriate scope of cross-examination. FRE 611(b); *Mitchell*, 526 U.S. at 321. And this inquiry generally controls the scope of Fifth Amendment waiver as well. *Musk,* 719 F.3d at 965.

Hence, a defendant-witness controls the "area of disclosure" on direct examination, and therefore the scope of lawful inquiry on cross-examination. *Brown,* 356 U.S. at 155.

> Thus, where an accused testifies on direct to limited matters and omits reference to other relevant facts, cross-examination as to those omitted facts could not be justified merely on the grounds they have some logical connection to the subject of the direct examination. A waiver of privilege would be found and cross-examination permitted only where the omitted facts tended to show the untruthfulness of the matters to which the accused testified or the inferences suggested by those matters.

28 Wright & Miller, *Fed. Prac. & Proc.-Evid.* § 6166 (Westlaw 2d ed. 2020) (internal footnotes omitted) (citing, *e.g., Tucker v. United States,* 5 F.2d 818, 822 (8th Cir. 1925)).

And as always, a district court has broad discretion to curtail the scope of cross-examination in the interests of trial efficacy and efficiency. *See, e.g.,* FRE 611(a) & 403. For example, to prevent unfair prejudice, confusion of issues, delay, waste-of-time, and so forth. FRE 403.

Because of the uniqueness of each case,

> [a] court's determination of whether a witness has a valid claim for exercising the Fifth Amendment privilege against self-incrimination is highly fact-sensitive. Accordingly [the Eighth Circuit] review[s] a district court's

4

decision not to permit a witness to invoke the Fifth Amendment privilege for abuse of discretion.

*United States v. Musk*, 719 F.3d 962, 965 (8th Cir. 2013), *quoting United States v. Allmon*, 594 F.3d 981, 984-85 (8th Cir. 2010).

Given all of this, Mr. Hari respectfully requests a preliminary ruling to preclude lines of OAE cross-examination which are anticipated to be posed by the government. The pending federal indictment in Illinois creates a unique situation which entangles his Fifth Amendment right to remain silent in that case and his current right to testify on his own behalf in this case.

The Court's consideration requires examination of: (1) the substance of anticipated defendant-witness testimony to define the "subject matter of the direct examination" under FRE 611(b); and (2) whether the anticipated OAE lines of cross-examination fit within the scope of that "subject matter."

**1.      Subject matter of direct examination**

As noted above, it is anticipated that Mr. Hari will offer his own testimony, and the substance of that testimony will be:

- Mr. Hari and the cooperator-witnesses formed an informal association which eventually came to be self-named the "White Rabbits," but this association did not exist on August 5, 2017, the day of the Dar Al-Farooq incident.

- Mr. Hari was not present for—and otherwise played no role in—the August 5, 2017 Dar Al-Farooq bombing.

- Before, and at the time of the above incident on August 5, 2017, Mr. Hari was in operation of two businesses, CRSS and Equicert.

- On the day in question, Mr. Hari was away from Clarence, Illinois on a business trip.

5

This defines the "subject matter of direct examination" and limits the time period Mr. Hari intends to testify about. Therefore, it controls the scope of cross-examination, FRE 611(b), as well as the scope of Fifth Amendment privilege waiver, *Musk,* 719 F.3d at 965. The task at hand, then, is to determine whether the anticipated lines of cross-examination inquiry lie within the scope of this "subject matter."

**2.   Anticipated lines of cross-examination**

The defense anticipates that, upon the completion of Mr. Hari's direct testimony, the government will pose lines of cross-examination which exceed the scope of lawful cross-examination and therefore also invade the defendant's Fifth Amendment privilege, which he maintains as to the Illinois indictment and its charges. This includes the following—

**(a).   The alleged attempted arson of the Women's Health Practice (OAE #1)**

The government likely intends to question Mr. Hari concerning the November 2017 attempted bombing of the Women's Health Practice in Illinois. (ECF 192 at 5). This Court issued a preliminary ruling that the government could present FRE 404 evidence of the defendant's alleged role in this act in its case-in-chief. (ECF 209 at 11).

Even though the Court has ruled the evidence was admissible in the government's case-in-chief, the line of inquiry should be precluded from Mr. Hari's cross-examination if he does not testify as to the event nor the time period in which it is alleged to have occurred. As shown above, it is anticipated that there will be no mention or allusion to this event during the course of direct examination and no testimony about November 2017. *Supra*

Discussion § 1. Rather, the direct testimony will be confined to the events leading up to August 2017, and the case at issue. Hence, the cross-examination inquiry would exceed the "subject matter of the direct examination," and hence lie outside the scope of relevant cross-examination under FRE 611(b).

By extension, the above presumed direct testimony would *not* constitute a waiver of the Fifth Amendment privilege with respect to the attempted arson of the Women's Health Practice on November 7, 2017. Posing this line of questioning on cross-examination would thus infringe upon the defendant's Fifth Amendment self-incrimination privilege. A particularly important consideration here, since the defendant currently faces criminal charges involving these alleged events. (Count 3 of the Illinois Indictment, 18-CR-20014); (ECF 192 at 5).

Moreover, the probative value of this line of questioning would be far outweighed by countervailing considerations, such as creating reversible error for the violation of Mr. Hari's Fifth Amendment rights as to other pending matters. The government has already presented this OAE through multiple witnesses during its case in chief. These include: FBI Agent Joel Smith, Michael McWhorter, Joe Morris, and FBI Agent Jeffrey Thomas. There is little to no utility in posing it a second time on cross-examination. Certainly not where the incident is neither mentioned nor alluded to in the course of direct examination.

Thus, this Court should preclude this line of inquiry on cross-examination as well to preserve Mr. Hari's Fifth Amendment rights in his pending case in Illinois.

  **(b).  The alleged attempted frame-up of a neighbor (OAE #6)**

During cross-examination, the government may pose lines of questioning

concerning an alleged February 2018 attempt by defendant to frame-up his neighbor by planting bomb-making materials in Illinois. (ECF 192 at 6).

The Court issued a preliminary ruling that the government could present evidence of this alleged act during its case-in-chief. (ECF 209 at 11). That being said, it is not a proper line of inquiry on cross-examination.

The alleged act is entirely separate from the August 2017 Dar Al-Farooq bombing, and separates itself from the Actus Reus by six months. It will not be a part of Mr. Hari's direct testimony, and will therefore be outside the "subject matter of the direct examination," and outside the scope of relevant cross-examination under FRE 611(b).

The alleged February 2018 neighbor incident is therefore outside any Fifth Amendment waiver as well. A particularly important consideration here, since the alleged act is subject to pending criminal charges. (Count 2 of the Illinois Indictment, 18-CR-20014); (ECF 192 at 6).

Last, any probative value in impeaching Mr. Hari's direct testimony would be miniscule. The line of inquiry would be cumulative of information presented during the case-in-chief, wherein the government used FBI Agent Joel Smith, Michael McWhorter and Joe Morris to talk about this OAE. Much time and effort would be needlessly expended to flesh out the Fifth Amendment implications, for little-to-no benefit. Hence, this line of cross-examination inquiry should be precluded as well.

### (c).  The alleged movement and possession of firearms and the alleged flight to the countryside in February of 2018 (OAE #7, #8)

The alleged movement and possession of firearms in February of 2018 and the

alleged flight into the countryside in February of 2018 have no bearing on the Dar al Farooq bombing six months earlier. The witnesses have testified that the White Rabbits were not a group yet. Michael McWhorter and Joe Morris claimed to have met for the first time on August 5, 2017 and that the flight to the countryside was in response to the discovery of their fully automatic guns at Herbert McWhorter's house. Although both alleged that two firearms were present in the vehicle on the way to the mosque, the firearms were not used in the commission of the offense.

The government has already presented ample OAE regarding Mr. Hari's alleged purchase of firearm parts and the movement and possession of firearms after the Dar al Farooq bombing. FBI Agent Derrick McClarin, FBI Agent Joel Smith, Forensic Scientist Amanda Bakker, Joe Morris and Michael McWhorter have all testified about the firearms. And FBI Agent Joel Smith, Joe Morris and Michael McWhorter testified as to the alleged flight into the countryside on February 28, 2020.

If Mr. Hari's testimony conforms with the anticipated testimony laid out above, cross-examination on both of these matter would be beyond the scope, would violate his Fifth Amendment rights and would do nothing to advance the government's ability to prove the elements of the offenses at hand. Any probative value in impeaching Mr. Hari's direct testimony would be miniscule and could create reversible error for violating his rights as to other pending matters, e.g. the possession of fully automatic firearms. (Count 1 and Count 4 of the Illinois Indictment, 18-CR-20014).

## Conclusion

The Fifth Amendment provides that that no person "shall be compelled in any

9

criminal case to be a witness against himself." U.S. Const., Am. V. The self-incrimination privilege extends to impeachment via cross-examination, concerning OAE involving pending criminal charges. *See, e.g., United States v. Burch,* 490 F.2d 1300, 1303 (8th Cir. 1974). A criminal defendant who testifies in his own defense waives the self-incrimination privilege with respect to that testimony; but the privilege is *not* waived with respect to OAE that fall "outside the scope of relevant cross-examination." *United States v. Musk,* 719 F.3d 962, 965 (8th Cir. 2013).

As shown above, the government's attempted use of OAE to impeach Mr. Hari will fall "outside the scope of relevant cross-examination." Hence, any attempts by the government to impeach Mr. Hari with the OAE would constitute a violation of the Fifth Amendment self-incrimination privilege. For this reason, the anticipated impeachment evidence is prohibited under the law, and the Court should order its exclusion.

Dated:  December 5, 2020          Respectfully submitted,

*s/ Shannon Elkins*
SHANNON ELKINS
Attorney ID No. 332161


*s/ James S. Becker*
JAMES S. BECKER
Attorney ID No. 388222

Attorneys for Mr. Hari
107 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415