UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
District Court File No. 18-150 (1) (DWF/HB)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | **GOVERNMENT'S RESPONSE** |
| Plaintiff, ) | **IN OPPOSITION TO** |
| ) | **MOTION TO LIMIT** |
| v. ) | **CROSS-EXAMINATION** |
| ) | **OF THE DEFENDANT** |
| (1)    MICHAEL HARI, ) | |
| ) | |
| Defendant. ) | |

The United States of America, through its attorneys, Erica H. MacDonald, United States Attorney for the District of Minnesota and Assistant United States Attorneys John Docherty, Allison K. Ethen, and Timothy C. Rank, respectfully opposes Defendant Michael Hari's Motion i*n Limine* to Exclude OAE Lines ff Cross-Examination as to Defendant-Witness, filed on Saturday, December 5, 2017 as Docket No. 313.

On October 23, 2020, this Court issued its Order (Doc. No. 249) on Defendant Hari's earlier, nearly-identical motion seeking to stop the government from cross-examining Mr. Hari with the other bad acts which the Government had given notice of pursuant to Fed. R. Evid. 404(b). In that Order, the Court ruled that the Government could cross-examine Mr. Hari with: The attempted arson attack on the Women's Health Practice in Champaign, Illinois on November 7, 2017; the February 18, 2018 attempt at framing a neighbor in Clarence, Illinois, though without any mention that the defendant had been charged with a crime; movement of firearms, and possession of firearms, from the office in Clarence to the home of Herbert McWhorter in Clarence around February 27, 2018; and

the flight of the defendant to the countryside between February 27, 2018 and March 10, 2018. The Court also ruled that the Government could cross-examine the defendant about an attempted escape from custody on February 13, 2019. Finally on this issue, the Court ruled that if the Government believed a door had been opened to allow inquiry into bad acts over and above those listed in this paragraph, the Government would be required to make an offer of proof to the Court, pursuant to Fed. R. Evid. 104.

The defense now seeks to re-visit this issue and asks the Court, again, to preclude cross-examination of the Defendant with any of the Rule 404(b) incidents. Nothing, however, has changed since October 23, except that the defendant now claims that if he testifies, he will concede in his testimony that he, Joe Morris, and Michael McWhorter formed an "informal association" called the White Rabbits. The defendant will also apparently claim that he was away from Clarence on a business trip on August 5, 2017. (This unnoticed alibi defense is the subject of a separate filing by the Government). The concession that the White Rabbits existed, and that the Defendant was a member of the group, makes it more imperative, not less, that what the White Rabbits did be explored.

Dar al-Farooq was the White Rabbits' first mission. The very name of the group came from a comment on a news story about the bombing. Everything the White Rabbits did after Dar al-Farooq shows that the group continued to act in concert to commit violent, politically-motivated crimes. Michael Hari amassed an arsenal, attacked the Women's Health Practice, tried to frame Jon O'Neil, hid the guns, and ran to the countryside when the FBI came to Clarence. And he did all of this with Morris and McWhorter, as part of the White Rabbits.

The claim that the Defendant was neither in Clarence nor at the Dar al-Farooq mosque on August 5, does not in any way alter the legal landscape as to cross-examination, nor can the defense, beyond general statements in the caselaw about the scope of cross-examination, point to anything specific that has changed since October 23. The net effect on the scope of cross-examination of the concession and the claim is, therefore, an increase in support to the Court's October 23 ruling.

Finally, the Government is less secure than the Defendant about what, exactly, the Defendant will testify to. This Court correctly recognized on October 23 that the scope of cross-examination might change depending on the what the Defendant said, and required the Government to make an offer of proof if the Government thought the scope of cross-examination had widened.

The Court's October 23 Order need not be disturbed. The scope of cross-examination, and the mechanism by which that scope can be altered, are sound. They should be kept.

Dated: December 6, 2020

Respectfully Submitted,

ERICA H. MacDONALD
United States Attorney

*s/    John Docherty*

BY:   JOHN DOCHERTY
Assistant United States Attorney
Atty. Reg. No. 017516X

ALLISON K. ETHEN
TIMOTHY C. RANK
Assistant United States Attorneys