UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
District Court File No. 18-150 (1) (DWF/HB)

| | |
|---|---|
| UNITED STATES OF AMERICA,  )  )  Plaintiff,  )  )  v.  )  )  (1)   MICHAEL HARI,  )  )  Defendant.  ) | **GOVERNMENT'S MOTION TO PRECLUDE TESTIMONY SUPPORTING LATE-NOTICED DEFENSE OF ALIBI** |

The United States of America, through its attorneys, Erica H. MacDonald, United States Attorney for the District of Minnesota and Assistant United States Attorneys John Docherty, Allison K. Ethen, and Timothy C. Rank, respectfully files this Motion to preclude alibi testimony from any potential defense alibi witness, specifically including, but not limited to, Nelson Deaton, Allene Hari, and defendant's father, Michael L. Hari.

On February 19, 2019, the United States filed its Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3, and 26.2 (Doc. No. 62). In relevant part, the Government sought in that motion an Order from the Court "requiring the defendant, if he intends to claim alibi as a defense, to state the specific place or places at which the defendant claims to have been at the time of the alleged offenses in the above captioned matter and the names and addresses of the witnesses upon whom the defendant intends to rely to establish such alibi." The Defendant did not oppose the Government's Motion, and on August 21, 2019, Magistrate Judge Bowbeer issued an Order (Doc. No.

125) granting the Government's Motion. The Defendant, until Saturday, December 5, never claimed alibi as a defense.

On Saturday, December 5, 2020, the Defendant filed his "Motion *in Limine* to Exclude OAE Lines of Cross-Examination as to Defendant-Witness" (Doc. No. 313). At page two of the Defendant's Motion, and again at page five, the Defendant outlines what he will say if he testifies. The Defendant's testimony outline includes a claim that "Mr. Hari was not present for – and otherwise played no role in – the August 5, 2017 Dar al-Farooq bombing." The Defendant further stated that he plans to assert, if he testifies, that "[o]n the day in question, Mr. Hari was away from Clarence, Illinois on a business trip."

In a telephone conversation on Saturday, December 5, counsel for Mr. Hari added a small amount of additional information. The "business" Mr. Hari had been on was for Equicert. He saw nobody, but instead was "driving around." He has no documentation or other evidence showing purchases of food or gasoline, or that he stayed in a hotel. Counsel could not tell us where Mr. Hari claims he was on August 5, 2017.

At its core, Mr. Hari's defense is "I was somewhere else." This is an alibi defense. Black's Law Dictionary defines "alibi" as "[a] defense based on the physical impossibility of a defendant's guilt by placing the defendant in a location other than the scene of the crime at the relevant time. Fed. R. Crim. P. 12.1." The definition continues, "[t]he quality, state, or condition of having been elsewhere when an offense was committed." *Black's Law Dictionary* (11th ed. 2019). Any claim that this is not an alibi defense because the Defendant's two claims only say he was neither in Clarence nor at Dar al-Farooq, and do not include any specifics about where Defendant claims to have been, fails. The Defendant

is making a claim that it was physically impossible for him to have bombed the Dar al-Farooq Islamic Center because he was not there. This is the Black's Law Dictionary definition of "alibi" (a definition that cites Fed. R. Crim. P. 12.1). The Defendant claims he was somewhere else, on Equicert business, driving around, but not seeing anyone. The fact that he does not say with specificity where that "somewhere else" is does not change the nature of the defense. *United States v. Johnson*, 354 F. Supp. 2d 939, 953 (N.D. Iowa 2005) ("[Defendant] was required to disclose any contention that she was at any locations other than those identified by the government during the two-day periods in July and November 1993 identified in the government's request for notice of alibi defense, because *any contention that she was somewhere else* falls squarely within the disclosure requirements of Rule 12.1(a)(2)(A).") (emphasis added).

This alibi defense needed to be noticed, and the due date for the notice is now more than a year in the past. The alibi defense was not noticed, and the evidence points to the Defendant's decision not to notice the alibi claim being both deliberate and tactical. Mr. Hari is not an average criminal defendant. He is a former law enforcement officer. He has apparently studied criminal justice at the graduate school level. https://www.chicagotribune.com/news/breaking/ct-michael-hari-mosque-bombing-20180314-story.html  (last accessed December 6, 2020). Mr. Hari would have also gained familiarity with criminal procedure while working as a police officer, and in any training required by the State of Illinois for peace officers. We need not hold Defendant Hari to the standard of knowledge of criminal procedure of practicing attorneys in order to state that he at a minimum knows that criminal cases in the United States proceed according to rules,

3

and that disclosing information to his attorneys will ensure that he complies with those rules.

Additionally, in light of the statement on Saturday morning that Mr. Hari will testify he was not at Dar al-Farooq, the purpose of Defense proposed exhibit 15 becomes clear. That exhibit, disclosed to the Government on the first day of testimony, November 9, 2020, is a map of the eastern United States with a pin at each location where Equicert performed an audit. It is now clear that this exhibit will be used to show that the Defendant traveled a lot for Equicert business, so much, in fact, that one can understand him forgetting his whereabouts on a particular day. While there are a lot of pins in the map, it is important to note that Defense proposed exhibit 15 greatly misleads the viewer about how much travel the Defendant did, because there are pins for ALL Equicert audits, the vast majority of which were not performed by the defendant but by any of nine other Equicert auditors.

Similarly, the meaning of an exchange during the cross examination of Joe Morris, puzzling at the time, is now clear:

> Q. Defense Counsel: Okay.  When Mr. Hari went on audits, that was for
> 23    Equicert, right?
> 24    Mr. Morris:  Yes.
> 25    Defense Counsel:  Sometimes he would be gone for days at a time?
> 1     Mr. Morris:  Yes.
> 2     Defense Counsel: He went to several farms in Pennsylvania and he was gone
> 3     for several days?

    4     Mr. Morris:  Yes.

    5     Defense Counsel:  He went to several farms in Wisconsin and was gone for

    6     several days?

    7     Mr. Morris:  Yes.

The Government notes the above to demonstrate that the defense has known it was going to present an alibi defense since before testimony in this trial began – meaning that the decision to withhold notice from the Government was tactical.

Defendant's witness list shows three witnesses – Nelson Deaton, Allene Hari, and the defendant's father, Michael L. Hari - who may attempt to provide support for the Defendant's claim of alibi. While these witnesses have been "disclosed" for the case generally (by being put on the Defendant's witness list) they have certainly not been noticed as alibi witnesses pursuant to the procedures described in Fed. R. Crim. P. 12.1, nor has any testimony they might offer about the Defendant's whereabouts on August 5, 2017 been shared with the Government. The only purpose of their testimony about Equicert, however, can be to support the Defendant's alibi defense – it would be irrelevant if offered for any other purpose.

As the Advisory Committee Notes to Fed. R. Crim. P. 12.1 state, "There are cases in which the identity of defense witnesses may be known, but it may come as a surprise to the government that they intend to testify as to an alibi and there may be no advance notice of the details of the claimed alibi. The result often is an unnecessary interruption and delay in the trial to allow the government to conduct an appropriate investigation. The

objective of Rule 12.1 is to prevent this by providing a mechanism which will enable the parties to have specific information in advance of trial to prepare to meet the issue of alibi during the trial."

Had an alibi notice been given, as required by the rules of criminal procedure, this trial would have proceeded differently. The Government has presented significant evidence that Michael Hari was at the Dar al-Farooq Islamic Center on August 5, 2017. However, understanding that the defendant's whereabouts were in issue, the Government would have brought the jury's attention to that issue in its opening, and would have highlighted evidence showing Mr. Hari's whereabouts on August 5, and the lack of evidence putting him at any other location. Only now, with the end of testimony in this trial in sight, has the defense finally disclosed, and even then only indirectly, that they will rely on an alibi defense.

Sanctions are appropriate for this violation of an Order of this Court, and those sanctions should take the form of precluding any testimony, from any defense witness other than the defendant himself, as well as any exhibits, that are offered to support this alibi defense. This is the sanction described in Fed. R. Crim. P. 12.1(e) for noncompliance with the rule's requirement that a defendant give notice to the Government of an alibi defense.

Nelson Deaton is an Equicert employee. Defense disclosures indicate he will generally testify that: Equicert is a legitimate business; Michael Hari traveled a lot for Equicert; and Michael Hari rented cars from Enterprise for those trips. All of this testimony, viewed in light of the defense's most recent filing, is alibi testimony. Allene Hari is the defendant's daughter and now, apparently, the owner of Equicert. Government

6

Exhibit 284, Purchase and Sale Agreement for Equicert. The Defendant's father may also attempt to offer evidence concerning the Defendant's whereabouts on August 5, 2017. To be clear, in this motion the Government seeks preclusion of any evidence, from any witness other than the Defendant, about alibi, although we are most concerned about the three witnesses specified in this paragraph. *Johnson*, 354 F. Supp. 2d at 954-5.

The Government respectfully asks this Court for an Order barring Defendant Hari from introducing any testimony other than his own, including testimony laying foundation for exhibits, that he could not have participated in the Dar al-Farooq bombing because he was somewhere else when the bombing happened.

Dated: December 6, 2020                     Respectfully Submitted,

                                                    ERICA H. MacDONALD
                                                    United States Attorney

                                                    *s/*     *John Docherty*

                                                    BY:   JOHN DOCHERTY
                                                    Assistant United States Attorney
                                                    Atty. Reg. No. 017516X

                                                    ALLISON K. ETHEN
                                                    TIMOTHY C. RANK
                                                    Assistant United States Attorneys