

**U.S. Department of Justice**

United States Attorney
District of Minnesota

*404 United States Courthouse*   Telephone: *(651) 848-1950*
*316 North Robert Street*              Fax: *(651) 848-1943*
*St. Paul, MN 55101*

August 31, 2021

Honorable Donovan W. Frank
316 N. Robert Street
Suite 724
St. Paul, MN 55101

  Re: *United States v. Michael Hari*
     District Court File No. 18-150 (DWF/HB)

  On August 24, 2021, this Court issued an Order concerning the Defendant's Motion for Transgender Acknowledgement of Legal Name and Correct Pronouns as well as Presentence Report Amendment and Prison Recommendation (Dkt. 457) in which it observed that "[n]oticeably absent from the briefing is any reference to Defendant's now dismissed lawsuit alleging certain violations of Defendant's civil rights, Civ No. 19-1330 ('Lawsuit')." (Dkt. 466.) The Court directed the parties to submit supplemental letter briefing "addressing how, if at all, this Lawsuit impacts the Motion currently before it." (*Id.*) As noted by the government in its memorandum in response to Dkt. 457, the Defendant's claim of gender dysphoria should not in any way mitigate responsibility for the horrific crimes the Defendant orchestrated and carried out, and therefore the government did not object to the requests in the motion. However, because the incongruity between the claims in the Lawsuit and those in Dkt. 457 suggest deception and manipulation on the part of the Defendant, the government submits the following letter brief.

  On May 20, 2019, the Defendant filed a lawsuit against the Sheriff of Anoka County, as well as two Anoka County Sheriff's Deputies, related to Defendant's pretrial confinement at the Anoka County Jail. The core of Defendant's claim was that he[1] was

---

[1] The government recognizes that the Defendant has indicated the preferred pronoun of she/her, but in light of the subject of this letter brief (the Defendant's claims with respect to cross-gender pat down searches), the government will use the pronouns the Defendant used at the time he filed the Lawsuit to avoid confusion.

Honorable Donovan W. Frank
August 31, 2021
Page 2

harmed by being pat-searched by a female guard. He alleged that he "suffered humiliation and degradation as a result of cross-gender pat-down searches at Anoka County Jail." Complaint, Civ. No. 19-1330, Dkt. 1 at 3; *see also* First Amended Complaint, filed September 11, 2019, Dkt. 26 at 4 (alleging that he found the pat-down search by a female guard "horrifying, degrading, and humiliating").

The Defendant's Lawsuit was dismissed by the Honorable Eric C. Tostrud on November 2, 2020. At no point during the Lawsuit did the Defendant indicate that he was a transgender woman, as he now claims to be – indeed, had he done so, it would have undermined his core allegation that he suffered "humiliation and degradation" by being pat-searched by a female guard. Nevertheless, less than two months after the Lawsuit was dismissed, on December 27, 2020, the Defendant requested transfer to a female housing unit at the Sherburne County Jail. *See* Dkt. 457 at 7. Moreover, in the motion currently before the Court, the Defendant now seeks confinement consistent with the recommendations of the retained expert, Dr. Samenow, which include "having female guards involved in any searches or pat-down procedures," Dkt. 457-5 at 9 – precisely the same search procedures that formed the basis of the Lawsuit.

The government is in no position to assess the authenticity of the Defendant's claims of gender dysphoria. As Dr. Samenow notes, however, most of the evidence in his report is self-reported by the Defendant, *id.* at 8, and "there are several reasons that one could view Ms. Hari's narrative as an attempt to manipulate her disposition while in the criminal justice system.'' *Id.* at 9. The Defendant is smart. He is well educated. He has written books. He has competently acted as his own lawyer in several federal lawsuits, and his prolific filings demonstrate that he knows how to do research. He also knows how the system works -- as reported by the Defendant to Dr. Samenow, he was a former "correctional officer in the 1990's and 2000's." *Id*. at 7. He has, moreover, previously attempted to escape while in custody in this matter. In sum, the Defendant has both the capacity and motivation to formulate a false narrative if he believes it would result in some benefit.

Indeed, the juxtaposition of his claims in the Lawsuit against the claims underpinning the instant motion appear to show that the Defendant *has* created such a false narrative – either the Defendant is a man "horrified, humiliated, and degraded" by a pat-search by a female guard *or* the Defendant is a transgender woman who must be housed in a women's prison and have only "female guards involved in any searches or pat-down procedures." It beggars belief to think that the Defendant discovered his gender dysphoria in the 45 days between the dismissal of the Lawsuit and his request for transfer to female housing at the Sherburne County Jail. So, either he was deceiving Judge Tostrud or he is deceiving this Court – and possibly both. Whatever is the truth, though, another truth

Honorable Donovan W. Frank
August 31, 2021
Page 3

follows – that the Defendant appears to have engaged in manipulation and deceit. And, while the Defendant's claims of gender dysphoria should not be used to *mitigate* his crimes at sentencing, manipulative and deceitful conduct is appropriate for the Court to consider as part of the history and characteristics of the Defendant under 18 U.S.C. § 3553(a).

Sincerely,

W. ANDERS FOLK
United States Attorney

*s/ Timothy C. Rank*

BY: TIMOTHY C. RANK
ALLISON ETHEN
Assistant U.S. Attorneys