# UNITED STATES DISTRICT COURT
**District of Minnesota**

| | |
|---|---|
| UNITED STATES OF AMERICA § | JUDGMENT IN A CRIMINAL CASE |
| § | |
| v. § | |
| § | Case Number: **0:18-CR-00150-DWF-HB(1)** |
| **EMILY CLAIRE HARI** § | USM Number: **22401-026** |
| f/k/a Michael Hari § | |
| § | **Shannon E. Elkins & James S. Becker** |
| § | Defendant's Attorney |

**THE DEFENDANT:**

☐ pleaded guilty to count(s)

☐ pleaded nolo contendere to count(s) which was accepted by the court

☒ was found guilty on count(s) after a plea of not guilty

The defendant is adjudicated guilty of these offenses:

| Title & Section / Nature of Offense | Offense Ended | Count |
|---|---|---|
| 18:247(a)(1) and 2 AIDING AND ABETTING INTENTIONALLY DEFACING, DAMAGING, AND DESTROYING ANY RELIGIOUS REAL PROPERTY BECAUSE OF THE RELIGIOUS CHARACTER OF THAT PROPERTY | 08/05/2017 | 1 |
| 18:247(a)(2) and 2 AIDING AND ABETTING INTENTIONALLY OBSTRUCTING, AND ATTEMPTING TO OBSTRUCT, BY FORCE AND THE THREAT OF FORCE, THE FREE EXERCISE OF RELIGIOUS BELIEFS | 08/05/2017 | 2 |
| 18:844(h) and 844(m) CONSPIRACY TO COMMIT FEDERAL FELONIES BY MEANS OF FIRE AND EXPLOSIVES | 08/05/2017 | 3 |
| 18:924(c)(1)(B)(2) and 2 AIDING AND ABETTING CARRYING AND USING A DESTRUCTIVE DEVICE DURING AND IN RELATION TO CRIMES OF VIOLENCE | 08/05/2017 | 4 |
| 26:5845(a) and 5861(d) and 18:2 AIDING AND ABETTING POSSESSION OF AN UNREGISTERED DESTRUCTIVE DEVICE | 08/05/2017 | 5 |

The defendant is sentenced as provided in pages 2 through 8 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s) ☐ is ☐ are dismissed on the motion of the United States

☒ The Special Assessment in the amount of $**500.00** shall be paid in full immediately. If the defendant has not paid the Special Assessment fee, the monies shall be deducted from any wages earned while incarcerated.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**September 13, 2021**
Date of Imposition of Judgment

s/Donovan W. Frank
Signature of Judge

**DONOVAN W. FRANK**
**UNITED STATES DISTRICT JUDGE**
Name and Title of Judge

**November 9, 2021**
Date

1

DEFENDANT: EMILY CLAIRE HARI f/k/a Michael Hari
CASE NUMBER: 0:18-CR-00150-DWF-HB(1)

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: 636 months; specifically 168 months on each of Counts 1, 2 & 3 and 120 months on Count 5 to be served concurrent to each other and 468 months on Count 4 to be served consecutively to Counts 1, 2, 3 & 5 for a total term of 636 months.

☒ The court makes the following recommendations to the Bureau of Prisons: That the defendant be designated to a BOP woman's facility.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _____ on _____

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before _____ on _____

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to

at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By
DEPUTY UNITED STATES MARSHAL

| | |
|---|---|
| DEFENDANT: | MICHAEL HARI n/k/a Emily Claire Hari |
| CASE NUMBER: | 0:18-CR-00150-DWF-HB(1) |

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of : **five (5) years; specifically three (3) years on Counts 1,2,3 & 5 and five (5) years on Count 4 for a total term of 5 years with said terms to run concurrent to each other.**

# MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
    - ☒ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. (*check if applicable*)
4. ☒ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. (*check if applicable*)
5. ☒ You must cooperate in the collection of DNA as directed by the probation officer. (*check if applicable*)
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.)  as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. (*check if applicable*)
7. ☐ You must participate in an approved program for domestic violence. (*check if applicable*)

     The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

AO 245B (Rev. 11/16)  Sheet 3A – Supervised Release

DEFENDANT:          EMILY CLAIRE HARI f/k/a Michael Hari
CASE NUMBER:        0:18-CR-00150-DWF-HB(1)

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at www.uscourts.gov.

Defendant's Signature  _____   Date _____

Probation Officer's Signature  _____   Date _____

AO 245B (Rev. 11/16) Sheet 3D – Supervised Release

DEFENDANT: EMILY CLAIRE HARI f/k/a Michael Hari
CASE NUMBER: 0:18-CR-00150-DWF-HB(1)

# SPECIAL CONDITIONS OF SUPERVISION

a. The defendant shall submit his person, residence, office, vehicle, or an area under the defendant's control to a search conducted by a United States Probation Officer or supervised designee, at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a supervision violation. The defendant shall warn any other residents or third parties that the premises and areas under the defendant's control may be subject to searches pursuant to this condition.

b. The defendant shall not possess or use a computer or have access to any on-line service without the prior approval of the U.S. Probation and Pretrial Services Office. The defendant's cooperation shall include, but not be limited to, allowing installation of a computer and Internet monitoring program and/or identifying computer systems, Internet-capable devices, and similar memory and electronic devices to which the defendant has access. Monitoring may include random examinations of computer systems along with Internet, electronic, and media storage devices under the defendant's control. The computer system or devices may be removed for a more thorough examination, if necessary. The defendant shall contribute to the cost of such monitoring services, based on the defendant's ability to pay, as deemed appropriate by the U.S. Probation and Pretrial Services Office.

c. The defendant shall not possess, view, access or otherwise use material that reflects extremist or terroristic views or as deemed to be inappropriate by the U.S. Probation Office.

d. The defendant shall submit to periodic polygraph testing at the direction of the probation officer as a means to ensure compliance with treatment and the requirements of supervision.

e. The defendant shall provide the probation officer access to any requested financial information, including credit reports, credit card bills, bank statements, and telephone bills.

f. The defendant shall have no contact with the victims (including letters, communication devices, audio, or visual devices, visits, or any contact through a third party) without prior consent of the probation officer.

g. The defendant shall be prohibited from incurring new credit charges or opening additional lines of credit without approval of the probation officer.

h. The defendant shall participate in a psychological/psychiatric counseling or treatment program, as approved by the probation officer. Further, the defendant shall contribute to the costs of such treatment as determined by the Probation Office Co-Payment Program not to exceed the total cost of treatment.

i. The defendant shall properly execute the requisite release of information forms necessary to facilitate the psychological/psychiatric counseling or treatment programs and substance abuse programs ordered by the Court.

AO 245B (Rev. 11/16)  Sheet 5 – Criminal Monetary Penalties

DEFENDANT: EMILY CLAIRE HARI f/k/a Michael Hari
CASE NUMBER: 0:18-CR-00150-DWF-HB(1)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments.

|        | Assessment | Restitution | Fine  | AVAA Assessment* | JVTA Assessment** |
|--------|-----------|-------------|-------|------------------|-------------------|
| TOTALS | $500.00   | TBD         | $.00  | $.00             | $.00              |

☒ **The determination of mandatory restitution was heard at the 10/4/2021 evidentiary hearing and is under advisement for approximately 30 days, once determined, an *Amended Judgment in a Criminal Case (AO245C)* will be entered after such determination.**

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name and Address of Payee | ***Total Loss | Restitution Ordered | Priority or Percentage |
|---------------------------|---------------|---------------------|------------------------|
| TBD                       |               | TBD                 |                        |
|                           |               |                     |                        |
|                           |               |                     |                        |
| TOTALS:                   | $0.00         | TBD                 | 0.00%                  |

**Payments are to be made to the Clerk, U.S. District Court, for disbursement to the victim.**

☐ Restitution amount ordered pursuant to plea agreement $

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒ The court determined that the defendant does not have the ability to pay interest and it is ordered that:
  ☒ the interest requirement is waived for the    ☐ fine    ☒ restitution
  ☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 11/16)  Sheet 6 – Schedule of Payments

DEFENDANT:       EMILY CLAIRE HARI f/k/a Michael Hari
CASE NUMBER:   0:18-CR-00150-DWF-HB(1)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A**  ☐  Lump sum payments of $ _____ due immediately, balance due

☐ not later than _____ , or

☐ in accordance ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B**  ☒  Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☒ F below); or

**C**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**  ☐  Payment in equal 20 (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E**  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  ☒  Special instructions regarding the payment of criminal monetary penalties:

**It is ordered that the Defendant shall pay to the United States a special assessment of $500.00 for Counts 1, 2, 3, 4 and 5 , which shall be due immediately.  If the defendant has not paid the Special Assessment fee, the monies shall be deducted from any wages earned while incarcerated.  Said special assessment shall be paid to the Clerk, U.S. District Court.  Restitution in an amount to be determined. Restitution hearing set for 10/4/2021. Mandatory restitution in an amount to be determined is owed to the Dar al-Farooq Islamic Center in an amount to be determined by the Court. The remittance address will be submitted to the Clerk's Office. Payments of not less than $25 per month are to be made over a period of 5 years commencing 30 days after release from confinement. Payments are to be made payable to the Clerk, U.S. District Court, for disbursement to the victim. The interest requirement is waived in accordance with 18 U.S.C. § 3612(f)(3).  Over the period of incarceration, the defendant shall make payments of either quarterly installments of a minimum of $25 if working non-UNICOR or a minimum of 50 percent ofmonthly earnings if working UNICOR. It is recommended the defendant participate in the Inmate Financial Responsibility Program while incarcerated.The defendant's obligation to pay the full amount of restitution continues even after the term of supervision has ended, pursuant to federal law. See 18 U.S.C. § 3613. If the defendant is unableto pay the full amount of restitution at the time supervision ends, the defendant may work with the U.S. Attorney's Office Financial Litigation Unit to arrange a restitution payment plan.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

O 245B (Rev. 11/16) Sheet 5 – Criminal Monetary Penalties

DEFENDANT: EMILY CLAIRE HARI f/k/a Michael Hari
CASE NUMBER: 0:18-CR-00150-DWF-HB(1)

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

| Case Number Defendant and Co-Defendant Names *(including defendant number)* | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate |
|---|---|---|---|

☐ The defendant shall pay the cost of prosecution.
☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA Assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.