# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 18-150 (DWF/HB) |
| Plaintiff, | <u>**REDACTED**</u> |
| v. | FINDINGS OF FACT |
| Emily Claire Hari (f/k/a Michael Hari), Michael McWhorter and Joseph Morris, | CONCLUSIONS OF LAW AND ORDER |
| Defendants. | |

This matter came before the Court as an evidentiary hearing on the limited issue of restitution. The Court received the under-oath testimony of H.J. in addition to the oral arguments of counsel.

Based upon the presentations of the parties and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

## FINDINGS OF FACT

1.   H.J. was present when the Defendant and co-defendants Michael McWhorter and Joe Morris bombed the Dar al-Farooq Islamic Center in Bloomington, Minnesota on August 5, 2017. The explosion destroyed the Iman's office. It knocked out ceiling tiles and light fixtures. The blast blew debris through a broken window more than 140 feet into the surrounding parking lot, in addition to triggering the fire suppression system which caused flooding and massive amounts of water damage.

      Consistent with the evidence at trial, the Defendants' bomb terrorized the Dar al-Farooq community, including H.J. who testified under oath on the issue of restitution.

2.    After having been present at the mosque at the time of the bombing and that after the bombing, H.J. remained in fear for his life and was scared to live in his own home for a period of at least 6 months due to fear he would be found by the individuals who bombed and terrorized the mosque.

3.    The Court finds that the terror and fear experienced by H.J. was understandable and reasonable and that consequently his "hiding in a hotel" for approximately 6 months was justified and reasonable as a direct cause of the bombing of the Dar al-Farooq mosque.

4.    H.J. testified that his rent and other expenses were significantly more than the $5,000 that he is requesting. In his words it represented a "fraction" of what he had to spend during this approximately 6-month period of time.

5.    H.J. also testified that he was scared to go to work and that he lost a minimum of $5,500 in wages during this same period of time because rather than go to work where he feared he might be found by the individuals who had bombed the mosque, since they had not been found and arrested, he "quit" his job during the same period of time.

6.    Based upon his testimony under oath during the restitution hearing on October 28, 2021 and Government's Exhibit 1, the Court finds that the total financial loss of H.J. is $10,500. The Court also finds that each of the Defendants, namely, Emily

Claire Hari, Michael McWhorter, and Joe Morris are jointly and individually responsible for that amount.

Based upon the above Findings of Fact, and the evidence received during the jury trial in this matter, in addition to the testimony received during the restitution hearing on October 28, 2021, the Court now makes its:

## CONCLUSIONS OF LAW

The Court finds and concludes that the Government has established by a preponderance of the evidence that H.J. is entitled to restitution in the amount of $10,500 from the Defendants.

Based upon the Court's Findings of Fact and Conclusions of Law as well as the entire record before the Court, the Court hereby enters the following:

## ORDER

1. That while Emily Claire Hari is incarcerated, she must make payments toward her restitution obligation as follows:

   a. If she is working UNICOR, she must make monthly payments of at least 50 percent of her earnings. If she is not working UNICOR, she must make quarterly payments of at least $25.

2. After Emily Claire Hari is released from prison, she must begin making payments toward any remaining restitution obligation within 60 days of her release. She must make monthly payments of at least $75. If Emily Claire Hari's probation officer determines that she is able to pay more than $75 per month, then Emily Claire Hari must make restitution payments in the amount directed by her probation officer.

3. The Court will enter an amended judgment consistent with this Order as to Emily Claire Hari.

4. The Court will then enter this Restitution Order in the co-defendants Michael McWhorter and Joe Morris files, and restitution will be addressed at their yet to be scheduled sentencing hearings.

Dated:  November 30, 2021              s/Donovan W. Frank
                                       DONOVAN W. FRANK
                                       United States District Judge