**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

United States of America,

Respondent-Plaintiff,

v.

Emily Claire Hari,

Petitioner-Defendant.

Criminal No. 18-150(1) (DWF/HB)
Civil No. 26-981 (DWF)

**MEMORANDUM OPINION AND ORDER**

## INTRODUCTION

This matter is before the Court on Petitioner-Defendant Emily Claire Hari's *pro se* motion to vacate under 28 U.S.C. § 2255 (Doc. No. 567), the United States of America's (the "Government") motion to dismiss (Doc. No. 582), and Petitioner-Defendant's related motions for discovery and to appoint counsel (Doc. Nos. 571, 575). For the reasons set forth below, the Court denies all four motions.

## BACKGROUND

On December 9, 2020, a jury found Hari guilty of five counts related to her role in the bombing of the Dar al-Farooq Islamic Center in Bloomington, Minnesota: (1) intentionally defacing, damaging, and destroying any religious real property because of the religious character of that property; (2) intentionally obstructing, and attempting to obstruct, by force and the threat of force, the Free Exercise of Religious Beliefs; (3) conspiracy to commit federal felonies by means of fire or explosives; (4) carrying and using a destructive device during and in relation to crimes of violence; and (5) possession

of an unregistered destructive device. (Doc. No. 324.) On September 13, 2021, the Court sentenced Hari to a total prison term of 636 months. (Doc. No. 504.) The amended judgment was entered on December 1, 2021. (*Id.*) Hari appealed the amended judgment to the Eighth Circuit Court of Appeals. (Doc. No. 507.) The Eighth Circuit affirmed the Court's decision on May 10, 2023. (Doc. No. 553.) Hari petitioned the Supreme Court for a writ of certiorari. (Doc. No. 556.) The Supreme Court denied her petition on November 20, 2023. (Doc. No. 557.) Hari filed her motion to vacate on January 14, 2026, and it was received by the Court on February 2, 2026. (Doc. No. 567; *see* Doc. No. 582 at 7 n.2.)

## DISCUSSION

### I. Motion to Dismiss

The Government moves to dismiss Hari's § 2255 motion as untimely. (Doc. No. 582 at 9-15.) A one-year statute of limitations applies to § 2255 motions. 28 U.S.C. § 2255(f). That period runs from the latest of the following:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* Here, Hari's judgment of conviction became final on November 20, 2023, when the Supreme Court denied her petition for writ of certiorari. Hari filed her § 2255 motion on January 14, 2026, more than one year after her judgment of conviction became final. Thus, her motion is untimely under § 2255(f)(1).

Hari argues that § 2255(f)(4) should apply rather than § 2255(f)(1) because she discovered new facts that could not have been discovered previously through due diligence. (Doc. No. 593.) The new fact Hari refers to is a report written by Dr. Frederic Whitehurst. (Doc. No. 567 at 4.) In the report, Dr. Whitehurst criticizes the work of FBI forensic personnel in two criminal cases, including the work of FBI analysts in this case. (Doc. No. 573.) The Government argues that this subsection does not apply because Hari has not shown the existence of a new fact. (Doc. No. 582.) For § 2255(f)(4) to apply, a petitioner must show (1) the existence of a new fact, and (2) that they acted with diligence to discover that new fact. *Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008). Dr. Whitehurst's report was written in August 2023, well after Hari's trial and sentencing, so it is new. And the report was filed confidentially with the Department of Justice so Hari could not have discovered it until the Department shared its existence with her. Accordingly, the Court finds that § 2255(f)(4) applies to Hari's case.

The Government argues that even if § 2255(f)(4) applies, Hari failed to file within one year of the applicable date. (Doc. No. 582 at 14-15.) An AUSA sent the report to Hari's former counsel, James Becker, on December 10, 2024. (Doc. No. 594 ¶ 3.) Although Becker no longer represented Hari, he scheduled a legal call with her through the Bureau of Prisons system. (*Id.* ¶ 4.) Becker finally spoke with Hari on February 2,

2025, and informed her of the new report. (*Id.* ¶ 5.) He mailed the documents to Hari the following day. (*Id.*) The Government argues that the applicable date under § 2255(f)(4) is December 10, 2024, the date Becker was informed about the report.

It is true that a petitioner is deemed to have discovered a factual predicate when their attorney learns of the information. *Rick v. Harpstead*, 564 F. Supp. 3d 771, 780 (D. Minn. 2021). However, Becker was not Hari's attorney at the time. His representation ended when the Supreme Court denied Hari's petition for writ of certiorari, (Doc. No. 594 ¶ 2), as it typically does for court-appointed counsel, *see* Fed. R. Crim. P. 44(a). Consequently, Hari cannot be deemed to have discovered Dr. Whitehurst's report on the day that Becker learned about the report's existence. Holding to the contrary would be unfair to unrepresented defendants like Hari. Therefore, the date on which Hari discovered Dr. Whitehurst's report is February 2, 2025, at the earliest, making her deadline to file February 2, 2026. Hari met that deadline. Accordingly, the Court denies the Government's motion to dismiss.

## II. Motion to Vacate Under 28 U.S.C. § 2255

### A. Analysis

A federal prisoner may move to vacate, set aside, or correct their sentence on grounds that "the sentence was imposed in violation of the Constitution or laws of the United States," "the court was without jurisdiction to impose such sentence," "the sentence was in excess of the maximum authorized by law," or their sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). If the court finds such a defect in sentencing, "the court shall vacate and set the judgment aside and shall

discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." *Id.* § 2255(b).

A § 2255 request for relief "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996). A defendant may not use a § 2255 petition to relitigate issues that were raised and decided on a direct appeal unless there was an intervening change in the law or newly discovered evidence. *English v. United States*, 998 F.2d 609, 613 (8th Cir. 1993).

Newly discovered evidence can be grounds to vacate a sentence if the defendant shows that: (1) the evidence was discovered after the trial; (2) the failure to discover the evidence earlier cannot be attributed to lack of diligence by the defendant; (3) the evidence is not "merely cumulative or impeaching"; (4) the evidence is material; and (5) the evidence is likely to produce an acquittal if a new trial is granted. *Id.* at 611. If the newly discovered evidence involves a claim of perjury by prosecution witnesses, a relaxed standard applies. *Id.* In that case, the defendant only needs to prove "any reasonable likelihood that the false testimony could have affected the judgment of the jury." *Id.* (quoting *Lindhorst v. United States*, 658 F.2d 598, 602 (8th Cir. 1981)). To apply this standard, the defendant must first demonstrate that the testimony was in fact perjured. *Id.*

The Government argues that Hari fails to show that Dr. Whitehurst's report is more than merely impeaching, material, or likely to produce an acquittal. (Doc. No. 582

at 13.) The Court agrees. The report questions the quality of the work of FBI forensic personnel on Hari's case and does not definitively show that they lied on the stand or that Hari is innocent. Specifically, Dr. Whitehurst concluded that one analyst did not have an appropriate scientific and educational background, the analysts presented evidence in a misleading way, and the analysts failed to follow FBI quality assurance protocols in their reports. (*See* Doc. No. 573-1 at 4, 7-11.) Although this report certainly would have been useful to Hari at trial, it reiterates points that her counsel made on cross-examination and only serves to critique the analysts' work in this case. In conclusion, the Court finds that this new evidence is merely impeaching and not likely to produce an acquittal. Accordingly, the Court denies Hari's § 2255 motion.

**B. Evidentiary Hearing**

A § 2255 motion can be dismissed without a hearing when: (1) the defendant's allegations, if accepted as true, would not entitle them to relief; or (2) the allegations cannot be accepted as true because they are contradicted by the record, are inherently incredible, or are conclusions, rather than statements of fact. *Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998). Applying that standard here, no evidentiary hearing is required in this case. Some of Hari's allegations are conclusions rather than statements of fact, and even when taking her factual allegations as true, she is not entitled to relief.

**C. Certificate of Appealability**

A defendant cannot appeal a final order denying a motion under § 2255 without a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1). A court cannot grant a COA unless the applicant has made "a substantial

showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing requires showing that an issue is "debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Here, no issue raised is debatable among reasonable jurists. Therefore, no COA shall issue.

## III. Hari's Remaining Motions

Hari also filed a motion for discovery and motion to appoint counsel. (Doc. Nos. 571, 575). As the Court has denied her § 2255 motion, it denies the remaining motions as moot.

## ORDER

Based on the foregoing and the record in this case, **IT IS HEREBY ORDERED** that:

1. The United States of America's motion to dismiss (Doc. No. [582]) is respectfully **DENIED**.

2. Petitioner-Defendant Emily Claire Hari's *pro se* motion to vacate under 28 U.S.C. § 2255 (Doc. No. [567]) is respectfully **DENIED**.

3. Petitioner-Defendant's motion for discovery (Doc. No. [571]) is **DENIED AS MOOT**.

4. Petitioner-Defendant's motion to appoint counsel (Doc. No. [575]) is **DENIED AS MOOT**.

5. No evidentiary hearing is required in this matter.

6. No Certificate of Appealability will be issued to Petitioner-Defendant.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: September 1, 2026

s/Donovan W. Frank
DONOVAN W. FRANK
United States District Judge